EXHIBIT 5

Firm Resume

## ABRAHAM, FRUCHTER & TWERSKY, LLP

Abraham, Fruchter & Twersky, LLP, which was formed in March 2004 through a combination of the firms of Abraham & Associates and Fruchter & Twersky LLP, is a boutique law firm specializing in securities and shareholder litigation and has been actively involved in the successful prosecution of such cases throughout the United States. The actions in which the predecessor firms of Abraham, Fruchter & Twersky, LLP have served as lead counsel or as a member of an executive committee of plaintiffs' counsel include:

- Levy v. Southbrook International Investments, Ltd., et al., 99 CV 1479 (JSM) (S.D.N.Y.), in which settlements totaling $20 million, the largest known cash recovery at the time for claims arising under Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)") since the statute was first enacted in 1934, were approved by Judge John S. Martin, Jr. In approving the settlement, Judge Martin, noted that "the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiff's counsel." Id. 2001 U.S. Dist. LEXIS 7097 at *20 (S.D.N.Y. May 31, 2001);

- Levy v. Office Depot, Inc., 01-8259-CIV (S.D. Fla.), was a Section 16(b) action settled for $9.4 million in cash following plaintiff's successful appeal to the United States District Court of Appeals for the Eleventh Circuit of the District Court's following the dismissal of the action on a summary judgment motion and the subsequent remand of the action to the District Court for trial;

- Lawrence v. Gould, et al., CV-S-99-969 JBR (RLH) (D. Nev.), was a class action brought pursuant to Section 12 of the Securities Act of 1933 and the Nevada Deceptive

- 1 -

Business Practices Act for the alleged operation of a pyramid scheme. The case settled two weeks into trial for proceeds, based upon the estimated liquidation value of defendants' assets, of approximately $30 million;

- In re CFSBDirect Tracking Stock Shareholder Litigation, C.A. No. 18307 (Del. Ch.), was a class action for breach of fiduciary duties which achieved a $36.4 million or 50% increase in the price offered by a controlling shareholder in a tender offer;

- In re Bank of New York Corporate Derivative Litigation, Index No. 99/604465 (Sup Ct. N.Y. County), was a shareholder derivative action brought on behalf of the Bank of New York with respect to damage allegedly caused to the company by the failure to implement proper procedures to safeguard against unlawful money laundering, which was settled for $26.5 million in cash and substantial remedial measures designed to strengthen the Bank of New York's internal controls and corporate governance procedures and prevent a future occurrence of similar wrongful activities;

- Rosenberg v. Delta Air Lines, Inc., C.A. No. 00-461-JJF (D. Del.), was an action brought against Delta Air Lines on behalf of Priceline.com for violating the insider trading provisions of Section 16(b) and was settled for changes in contractual terms governing various business relationships valued at more than $38 million;

- In re Ugly Duckling Corp. Shareholders' Derivative and Class Litigation, C.A. No. 18746 (Del. Ch.), was a consolidated shareholder derivative and class action which settled for a $9 million increase in the price of a proposed tender offer made by a controlling shareholder;

- In re: Dreyfus Aggressive Growth Mutual Fund Litigation, 98 CV 4318 (HB)

(S.D.N.Y.), was a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses, which settled for $18.5 million in cash;

•   Deegan, derivatively on behalf of Anadigics, Inc. v. Rosenzweig, et al., Civil Action No. 98-CV-3640 (MLC) (D.N.J.), was a shareholder derivative action which was settled for $2,000,000 in cash and corporate therapeutics designed to prevent a recurrence of the alleged wrongdoing;

•   Levy, derivatively on behalf of Marketing Services Group, Inc. v. GeneralElectric Capital Corp., 99 Civ. 10560 (AKH) (S.D.N.Y.), was an action arising under Section 16(b) which was settled for $1,250,000, or more than 45% of recoverable damages;

•   Rosenberg, derivatively on behalf of Art Technology Group, Inc. v. Tudor Investment Corp., et al., C. A. No. 00-925 (JJF) (D. Del.), was a shareholder derivative action arising under Section 16(b) which was settled for $1,450,000 in cash;

•   Levy v. Clearwater Fund IV, Ltd, 2000 U.S. Dist LEXIS 1305 (D. Del. Feb. 2, 2000), was a shareholder derivative action arising under Section 16(b) which was settled for $700,000 in cash, representing approximately two-thirds of total potential recoverable damages, plus a release of certain potential breach of warranty and negligent misrepresentation claims which the defendant had threatened to bring against the issuer on whose behalf the action had been brought.

