Joseph J. Tabacco, Jr. (SBN 75484)
E-mail: jtabacco@bermanesq.com
Nicole Lavallee (SBN 165755)
E-mail: nlavallee@bermanesq.com
BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:	415-433-3200
Facsimile:	415-433-6382

*Local Counsel*

Richard Bemporad (*pro hac vice* application pending)
E-mail: rbemporad@lowey.com
David C. Harrison (*pro hac vice* application pending)
E-mail: dharrison@lowey.com
Jeanne D'Esposito (*pro hac vice* application pending)
E-mail: jdesposito@lowey.com
LOWEY DANNENBERG BEMPORAD SELINGER & COHEN, P.C.
One North Broadway
White Plains, New York 10601-2310
Telephone:	914-997-0500
Facsimile:	914-997-0035

*Attorneys for Movant Southern*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONE, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>S. TREZEVANT MOORE JR., CHRISTOPHER J. ZYDA, ELEANOR CORNFIELD MELTON, RONALD VIERA, DIMITRIOS PAPATHEOHARIS, AND LUMINENT MORTGAGE CAPITAL, INC.,<br><br>Defendants. | 3:07-cv-04073-PJH<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY SOUTHERN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**<br><br>Date:  November 28, 2007<br>Time:  9:00 a.m.<br>Place: Courtroom 3, 17th Floor |

[caption continued on next page]

[3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
2031 / BRF / 00084144.WPD v1

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, Individually and On Behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>        vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE JR., and CHRISTOPHER J. ZYDA,<br><br>                   Defendants. | 3:07-cv-04096-PJH |
| HOWARD J. KAPLOWITZ IRA, Individually and On Behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>        vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., S. TREZEVANT MOORE JR., and CHRISTOPHER J. ZYDA,<br><br>                   Defendants. | 3:07-cv-04140-PJH |
| ELLIOT GREENBERG, Individually and On Behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>        vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE JR., and CHRISTOPHER J. ZYDA,<br><br>                   Defendants. | 3:07-cv-04141-PJH |

| | |
|---|---|
| PEM RESOURCES LP, Individually and On Behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>    vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE JR., and CHRISTOPHER J. ZYDA,<br><br>                   Defendants. | 3:07-cv-04184-PJH |
| ALLEN M. METZGER, Individually and On Behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>    vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE JR., and CHRISTOPHER J. ZYDA,<br><br>                   Defendants. | 3:07-cv-04686-PJH |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. ii

NOTICE OF MOTION ...................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................. 1

PRELIMINARY STATEMENT .............................................................. 1

STATEMENT OF FACTS
      A.    The Claims .................................................................... 2
      B.    The Pending Class Actions ............................................... 3

ARGUMENT
      A.    Consolidation of the Class Actions Is Appropriate ...................... 5
      B.    Southern Should Be Appointed Lead Plaintiff ........................... 6
            1.    The Procedure Required Under the PSLRA
                 for Appointment of Lead Plaintiff .............................. 6
            2.    Southern Has Timely Moved
                 for Appointment as Lead Plaintiff ............................. 8
            3.    Southern Has the Largest Financial
                 Interest in the Relief Sought by the Class ..................... 8
            4.    Southern Otherwise Satisfies
                 the Requirements of Rule 23 ................................... 9
      C.    Southern's Selection of LDBSC As
           Lead Counsel Should Be Approved ..................................... 12

CONCLUSION ............................................................................. 13

# TABLE OF AUTHORITIES
## CASES

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................. 2, 9

*Garber v. Juniper Networks, Inc.*,
    No. 06-04327, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) .................. 5, 12

*Gerin, et al. v. Aegon USA, Inc.*,
    No. 06-5407, 2007 WL 108451 (N.D. Cal. Jan. 10, 2007) ...................... 9, 11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................. 10

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .................................................. 11

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................ 2, 6, 7, 10, 12

*In re Cendant Corp. Sec. Litig.*,
    264 F.3d 206 (3d Cir. 2001) .................................................. 7, 8, 9

