Laurence M. Rosen (SBN # 219683)
**THE ROSEN LAW FIRM, P.A.**
350 5th Avenue, Suite 5508
Telephone:    (212) 686-1060
Facsimile:    (212) 202-3827
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONE and ALLEN M. METZGER, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et. al.<br>                              Defendants. | No. C-07-4073-PJH<br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; and (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>Hearing Information:<br>**Date: November 14, 2007**<br>**Time: 9:00 a.m.**<br>**Ctrm: 3, 17th Floor** |
| ELLIOT GREENBERG, on behalf of himself and all others similarly situated,<br>                              Plaintiff,<br><br>        vs.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et. al.<br>                              Defendants. | No. C-07-04141-PJH<br>CLASS ACTION |
| *[caption continues]* | |

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

0

| | | |
|---|---|---|
| PEM RESOURCES LP, individually and on behalf of all others similarly situated, | ) ) ) ) | No. C-07-04184-PJH <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LUMINENT MORTGAGE CAPITAL, INC., et. al. | ) ) ) | |
| Defendants. | ) ) | |
| ALLEN M. METZGER, individually and on behalf of all others similarly situated, | ) ) ) ) | No. C-07-4686-PJH <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LUMINENT MORTGAGE CAPITAL, INC., et. al. | ) ) ) | |
| Defendants. | ) | |

I.  **INTRODUCTION**

Plaintiff Harry Pogach ("Movant" or "Mr. Pogach") respectfully submits this memorandum of law in support of this motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a): (1) consolidating the related actions pursuant to Rule 42(a); (2) appointing Mr. Pogach as Lead Plaintiff for the class of all purchasers of common stock of Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") during the period from October 10, 2006 through August 6, 2007, inclusive (the "Class Period")[1]; and (3) approving Mr. Pogach's selection of The Rosen Law Firm P.A. as Lead Counsel.

---

[1] References to the "Complaint" and "Class Period" refers to the Action entitled *Greenberg v. Luminent Mortgage Capital, et al.*, C-07-4141-PJH. All the above

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

1

Defendant Luminent is a real estate investment trust (REIT) that invests in (a) mortgage loans purchased from selected high-quality providers within certain established criteria as well as subordinated mortgage-backed securities and other asset-backed securities that have credit ratings below AAA; and (b) U.S. agency and other highly-rated single-family, adjustable-rate and hybrid adjustable-rate mortgage-backed securities. Luminent is a Maryland Corporation and its stock is traded on the New York Stock Exchange under the ticker "LUM."

## II.  CLAIMS ASSERTED

The Complaint alleges that Luminent and certain of its officers and directors ("Defendants") violated the Securities Exchange Act of 1934 ("Exchange Act") as a result of Defendants' false and misleading statements and omissions, which artificially inflated the price of Luminent's stock during the Class Period, causing harm to Luminent's investors. Throughout the Class Period, Defendants issued materially false and misleading statements concerning, *inter alia*, the Company's credit performance, liquidity, and the security of its dividend. As late as July 30, 2007, the Company maintained in a press release that its "second quarter dividend of $0.32 per share…is secure and will not be cancelled." The same press release further claimed that Luminent "had ample liquidity to mange its business." Only days later, on August 6, 2007, the Company announced that it would suspend it dividend and halt trading of its securities. As a result of these adverse disclosures, the Complaint asserts that the price of the Company's securities fell, damaging members of the Class.

## III.  ARGUMENT

As discussed below, Mr. Pogach satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff in this Action. Additionally, Mr. Pogach seeks Court approval of his selection of Lead Counsel for the Class.

### A.  The Related Actions Should Be Consolidated

---

captioned-related complaints assert the same class period with the exception of the first filed action, that asserts a class period beginning July 24, 2007.

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

2

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir), *cert. denied*, 498 U.S. 920 (1990); *In re MicroStrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 431 (E.D. Va. 2000); *Manual for Complex Litigation* (Third) § 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions, have been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the dissemination false and misleading information to investors contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B.    The Movant Should Be Appointed Lead Plaintiff

Sections 21D(a)(3)(B) of the PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

3

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 2 (N.D. Cal. Apr. 16, 2007); (*citing* In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002)

As set forth below, the Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should each be appointed Lead Plaintiff.

### i. The Movant Is Willing to Serve as Class Representative

On August 8, 2007 a law firm issued a PSLRA early notice announcing that a class action had been filed against Luminent and certain of its officers and directors for alleged violations of the Exchange Act. The notice advised class members they had until 60 days from the date of the notice to move to be appointed lead plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith. Movant has timely filed his motion pursuant to the early notice and, as set forth in his certification filed concurrently herewith, attests that he has reviewed the Complaint, adopted the allegations therein, is willing to serve as a representative of the class. Accordingly, Movant satisfied the first requirement to serve as Lead Plaintiff for the class. *See* Rosen Decl. Ex. 2.

### ii. The Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also TVIA*, 2007 WL

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

4

1129344 * 3 (*citing Cavanaugh*, 306 F.3d at 730)). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also TVIA*, 2007 WL 1129344 *4 (approximate loss is most determinative).

Mr. Pogach purchased a total of 15,000 shares of Luminent stock during the Class Period for a costs basis of $140,522.00. Mr. Pogach sold 2,000 of those shares and holds the remaining shares. Thus, he has suffered approximate losses of $103,842.00.[4] *See* Rosen Decl., Ex. 3.

Movant is not aware of any other individual that has suffered greater losses in Luminent securities during the Class Period. Accordingly, the Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### iii. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[4] In determining losses for held shares, Movant uses the average closing price of the Company's stock from the end of the class period to October 5, 2007: $1.44 per share -- as the 90 days have not elapsed pursuant to the PSLRA look-back period. *See In re MicroStrategy,* 110 F. Supp.2d 427, 436 no. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

5

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 49 (*citing Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Mr. Pogach and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Luminent's financial condition and business prospects and by omitting material information concerning, *inter alia*, the Company's liquidity and the security of the its dividend. Movant, as did all of the members of the class, purchased Luminent shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as his desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### iv. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

6

      (a)    will not fairly and adequately protect the interest of the class; or

      (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed, above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the class.

**C.  The Movant's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. Attached as Exhibit 4 to the Rosen Decl. is the resume of the Rosen Law Firm PA.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

Memorandum of P & As in Support of Motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve of Lead Plaintiff's Selection of Counsel

7

## IV. CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (1) consolidating the related actions, (2) appointing Harry Pogach as Lead Plaintiff of the class, (3) approving The Rosen Law Firm P.A. as Lead Counsel, and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 9, 2007

          Respectfully submitted,

          THE ROSEN LAW FIRM, P.A.

          /s/ Laurence Rosen, Esq.
          Laurence Rosen, Esq. (SBN #219683)

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby certify that on October 9, 2007, a true and correct copy following MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; and (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL was served via CM/ECF which sent notification to such filing to counsel of record.

Additionally, pursuant to the Local Civil Rules of this Court, I concurrently caused the aforementioned document to be posted at the following Designated Internet Site: http://securities.stanford.edu.

THE ROSEN LAW FIRM, P.A.

_____/s/ Laurence M. Rosen_____
Laurence M. Rosen