William M. Audet
(Cal. State Bar No. 117456)
waudet@audetlaw.com
Michael McShane
(Cal. State Bar No. 127944)
mmcshane@audetlaw.com
Adel A. Nadji
(Cal. State Bar No. 232599)
anadji@audetlaw.com
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Tel: 415-568-2555
Fax: 415-568-2556

*Counsel for Movant the Sharenow Group*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**San Jose Division**

| | |
|---|---|
| JOSEPH LEONE, Individually and On Behalf of All Others Similarly Situated,<br><br>          v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>          Defendants.<br><br>[Additional captions follow] | No. C-07-04073-PJH<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE SHARENOW GROUP TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Date:     November 14, 2007<br>Time:     9:00 a.m.<br>Judge:    Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>    v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>        Defendants. | No. C-07-04096-PJH<br><br>**CLASS ACTION**<br><br>Date:     November 14, 2007<br>Time:     9:00 a.m.<br>Judge:    Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |
| HOWARD J. KAPLOWITZ IRA, Individually and On Behalf of All Others Similarly Situated,<br><br>    v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>        Defendants. | No. C-07-04140-PJH<br><br>**CLASS ACTION**<br><br>Date:     November 14, 2007<br>Time:     9:00 a.m.<br>Judge:    Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |
| ELLIOT GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>    v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>        Defendants. | No. C-07-04141-PJH<br><br>**CLASS ACTION**<br><br>Date:     November 14, 2007<br>Time:     9:00 a.m.<br>Judge:    Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

| | |
|---|---|
| PEM RESOURCES LP, Individually and On Behalf of All Others Similarly Situated,<br><br>v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>Defendants. | No. C-07-04184-PJH<br><br>**CLASS ACTION**<br><br>Date:        November 14, 2007<br>Time:       9:00 a.m.<br>Judge:      Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |
| ALLEN M. METZGER, Individually and On Behalf of All Others Similarly Situated,<br><br>v.<br><br>LUMINENT MORTGAGE CAPITAL, INC., et al.,<br><br>Defendants. | No. C-07-04686-PJH<br><br>**CLASS ACTION**<br><br>Date:        November 14, 2007<br>Time:       9:00 a.m.<br>Judge:      Honorable Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on November 14, 2007 at 9:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of The Honorable Phyllis J. Hamilton, located at Courtroom 3, 17th Floor, 450 Golden Gate Ave., San Francisco, California, 94102, Movants Joel Sharenow, Bradley Burns and Rajiv Kumar Prasad (the "Sharenow Group") will move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

1.      Consolidating all related actions;

1

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH
MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

2. Appointing the Sharenow Group as Lead Plaintiffs for a class ( the "Class") of investors in the publicly traded securities of Luminent Mortgage Capital, Inc., ("Luminent" or the "Company"); and

3. Approving the Sharenow Group's selection of Gardy & Notis, LLP and Faruqi & Faruqi, LLP as Lead Counsel for the Class and Audet & Partners, LLP as Liaison Counsel for the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

Presently pending before this Court are at six-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") shares between of October 10, 2006 and August 6, 2007, inclusive (the "Class Period")[1] and allege violations of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The Sharenow Group hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Sharenow Group as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve the the Sharenow Group's selection of Counsel.

The Sharenow Group respectfully submits that its members are the most adequate plaintiffs to represent the Class of investors in Luminent securities, as the group has suffered losses of approximately $540,000 as a result of defendants' wrongful conduct as alleged in the above-referenced actions.[2] The Sharenow Group also satisfies the requirements of Fed. R. Civ.

---

[1] Although the various complaints allege different Class Periods, for the purposes of thismotion, the relevant Class Period is the longest period alleged in the complaints.

[2] *See* the supporting Declaration of James S. Notis (the "Notis Decl."), Ex. A.

2

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

P. 23(a), as its claims are typical of the other members of the proposed Class, and it will fairly and adequately represent the Class. In addition, the Sharenow Group has selected law firms with substantial experience in prosecuting securities fraud class actions to serve as Lead and Liaison Counsel for the Class.

