COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@csgrr.com

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
triciam@csgrr.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>S. TREZEVANT MOORE, JR., et al.,<br><br>Defendants. | Case No. C-07-4073-PJH<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION TO APPOINT CHARLES BREGENZER AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF |

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 14, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the Honorable Phyllis J. Hamilton, Charles Bregenzer ("Bregenzer") will move this Court pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for appointment as lead plaintiff in this action and for approval of his selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.

This motion is made on the grounds that Bregenzer is the most adequate lead plaintiff for those who purchased Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") securities, having suffered approximate losses of $230,519 from the purchase of such securities between October 10, 2006 and August 6, 2007, inclusive (the "Class Period"). In addition, Bregenzer meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of class members' claims, and he will fairly and adequately represent the class. Finally, Bregenzer has selected and retained Coughlin Stoia as lead counsel, a law firm with substantial experience in prosecuting securities fraud class actions.

This motion is based on this notice of motion, the supporting memorandum of law, the Declaration of Tricia L. McCormick in Support of the Motion to Appoint Charles Bregenzer as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Lead Counsel ("McCormick Decl."), other files and records in each of the actions and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES

Whether Bregenzer should be appointed as lead plaintiff pursuant to §21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), and whether his selection of lead counsel should be approved.

**II. INTRODUCTION**

Bregenzer purchased Luminent securities during the Class Period and has submitted a sworn certification required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act. *See* McCormick Decl., Ex. A. As a result of defendants' violations of law, Bregenzer suffered approximately $230,519 in losses in connection with his purchases of Luminent securities. *See* McCormick Decl., Exs. A & B.

This matter is a class action that alleges violations of the federal securities laws. The Exchange Act establishes a three-step procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, §21D(a)(3)(A)(i) of the Exchange Act provides that within 20 days after the date on which a securities fraud class action is filed, the initial plaintiff shall publish a notice advising potential plaintiff class members of the pendency of the action, the claims alleged, the purported class period and that any member of the class may file a motion with the court to serve as lead plaintiff no later than 60 days from the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i); *see Cavanaugh*, 306 F.3d at 729-30. Notice in this action was timely published on August 8, 2007. *See* McCormick Decl., Ex. C.

Second, §21D(a)(3)(B)(i) of the Exchange Act directs this Court to consider any motions brought by class members seeking to be appointed as lead plaintiff as soon as practicable after the Court decides any pending motion to consolidate, but no later than 90 days after publication of the notice. 15 U.S.C. §78u-4(a)(3)(B)(i). Under this provision of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. The Exchange Act provides that the Court shall presume that the most adequate plaintiff is the person, or group of persons, that: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought"; and (3) satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 729-31.

Finally, as a third step, after the presumptive lead plaintiff has been identified, other class members have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.

Bregenzer meets the requirements of the Exchange Act for appointment as lead plaintiff of those who purchased Luminent securities during the Class Period. Bregenzer suffered approximate losses of $230,519 from the purchase of Luminent securities during the Class Period. *See* McCormick Decl., Exs. A & B. Bregenzer believes he has the largest financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 729-30, 732-33. Additionally, Bregenzer satisfies the requirements of Rule 23 and as such should be appointed as lead plaintiff. Bregenzer also seeks Court approval of his selection of Coughlin Stoia as lead counsel as provided by statute.

## III. PROCEDURAL BACKGROUND

The Exchange Act requires the publication of a notice advising class members of their right to move to be appointed lead plaintiff within 60 days of publication. On August 8, 2007, pursuant to §21D(a)(3)(A)(i) of the Exchange Act, a notice of pendency of the action was published on *PrimeNewsWire* setting forth the requisite notice required by the Exchange Act. *See* McCormick Decl., Ex. C. The notice advised class members of the existence of the lawsuit and described the claims asserted therein. Bregenzer's motion is timely filed within 60 days from the publication of that notice.

## IV. STATEMENT OF FACTS

The complaint alleges that defendants violated federal securities laws by, among other things, issuing a series of materially false and misleading press releases and Securities and Exchange Commission ("SEC") filings regarding Luminent's financial results and business prospects. Specifically, the complaint alleges that Luminent failed to disclose: (i) the Company was not sufficiently liquid; (ii) the Company's financial statements and reports were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and SEC rules; and (iii) that defendants lacked any reasonable basis to claim that the Company had ample liquidity and that the dividend payments were secure.

As a result, the price of the Company's common stock was artificially inflated throughout the Class Period. On August 6, 2007, defendants shocked the market when they announced that the Company was canceling the payment of its dividend. In response to the announcement, Luminent's

share price dropped to a low of $3.75 on August 6, 2007 before trading was halted. It then opened on August 7, 2007 at $0.50, representing a drop of over 85%.