•   In re Peregrine Systems, Inc. Securities Litigation, No. 02-CV-0870-BEN (RBB) (S.D. Cal) is an ongoing action for violations of the federal securities laws. Abraham Fruchter was appointed as co-lead counsel for a class alleging violations of Section 11 of the Securities

Act of 1933. In November 2006, the court approved a partial settlement of the action, in which a recovery of approximately $58 million was obtained.

Many of the actions the firm litigates involve issues of first impression. On December 19, 2002, the United States Court of Appeals for the Third Circuit resolved certain issues of first impression relating to the scope and interpretation of Rule 16b-3 and Rule 16b-7 of the Securities Exchange Act of 1934 [17 C.F.R. §§240.16b-3 and 240.16b-7] promulgated by the Securities and Exchange Commission ("SEC") consistent with the position advocated by Abraham & Associates. See Levy v. Sterling Holding Company, et al., 314 F.3d 106 (3rd Cir. 2002). The decision is especially noteworthy because on April 30, 2003, the Third Circuit denied defendants' petition for rehearing *en banc* by a 7-3 vote despite the fact that the SEC joined defendants as an *amicus* in their petition for rehearing.

In another action arising under Section 16(b), on August 7, 2000, the United States Court of Appeals for the Second Circuit, held that for purposes of Section 16(b), a person can be the beneficial owner of an issuer's stock owned by another publicly traded corporation. This decision in Feder v. Frost, 220 F.3d 29 (2d Cir. 2000), effectively overruled more than ten years of controlling case law previously articulated by the Second Circuit in Mayer v. Chesapeake Insurance Co., 877 F.2d 1154 (2d Cir. 1989).

Similarly, on November 15, 1999, the New York State's Second Appellate Department, in an issue of first impression, held that New York Real Property Law §274a prohibits mortgagors from charging mortgagees (i.e., consumers) a fax fee in connection with providing mortgage related documents and that mortgagees have an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999,

edition of <u>The New York Law Journal</u> and is reported as <u>Negrin v. Norwest Mortgage, Inc.</u>, 163
A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

*     *     *

Jeffrey S. Abraham is a 1987 graduate of the Columbia University School of Law and is
admitted to practice in the Courts of the State of New York as well as the United States District
Courts for the Southern District of New York, the Eastern District of New York and the District
of Colorado; and the United States Court of Appeals for the Second, Third, Fourth, Seventh,
Ninth, Tenth and Eleventh Circuits.

Jack G. Fruchter is a 1992 *cum laude* graduate of the Benjamin N. Cardozo School of
Law and was admitted to bar of New York State in 1993, New York and is admitted to practice
in the U.S. District Courts, Southern and Eastern District of New York and the Court of Appeals
for the Third Circuit. Prior to establishing his own practice, Mr. Fruchter was employed in the
enforcement division of the U.S. Securities and Exchange Commission and as an associate at a
large New York City law firm.

Mitchell M.Z. Twersky is a 1991 graduate of the Georgetown University School of Law.
Mr. Twersky was admitted to the bar of New York State in 1992 and is also admitted to practice
before the U.S. District Courts, Southern and Eastern District of New York and the Courts of
Appeals for the Second, Third and Seventh Circuits; Supreme Court of the United States of
America. Prior to establishing his own practice, Mr, Twersky was associated with a medium
sized New York City law firm specializing in commercial litigation.

Lawrence D. Levit is a 1985 graduate of Brooklyn Law School where he was the Second
Circuit Editor for the Law Review. Prior to joining Abraham & Associates, Mr. Levit was a

- 5 -

partner at Wolf Popper LLP, a mid-size law firm specializing in securities and class action litigation. Mr. Levit is a member of the New York and New Jersey bars and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado; and the United States Court of Appeals for the Second and Fourth Circuits.

Jorge Salva received his J.D. in 2001 from the University of Pennsylvania School of Law and his B.A. in economics from Columbia University. Prior to attending law school Mr. Salva was a financial reporting analyst for the Federal Reserve Board. Mr. Salva is admitted to practice in the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

Ximena Skovron is a 2003 graduate of the University of Miami School of Law where she served as Editor in Chief of the International and Comparative Law Review. Ms. Skorvon is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.