*In re Critical Path, Inc. Sec. Litig.*,
    156 F. Supp. 2d 1102 (N.D. Cal. 2001) ........................................ 9

*In re Emulex Corp. Sec. Litig.*,
    210 F.R.D. 717 (C.D. Cal. 2002) .................................................. 11

*In re Impac Mortgage Holdings, Inc. Sec. Litig.*,
    No. 8:06-00031, 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 2, 2006) ......... 8, 11

*In re Oracle Securities Litigation*,
    852 F. Supp. 1437 (N.D. Cal. 1994) .................................................. 12

*In re Scientific-Atlanta, Inc. Sec. Litig.*,
    Case No. 01-1950, 2007 WL 2683729 (N.D. Ga. Sept. 7, 2007) ................ 5, 11

*In re Surebeam Corp. Sec. Litig.*,
    No. 03-01721, 2003 WL 5159061 (S.D. Cal. Jan. 5, 2004) ........................ 9

*In re Waste Management, Inc. Securities Litigation*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................................. 2

*In re Wireless Facilities, Inc. Sec. Litig. II*,
    No. 07-482, 2007 WL 2300861 (S.D. Cal. Aug. 8, 2007) ........................ 9, 10

*Siegall v. TIBCO Software, Inc.*,
    2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) .................................. 9

*Takeda v. Turbodyne Technologies*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................. 6, 10

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Group. Inc.*,
    No. 06-2674, 2007 WL 2692217 (D. Ariz. Sept. 11, 2007) ........................ 10

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ........................................................ 5

**STATUTES**

Fed. R. Civ. P. 23(a)(4) ............................................................................. 11

Securities Exchange Act of 1934 (as amended by the
    Private Securities Litigation Reform Act of 1995),
    15 U.S.C. § 78u-4(a)(3) *et seq.* ............................................... *passim*

Securities Exchange Act of 1934,
    Section 10(b), 15 U.S.C. § 78j(b) .............................................................. 4

Securities Exchange Act of 1934,
    Section 20(a), 15 U.S.C. § 78t(a) .............................................................. 4

**MISCELLANEOUS**

MANUAL FOR COMPLEX LITIGATION (THIRD), § 20.123, at 13-14 (1995) ................... 6

## NOTICE OF MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 28, 2007, at 9:00 a.m. or as soon thereafter as the matter may be heard, The Southern Improvement Company, Allen Dayton, and VSA, Inc. (collectively "Southern") will move before the Honorable Phyllis J. Hamilton, United States District Judge for the Northern District of California, United States Courthouse, Courtroom 3, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 and Local Rule 23-1(b), for an order (a) appointing Southern as Lead Plaintiff; (b) approving Southern's selection of Lowey Dannenberg Bemporad Selinger & Cohen, P.C. ("LDBSC") as Lead Counsel; and (c) consolidating the related actions.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declarations of David C. Harrison and Allen Dayton, the certifications of clients and counsel, and the pleadings heretofore filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The Southern Improvement Company ("Southern Improvement"), VSA, Inc. ("VSA"), and Allen Dayton ("Dayton") (collectively "Southern" or "Movant") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Local Rule 23-1(b), for an order (1) appointing Southern as Lead Plaintiff of this securities class action involving Luminent Capital Mortgage, Inc. ("Luminent" or the "Company"); (2) approving Southern's selection of Lowey Dannenberg Bemporad Selinger & Cohen, P.C. ("LDBSC") as Lead Counsel for the Class; and (3) consolidating the related actions.

Southern Improvement and VSA are private companies owned and controlled by Dayton. During the proposed class period of October 10, 2006 through August 6, 2007 (the "Class

---

[3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
2031 / BRF / 00084144.WPD v1                1

1  Period"), Dayton directed the securities investments by those business entities, as well as the
2  investment in his own account, in Luminent common stock and options. Dayton thus exercises
3  complete authority over, and is the sole decision maker with respect to investments of, Southern.[1]
4  *See* Declaration of Allen Dayton ("Dayton Decl."), ¶¶ 1-4.