This Motion is based on the notice of motion, the memorandum of points and authorities in support thereof, the accompanying Declaration of James S. Notis, the pleadings and other files herein and such other written and oral arguments as may be presented to the Court.

## BACKGROUND OF THE ACTION

There are presently six cases (the "Related Actions"), *Leone v. Luminent Mortgage Capital, Inc., et al,* No. C-07-04073-PJH (commenced on August 8, 2007), *Rosenbaum Capital, LLC v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04096-PJH (commenced on August 9, 2007), *Ira v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04140-PJH (commenced on August 10, 2007), *Greenberg v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04141-PJH (commenced on August 13, 2007), *PEM Resources, LP v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04140-PJH (commenced on August 15, 2007), and *Metzger v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04686-PJH (commenced on September 11, 2007), alleging securities fraud claims against Luminent and certain of its officers and directors for overlapping class periods.[3] During the class periods asserted in the cases, the Sharenow Group suffered losses of approximately $540,000 as a result of defendants' fraud.

---

[3] The *Rosenbaum Capital LLC*, *Greenberg*, *PEM Resources LP*, and *Metzger* cases assert a class period of October 10, 2006 through August 6, 2007; the *Ira* case asserts a class period of May 10, 2007 through August 6, 2007; and the *Leone* case asserts a class period of July 24, 2007 through August 6, 2007.

3

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH
MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

Defendant Luminent is a real estate investment trust that invests primarily in the United States agency and other single-family, adjustable-rate and fixed-rate, mortgage-backed securities. Its common stock trades on the New York Stock Exchange under the ticker symbol "LUM." Throughout the Class Period, defendants represented to investors that the Company was fully liquid, that it was not exposed to the prevailing market liquidity squeeze, and that its dividend was safe, when in fact it was vulnerable to margin calls.

On August 6, 2007, defendants announced that the Company was cancelling the payment of its dividend after it had been hit by many margin calls as the secondary mortgage market seized up. Just two weeks earlier, defendants announced that the Company was in solid financial condition, that it was not exposed to the extremities of the market, and that its dividend was secure. Before the August 6, 2007 announcement, the Company's shares were trading at $5.70 per share. In response to the announcement, Luminent's share price dropped to $3.75 before trading was suspended. When trading resumed, Luminent's share price reopened at $0.50 on August 7, 2007, a drop of over 85%. The market had acknowledged, in a brutal fashion, that defendants' representations during the Class Period concerning the Company's liquidity and the security of its dividend were patently untrue.

The complaints allege that defendants were motivated to and did conceal the true operational and financial condition of Luminent, and materially misrepresented and failed to disclose the conditions that were adversely affecting Luminent throughout the Class Period, because the scheme enabled defendants to artificially inflate the price of Company shares by deceiving the investing public regarding Luminent's business, operations, management and the intrinsic value of Luminent common stock, thereby allowing them to maintain their lucrative executive positions and salaries. Thus, Luminent and certain of its officers and directors (collectively, "Defendants") violated the Exchange Act as a result of Defendants' false and

4

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

misleading statements and omissions, which artificially inflated the price of Luminent stock during the Class Period, causing harm to Luminent investors. By issuing materially false and misleading statements that artificially inflated Luminent's stock price, defendants violated the federal securities laws, particularly Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rules 10b-5 and 14a-9 promulgated thereunder by the Securities and Exchange Commission ("SEC"), and 17 C.F.R. §240.10b-5.

## I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

This Court has broad discretion to consolidate cases on its docket. *See* Fed R. Civ. P. 42(a) ("when actions involving common questions of law or fact are pending before the court, it... may order all the actions consolidated"); *see also Investors Research Co. v. United States Dist. Court for the Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."). Consolidation is proper when the cases involve common questions of law or fact. *See id.; Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006) ("[T]he Private Securities Litigation Reform Act ('PSLRA') directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims."). Upon establishing that common questions of law exist, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Securities class actions are particularly appropriate for consolidation. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1130 (C.D. Cal. 1999) (stating that securities class actions should be consolidated "in the interests of judicial economy and to relieve the parties and absent class members of the burdens associated with participating in duplicative litigation").