## V. ARGUMENT

### A. Bregenzer's Motion Is Timely

The Exchange Act establishes a three-step procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. *See Cavanaugh*, 306 F.3d at 729-30. The Exchange Act first requires the publication of a notice advising class members of their right to move within 60 days of publication to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). On August 8, 2007, a notice of pendency of the action was published on *PrimeNewsWire*, setting forth the requisite notice required by the Exchange Act. *See* McCormick Decl., Ex. C. Class members who filed a complaint or moved pursuant to §21D(a)(3)(B) of the Exchange Act are eligible to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i). Bregenzer's motion is timely filed within 60 days from the publication of that notice.

### B. Bregenzer Should Be Appointed Lead Plaintiff

#### 1. Bregenzer Believes He Has the Largest Financial Stake in the Relief Sought by the Class

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that this Court

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i).

The statute also requires this Court to adopt a rebuttable presumption that the "most adequate plaintiff" in any private action arising under this title is the "person or group of persons" that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

During the Class Period, Bregenzer purchased 63,407 shares of Luminent securities for a total cost of $509,630.26, and suffered approximate losses of $230,519. *See* McCormick Decl., Exs. A & B. Bregenzer believes this represents the largest financial interest in the outcome of this

litigation and, therefore, he is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

**2. Bregenzer Meets the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class. As detailed below, Bregenzer satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

The typicality requirement of Rule 23(a)(3) is satisfied when: (1) the named plaintiffs have suffered the same injuries as the absent class members; (2) the named plaintiffs have suffered the same injuries as a result of the same course of conduct by defendants; and (3) the named plaintiffs' claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996); *In re Cirrus Logic Sec.*, 155 F.R.D. 654, 657 (N.D. Cal. 1994). The questions of law and fact that are common to the members of the class and that also predominate over questions that may affect individual class members include the following:

- Whether the federal securities laws were violated by defendants' acts as alleged herein;
- Whether defendants issued false and misleading statements during the Class Period;
- Whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- Whether the market price of Luminent stock was artificially inflated during the Class Period because of defendants' conduct; and
- Whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by Bregenzer are typical of the claims of the members of the proposed class. Bregenzer and members of the class allege that defendants violated the

federal securities laws by publicly disseminating materially false and misleading statements about the business and finances of Luminent throughout the Class Period. Bregenzer, as did all of the members of the proposed class, acquired Luminent securities at prices artificially inflated by defendants' fraudulent misrepresentations and omissions and was damaged thereby. Because the claims asserted by Bregenzer are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members," typicality is satisfied. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03, n.19 (9th Cir. 1975).

Bregenzer's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Bregenzer's interests and the interests of the proposed class members. Bregenzer has amply demonstrated his adequacy as lead plaintiff by signing a sworn certification affirming his willingness to serve as, and assume the responsibilities of, lead plaintiff. *See* McCormick Decl., Ex. A. In addition, Bregenzer has selected the law firm of Coughlin Stoia, a firm highly experienced in prosecuting securities class actions, to represent him and the class. *See* McCormick Decl., Ex. D. Therefore, Bregenzer satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. The Court Should Approve Bregenzer's Choice of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see Cavanaugh*, 306 F.3d at 734-35. This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Bregenzer has selected Coughlin Stoia as lead counsel to represent the class.

Coughlin Stoia is a 160-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. The lawyers of Coughlin Stoia possess extensive experience litigating securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed

NOTICE OF MOTION AND MOTION TO APPOINT CHARLES BREGENZER AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF - C-07-4073-PJH - 6 -

as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Coughlin Stoia's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Id.* at 458. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

## VI. CONCLUSION

For the foregoing reasons, Bregenzer respectfully requests that this Court appoint him as lead plaintiff pursuant to §21D(a)(3)(B) of the Exchange Act, and approve his selection of Coughlin Stoia as lead counsel.

DATED: October 9, 2007

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\Luminent\BRF00046199_LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2007.

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  triciam@csgrr.com

# Mailing Information for a Case 3:07-cv-04073-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com
- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com
- **Michael Andrew McShane**
  mmcshane@audetlaw.com
- **Adel A. Nadji**
  anadji@audetlaw.com,hweinberg@audetlaw.com
- **Shane Rowley**
  srowley@faruqilaw.com
- **Michael Lane Rugen**
  Michael.Rugen@hellerehrman.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Mark C. Gardy**
Gardy & Notis, LLP
440 Sylvan Avenue
Suite 110
Englewood Cliffs, NJ 07632

**Richard Schwartz**
Faruqi & Faruqi, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017-6531