5  Southern purchased 160,778 shares of Luminent common stock during the proposed
6  Class Period, at prices ranging from about $8 to $10 per share, and suffered losses on those
7  shares of $1,271,011. Movant also sustained net losses of $199,555 from the sale of put option
8  contracts, for a total loss of $1,470,566. *See* Southern's Certifications and Loss Analyses,
9  annexed as Exhibit 1 to the Declaration of David C. Harrison ("Harrison Decl."); Dayton Decl.,
10 ¶¶ 6-7.

11 Movant believes it has the largest financial interest at stake in these actions, and
12 otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
13 Southern, therefore, is presumptively entitled to serve as the Lead Plaintiff that will prosecute the
14 litigation on behalf of investors in Luminent stock and options. *See In re Cavanaugh*, 306 F.3d
15 726, 732 (9th Cir. 2002). As demonstrated herein, Southern is eminently qualified for that role.
16 Accordingly, Southern should be appointed Lead Plaintiff under the PSLRA.

**STATEMENT OF FACTS**

**A.     The Claims**

Luminent is a real estate investment trust incorporated in Maryland and headquartered in San Francisco, California. As an asset management company, Luminent purportedly invests in prime whole loans, U.S. agency and other highly-rated, single-family, adjustable-rate, hybrid adjustable-rate and fixed-rate mortgage-backed securities, which it acquires in the secondary market. The Company profits primarily from the spread between funds borrowed and the yield

---

[1] Although comprised of separate entities, Southern is considered as one person for purposes of the PSLRA Lead Plaintiff provisions because they are operated under the common control and direction of Dayton with respect to security investments. *See, e.g., Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1157 n.11 (N.D. Cal. 1999); *In re Waste Management, Inc. Securities Litigation*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000).

on purchased securities. Throughout the proposed Class Period, Luminent made numerous statements claiming that the high quality of its mortgages, the thoroughness of its due diligence practices and the sophistication of its hedging program had sheltered the Company from the difficulties being experienced by other companies in the mortgage lending industry.

However, after the close of the market on August 6, 2007, and just one week after confirming the payment of a second quarter dividend, Luminent issued a press release announcing that it was suspending the dividend because the Company was experiencing increased margin calls on its highest quality assets and a decrease in financing by its lenders. Luminent subsequently announced that it had received default notices from two credit lenders.

Following these adverse disclosures, the market price of Luminent stock, which traded at the $8-to-$10-per-share level during most of the proposed Class Period, sharply declined by more than 75%, from a close of $4.38 per share on August 6, 2007 to $1.08 per share on August 7, 2007. Luminent's share price continued to decline the next day, closing at $0.95 per share on August 8, 2007.

On September 26, 2007, in its SEC Form 10-Q for the quarter ending June 30, 2007, the Company provided further details regarding its liquidity crisis, explaining that (1) it was unable to roll over approximately $168.0 million of commercial paper financing; (2) it had received default notices for eight different credit lines totaling $1.6 billion; and (3) an event of default had occurred on Luminent's convertible senior notes of $90 million and the Company's commercial paper of $580 million. The Company also acknowledged, *inter alia*, "significant losses from the sale of assets at distressed prices to meet margin calls [and] seizure of certain assets by creditors," that had resulted in "significant doubt about the Company's ability to continue as a going concern for a reasonable period of time."

**B.    The Pending Class Actions**

Presently pending before this Court are six securities class action lawsuits: (1) *Joseph Leone v. Moore, et al.*, Case No. 07-04073; (2) *Rosenbaum Capital LLC v. Luminent Mortgage*

[3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
2031 / BRF / 00084144.WPD v1         3

*Capital, Inc. et al.*, Case No. 07-04096; (3) *Howard J. Kaplowitz IRA v. Luminent Mortgage Capital, Inc. et al.*, Case No. 07-04140; (4) *Elliot Greenberg v. Luminent Mortgage Capital, Inc. et al.*, Case No. 07-04141; (5) *PEM Resources LLP v. Luminent Mortgage Capital, Inc. et al.*, Case No. 07-04184; and (6) *Metzger v. Luminent Mortgage Capital, Inc. et al.*, Case No. 07-04686.[2]

The complaints charge Luminent and certain senior officers with, *inter alia*, making false and misleading statements regarding (1) the quality of the Company's investments, (2) the ability of the Company's hedging program to manage interest rate and credit risks in its portfolio, (3) the ability of the Company to maintain its regular dividend payment to shareholders going forward, and (4) the adequacy of the Company's internal and financial controls. In addition, the complaints allege that the Company's statements touting its strong financial position and future business prospects were materially misleading and lacked a reasonable basis.