5

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

In light of the numerous questions of law or fact common to the Related Actions, and in the interests of promoting judicial efficiency and conservation of resources, consolidation of these related actions is appropriate under Fed. R. Civ. P. 42(a). *See* Siegall, 2006 WL 1050173, at *2 ("The purpose of consolidation is to avoid unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact.") (citation omitted).

## II. THE SHARENOW GROUP SHOULD BE APPOINTED LEAD PLAINTIFF BECAUSE IT IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

### A. The Legal Requirements Under The Exchange Act

The Exchange Act, as amended by the PSLRA, sets forth procedures for the appointment of lead plaintiffs to oversee class actions brought under the Exchange Act. Within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). The Court is then directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i), the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person, or group of persons, that:

(aa)   has either filed the complaint or made a motion in response to a notice...;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class

6

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

      (cc)    otherwise satisfies the requirements of *Rule 23 of the Federal Rules of Civil Procedure.*

*See also Carson v. Clarent Corp.,* No. C 01-03361 CRB, 2001 WL 1782712, at *1 (N.D. Cal. Dec. 14, 2001); *In re Surebeam Corp. Sec. Litig.,* No. 03 CV 1721 JM (POR), 2004 WL 5159061, at *2 (S.D. Cal. Dec. 31, 2004).

      The Ninth Circuit Court has explained that the PSLRA "provides a simple three-step process for identifying the lead plaintiff[.]" *See In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002)*.* "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* (citation omitted). In the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" – and hence the presumptive lead plaintiff – the one who 'has the largest financial interest in the relief sought by the class.'" *Id.* at 729-30 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."). Third, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citation omitted).

**B.     The Sharenow Group Has Complied with the Legal Requirement of the Exchange Act**

      Plaintiff in the *Leone* action caused notice to be published by a press release issued on August 8, 2007, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Luminent securities that they had until October 8, 2007 to file a motion to be appointed lead plaintiff. *See* Notis Decl., Ex. B. Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice, the Sharenow Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. In addition, and pursuant to the requirements of the PSLRA, each

7

**C-07-04073-PJH; C-07-04096-PJH; C-07-04140-PJH; C-07-04141-PJH; C-07-04184-PJH; C-07-04686-PJH**
**MOTION TO CONSOLIDATE/APPOINT LEAD PLAINTIFF/COUNSEL**

member of the Sharenow Group has signed a certification stating that he is familiar with the factual and legal issues alleged in the case and willing to serve as the representative plaintiff on behalf of the Class. *See* Notis Decl., Ex. A. Accordingly, the Sharenow Group has satisfied the individual requirement of 15 U.S.C. 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and seleaction of Lead Counsel as set forth herein, considered and approved by this Court.

**C.    The Sharenow Group is the Presumptive Lead Plaintiff Because It Has the "Largest Financial Interest in the Relief Sought by the Class" as Determined Under the PSLRA**

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Steiner v. Aurora Foods, Inc.,* No. C 00-602 CW, 2000 WL 33911305, at *2 (N.D. Cal. June 5, 2000).

The Sharenow Group suffered losses of approximately $540,000 as a result of their purchases of Luminent common stock during the Class Period. *See* Notis Decl., Ex. A. The Sharenow Group believe that their investment in Luminent securities and resulting losses are greater than those of all other qualified movants seeking appointment as lead plaintiff.