The complaints name as defendants the Company and certain Luminent senior officers, including Gail P. Seneca (CEO), Sewell Trezevant Moore, Jr. (COO), Christopher J. Zyda (CFO), Eleanor Cornfeld Melton (Chief Credit Officer), Ronald Viera (Chief Risk Officer), and Dimitrios Papatheoharis (Chief Investment Officer). The complaints assert violations of Sections 10(b) (the antifraud provision) and 20(a) (the controlling person provision) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The putative class is comprised of purchasers of Luminent securities from October 10, 2006, the date Luminent announced a public offering of five million shares of common stock, through and including August 6, 2007, the date the Company announced it was suspending the

---

[2] By Order dated September 17, 2007, the Hon. Phyllis J. Hamilton found that the six filed cases were related and should be assigned to her.

payment of its second quarter dividend.[3] To date, Southern has adopted this Class Period with respect to a class comprised of Luminent securities purchasers and sellers of put option contracts.[4] *See*, *e.g.*, Certification of Southern Improvement, ¶ 3; Ex. 1 to the Harrison Decl.

As shown in the Certifications, during the Class Period, Southern purchased more than 160,000 shares of Luminent common stock on the open market and sold put option contracts. Total losses sustained by Southern are approximately $1.47 million calculated on both the LIFO and FIFO basis.

For all the reasons set forth below, Southern has satisfied the PSLRA's requirements, and should be appointed to serve as Lead Plaintiff and its selected counsel approved as Lead Counsel.

## ARGUMENT

### A. Consolidation of the Class Actions Is Appropriate

Where, as here, more than one action on behalf of a class asserting substantially the same claims has been filed, the PSLRA requires the Court to address consolidation before it appoints a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). *See*, *e.g.*, *Garber v. Juniper Networks, Inc.*, No. 06-04327, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) (consolidating related actions which named the same "core defendants," alleged the same factual events, and asserted claims under the Exchange Act); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999). Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate where, as here, the

---

[3] While two of the complaints allege shorter class periods, four of the six complaints use the longer proposed class period starting on October 10, 2006.

[4] A put option is a financial contract in which the buyer pays the seller an agreed-to sum (the premium) in exchange for the right to sell a specified quantity of stock for a certain price (the strike price) to the option seller during the life of the option. If the buyer exercises the option, the seller is under a contractual obligation to purchase the underlying stock at the strike price. "Thus, a put option seller generally predicts that the value of the underlying stock will remain above the strike price (or increase) during the life of the option. If correct, the seller profits the full premium because the buyer never exercises the option." *In re Scientific-Atlanta, Inc. Sec. Litig.*, Case No. 01–1950, 2007 WL 2683729, at *8 (N.D. Ga. Sept. 7, 2007).

1  actions involve common questions of law and fact.[5] MANUAL FOR COMPLEX LITIGATION
2  (THIRD), § 20.123, at 13-14 (1995).
3        The six class actions pending before this Court assert similar factual and legal issues – all
4  allege federal securities violations resulting from the dissemination of false and misleading
5  statements.  Luminent and certain senior executives are defendants in all of these cases, and the
6  claims against them are similar.  Although the six complaints assert different class periods,
7  "[n]either Rule 42 nor the PSLRA demands that the actions be identical before they may be
8  consolidated."  *Takeda v. Turbodyne Technologies*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999);
9  *Juniper Networks, supra*, (consolidating class actions with different class periods).  Because
10 these actions are based on the same facts, involve the same subject matter, and will require the
11 same discovery, consolidation is appropriate.