**III.   THE SHARENOW GROUP ALSO SATISFIES THE REQUIREMENTS OF RULE 23**

The PSLRA requires that the lead plaintiff must satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the claims of class representatives, Fed. R. Civ. P. 23(a) requires that (1) the class is so numerous that joinder of all members is

8

impracticable; (2) there are no questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class.  For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, "the prospective lead plaintiff need only make a *prima facie* showing that it meets the typicality and adequacy factors."  *Schriver v. Impac Mortg. Holdings, Inc.,* No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. Mar 2, 2006) (citation omitted); *see also Tanne v. Auotbytek, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

**A.  The Sharenow Group's Claims are Typical of the Claims of the Class**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large."  *Danis v. USN Communs., Inc.,* 189 F.R.D. 391, 395 (N.D. Ill. 1999) (citation omitted). "A claim is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory."  *Id.*  (citation omitted).  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the names representatives and the other class members."  *Id.* (citation omitted); *see also Schlagal v. Learning Tree Int'l,* No.: CV 98-6384 ABC (Ex), 1999 WL 672306, at *3 (C.D. Cal. Feb. 23, 1999) ("The party seeking class certification will satisfy Rule 23(a)(3)'s typicality requirement if the representatives' claims stem from the same event or course of conduct as other class members' claims and are based on the same legal theory as the absent members.").

Here, the Sharenow Group satisfies the typicality requirement of Fed. R. Civ. P. 23(a) because they (1) purchased or acquired Luminent stock on the open market during the proposed class period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by defendants; and (3) suffered damages as a result.  Indeed, the Sharenow

9

Group's claims are substantially similar, if not identical, to those of other Class members who invested in Luminent stock during the class period and sustained losses resulting from the alleged misrepresentations.

### B. The Sharenow Group Will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." As the Ninth Circuit has held:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absen[t] class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (*citing In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)); *accord Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citation omitted).

The Sharenow Group meets the adequacy requirement, as it will effectively manage this litigation and will vigorously represent the interest of all Class members. Specifically, (1) the group's interests are aligned with, and not adverse to those of the Class; (2) the group has obtained qualified and experienced counsel; and (3) the members of the group have submitted certifications stating their willingness to assume the responsibilities of a class representative.

### IV. THE COURT SHOULD APPROVE THE SHARENOW GROUP'S SELECTION OF LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v); *Osher v. Guess?*, No. CV 01-00871 LEB (RNBx), 2001 WL 861694, at *4 (C.D. Cal. April 26, 2001). The Court should only interfere

10

with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Sharenow Group has selected the law firms of Gardy & Notis, LLP and Faruqi & Faruqi, LLP to serve as Lead Counsel for the Class and Audet & Partners, LLP to serve as Liaison Counsel for the Class. These firms are highly experienced in the areas of class actions, and have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. *See* Notis Decl., Ex. C. Thus, the Court may be assured that by approving the Sharenow Group's choice of Lead Counsel and Liaison Counsel, the Class will receive the highest caliber of legal; representation.

## V. CONCLUSION

For all of the foregoing reasons and based on all pleadings and proceedings herein, Movant respectfully requests that the Court consolidate the above-captioned related actions, appoint the members of the Sharenow Group as lead plaintiffs and approve the group's selection of Gardy & Notis, LLP and Faruqi & Faruqi, LLP as Lead Counsel for the Class and Audet & Partners, LLP as Liaison Counsel for the Class, and grant Movant such other and further relief as the Court may deem appropriate.

| | |
|---|---|
| Dated: October 9, 2007 | **AUDET & PARTNERS, LLP** |

By:_____/s/_____
    William M. Audet
    (Cal. State Bar No. 117456)
    waudet@audetlaw.com
    Michael McShane
    (Cal. State Bar No. 127944).
    mmcshane@audetlaw.com
    Adel A. Nadji
    (Cal. State Bar No. 232599)
    anadji@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Tel: 415-568-2555
Fax: 415-568-2556

Mark C. Gardy
mgardy@gardylaw.com
**GARDY & NOTIS, LLP**
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ 07632
Tel: 201-567-7377
Fax: 201-567-7337

Nadeem Faruqi
nfaruqi@faruqilaw.com
Antonio Vozzolo
avozzolo@faruqilaw.com
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Tel: 212-983-9330
Fax: 212-983-9331

*Counsel for Movant the Sharenow Group*