12 **B.**    **Southern Should Be Appointed Lead Plaintiff**

13     **1.**    **The Procedure Required Under the PSLRA**
          **for Appointment of Lead Plaintiff**
14

15       The PSLRA applies to this case.  The Ninth Circuit in *Cavanaugh* has interpreted the
16 provisions of the PSLRA as setting forth a three-step process by which the District Court is to
17 select a lead plaintiff.  First, the plaintiff who files the initial action must publish a notice to the
18 class, within 20 days of filing the action, informing class members of their right to file a motion
19 for appointment as lead plaintiff within 60 days of publication of the notice.  306 F.3d at 729
20 (citing 15 U.S.C. § 78u-4(a)(3)(A)).  Here, the initial notice was published on August 8, 2007.
21 *See* Ex.2 to the Harrison Decl.  Within 60 days after publication of the notice, any "person" or
22 "group of persons" who are members of the proposed class may apply to the court to be

---

[5] Rule 42(a) allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

[3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
2031 / BRF / 00084144.WPD v1       6

appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. The application of Southern has been timely filed within this 60-day period.

Second, the district court must consider the losses allegedly suffered by the various movants and select as the presumptive Lead Plaintiff the one "who has the largest financial interest . . . [and] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Cavanaugh*, 306 F.3d at 730 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).[6]

The *Cavanaugh* court cautioned that a "straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." 306 F.3d at 732. In making this inquiry, the Court should rely on the movant's complaint, certification and other submissions. *Id.* at 730 (citing *In re Cendant Corp. Sec. Litig.*, 264 F.3d 206, 264 (3d Cir. 2001)).

Third, "[o]nce that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Id.* at 732. As shown below, under these standards, Southern should be appointed as Lead Plaintiff.

---

[6] The PSLRA sets forth the following standard:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2. Southern Has Timely Moved for Appointment as Lead Plaintiff

The 60-day period under the PSLRA in which motions for the appointment of Lead Plaintiff must be filed expires on October 9, 2007.[7] Here, Southern has timely moved within the statutory 60-day period. As required by the PSLRA and Local Rules, Southern has also provided certifications setting forth its transactions in Luminent securities (*i.e.*, common stock and options) during the Class Period. *See* Certifications, Ex. 1 to the Harrison Decl. The certifications indicate that Southern has reviewed a complaint filed in the actions (the *Metzger* complaint), understands the responsibilities of serving as Lead Plaintiff, and is willing to serve in the best interests of the class. *Id.* In addition, Southern has retained competent and experienced counsel. *See* LDBSC Firm Resume, Harrison Decl., Ex. 3; Dayton Decl. ¶ 9. Movant's choice of counsel, LDBSC, has a history, as amply demonstrated in its Firm Resume, of achieving superior results for class members in similar securities fraud class actions.

### 3. Southern Has the Largest Financial Interest in the Relief Sought by the Class

Southern is presumptively the most adequate plaintiff for the reasons set forth below and because, to counsel's knowledge, it has the largest financial interest in the relief sought by the Class of any class member that has moved to be designated Lead Plaintiff. While the Ninth Circuit has not established a mandatory formula to use in determining which plaintiff has the "largest financial interest," many district courts have adopted the approach articulated by the Third Circuit in *Cendant*, which set forth three factors bearing on that determination: (1) the number of shares purchased, (2) the total net funds expended by the plaintiffs during the class period, and (3) the approximate losses suffered by the plaintiffs. *See In re Impac Mortgage Holdings, Inc. Sec. Litig.*, No. 8:06-00031, 2006 U.S. Dist. LEXIS 40607, at *10 (C.D. Cal. May

---

[7] Because the end of the 60 day period falls on Columbus Day (October 8) a court holiday, the filing deadline for the Lead Plaintiff motions is extended to the next day, October 9, 2007.

[3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
2031 / BRF / 00084144.WPD v1                    8

2, 2006) (citing *Cendant*, 264 F.3d at 262); *In re Surebeam Corp. Sec. Litig.*, No. 03-01721, 2003 WL 5159061 (S.D. Cal. Jan. 5, 2004); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001) ("largest financial interest" equates with amount of potential recovery, number of shares purchased, and estimated losses); *Siegall v. TIBCO Software, Inc.*, No. C 05-2146, 2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) (same).

As reflected in its Certifications and Loss Analyses, Southern purchased 160,778 shares of Luminent common stock and expended $1,412,711 in net funds during the proposed Class Period.[8] Moreover, Southern sustained total losses of approximately $1.47 million on both a FIFO and LIFO basis relating to its stock and options transactions. Southern thus has a significant financial interest in the outcome of this litigation.

As of this filing, there does not appear to have been any motion for appointment as lead plaintiff by a party who claims to have sustained greater financial losses in connection with the purchase and sale of Luminent securities during the Class Period. Because Southern's financial interest is apparently the largest of any competing lead plaintiff movant, it should be designated the presumptive Lead Plaintiff. *See Cavanaugh*, 306 F.3d at 729-30; *In re Wireless Facilities, Inc. Sec. Litig. II*, No. 07-482, 2007 WL 2300861 (S.D. Cal. Aug. 8, 2007); *Gerin, et al. v. Aegon USA, Inc.*, No. 06-5407, 2007 WL 108451, at *2 (N.D. Cal. Jan. 10, 2007); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d at 1152.

Accordingly, by statute, Southern is presumptively the movant entitled to appointment as Lead Plaintiff pursuant to PSLRA § 21D(a)(3)(B)(iii).

### 4. Southern Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class

---

[8] Southern also received $33,185.40 in premiums in connection with the sale of 340 put options and 326 call options on Luminent shares.

1  representative if the following four requirements are satisfied: (1) the class is so numerous that
2  joinder of all members is impracticable; (2) there are questions of law or fact common to the
3  class; (3) the claims or defenses of the representative parties are typical of the claims or defenses
4  of the class; and (4) the representative parties will fairly and adequately protect the interest of the
5  class.  Of these prerequisites to class certification, only typicality and adequacy are relevant in
6  appointing the Lead Plaintiff.  *Cavanaugh*, 306 F.3d at 729-30; *In re Wireless Facilities*, 2007
7  WL 2300861, at *1; *see also Teamsters Local 617 Pension and Welfare Funds v. Apollo Group.*
8  *Inc.*, No. 06-2674, 2007 WL 2692217, at *4 (D. Ariz. Sept. 11, 2007) ("The court will limit its
9  analysis under Rule 23 because '[a] wide ranging analysis is not appropriate to determine
10 whether [the proposed lead plaintiff] has made a prima facie showing that [it] satisfies the
11 requirements of Rule 23'") (quoting *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal.
12 2005)).  Consequently, courts deciding a lead plaintiff motion limit their inquiry to the typicality
13 and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a
14 class certification motion is filed.  *Cavanaugh*, 306 F.3d at 732; *Turbodyne Technologies*, 67
15 F. Supp. 2d at 1136.
16      Under Rule 23 (a)(3), the claims of the representative parties must be typical of the class.
17 Typicality exists where, as here, the plaintiffs' claims arise from the same series of events and are
18 based on the same legal theories as the claims of the other class members.  *See*, *e.g.*, *Hanlon v.*
19 *Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  The requirement that the proposed class
20 representative's claims be typical of the claims of the class does not mean, however, that the
21 claims must be identical.  Typicality does not require that there be no factual differences between
22 the class representatives and the class members, because it is the generalized nature of the claims
23 asserted which determines whether the class representatives are typical.
24      Southern satisfies the typicality requirements of Rule 23 because, just like all other class
25 members it: (1) purchased Luminent stock and sold put option contracts at prices artificially
26
27
28 [3:07-CV-04073-PJH] NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
   FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
   2031 / BRF / 00084144.WPD v1            10

inflated by the false and misleading statements issued by defendants[9]; (2) has claims that arise out of the same course of events; and (3) suffered damages when Luminent's true condition became known to the marketplace, causing the prices of Luminent stock and put options to decline.  *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)*; Impac Mortgage Holdings, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 40607, at *17.  Thus Southern meets the typicality requirement, as questions of liability are common to all proposed class members.

Under Rule 23, the representative party must also "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation.  *See, e.g., In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002); *Gerin v. Aegon USA, Inc.*, 2007 WL 108451, at *4.

Southern is an adequate class representative because its interest in aggressively and vigorously pursuing the claims against defendants is aligned with the interests of the members of the class, who similarly suffered losses because of defendants' misrepresentations.  Further, there is no antagonism between Southern's interests and those of the other members of the class.  Indeed, Southern's interests are precisely aligned with members of the class because they both purchased Luminent stock and/or sold put options contracts and were damaged by the defendants' conduct.  Southern has also demonstrated its intention to take an active role in the

---

[9] As with the purchase of common stock, the sale of a put option is an investment seeking to capitalize upon an increase in the price of the Company's common stock. *See In re Scientific-Atlanta*, 2007 WL 2683729, at *8 ("<u>A put options seller, like the purchaser of stock, generally profits only when a stock maintains or increases its value</u>.  That is so because the option buyer has no reason to exercise the option unless the stock price declines.  If the stock price maintains or increases, and the option expires without the buyer electing to exercise, then the seller profits the premium paid for the option. [. . .] <u>The put option seller also suffers a harm similar to that suffered by a stock investor when the revelation of the truth concerning the prior fraudulent conduct causes an artificially inflated stock price to fall</u>.  In such a case, the put option seller is forced to bear the brunt of the injury cause by the fraud").  (Emphasis added.)

1  litigation by working closely with its counsel to achieve the best possible result for the class. *See*
2  Dayton Decl. ¶¶ 9-11.
3        Finally, as shown below, Southern's proposed lead counsel is highly qualified,
4  experienced and able to conduct this complex litigation in a professional manner.  Thus,
5  Southern is the most adequate lead plaintiff in this case.

**C.  Southern's Selection of LDBSC
As Lead Counsel Should Be Approved**

8        The PSLRA grants the Lead Plaintiff the right to choose and retain counsel, subject to
9  Court approval.  § 21D(a)(3)(B)(v).  *See Cavanaugh*, 306 F.2d at 734 ("the Reform Act clearly
10 leaves the choice of class counsel in the hands of the lead plaintiff").  Here, Southern has selected
11 LDBSC to act as Lead Counsel for the Class, based on LDBSC's experience and excellent track
12 record in representing VSA as a class member in another class action. *See* Dayton Decl. ¶ 9.[10]
13 LDBSC is among the preeminent plaintiffs' class action law firms, having taken leading roles in
14 numerous important actions on behalf of defrauded investors. *See* Firm Resume, Ex. 3 to
15 Harrison Decl.  LDBSC has been recognized recently as appropriate lead counsel in cases
16 brought since the passage of the PSLRA, including its recent appointment as Lead Counsel in
17 another securities class action lawsuit pending in this District, *Garber v. Juniper Networks, Inc.*,
18 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006).  Harrison Decl. ¶ 4.  LDBSC has also previously
19 served as lead counsel in other such cases in this Court. *E.g.*, *In re Oracle Securities Litigation*,
20 852 F. Supp. 1437, 1454 (N.D. Cal. 1994).
21 / / /
22 / / /
23 / / /

---

[10]  LDBSC's retainer letter is available for *in camera* inspection upon request by the Court.

**CONCLUSION**

For all the reasons stated above, Southern respectfully requests an order (1) appointing it as Lead Plaintiff for the Class; (2) appointing its choice of counsel, Lowey Dannenberg Bemporad Selinger & Cohen, P.C., as Lead Counsel for the Class; and (3) consolidating the related actions.

Date:   October 8, 2007

BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO

By:   /s/ Nicole Lavallee
      NICOLE LAVALLEE

425 California Street, Suite 2100
San Francisco, California  94104
Telephone: 415-433-3200

*Local Counsel*

RICHARD BEMPORAD
DAVID C. HARRISON
JEANNE D'ESPOSITO
LOWEY DANNENBERG BEMPORAD
   SELINGER & COHEN, P.C.
One North Broadway
White Plains, New York  10601-1714
Telephone:   914-997-0500

*Attorneys for Movant Southern*