COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@csgrr.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
triciam@csgrr.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONE, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>S. TREZEVANT MOORE, JR., et al.,<br><br>                Defendants. | Case No. C-07-4073-PJH<br><br><u>CLASS ACTION</u><br><br>CHARLES BREGENZER'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE THE RELATED ACTIONS PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF LAW IN SUPPORT THEREOF |

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 14, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the Honorable Phyllis J. Hamilton, Charles Bregenzer ("Bregenzer") will move this Court for an Order consolidating the following actions for all purposes under Federal Rule of Civil Procedure 42 ("Rule 42"):

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Leone v. Moore, Jr.* | C 07-4073-PJH | August 8, 2007 |
| *Rosenbaum Capital LLC v. Luminent Mortgage Capital, Inc.* | C 07-4096-PJH | August 9, 2007 |
| *Ira v. Luminent Mortgage Capital, Inc.* | C 07-4140-PJH | August 10, 2007 |
| *Greenberg v. Luminent Mortgage Capital, Inc.* | C 07-4141-PJH | August 13, 2007 |
| *PEM Resources LP v. Luminent Mortgage Capital, Inc.* | C 07-4184-PJH | August 15, 2007 |
| *Metzger v. Luminent Mortgage Capital, Inc.* | C 07-4686-PJH | September 11, 2007 |

This motion is brought on the grounds that the above actions are substantially identical because each alleges claims for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and based upon similar factual allegations against similar defendants. This motion is also brought on the ground that consolidation of these cases will promote efficiency.

This motion is based upon this notice of motion, the memorandum of points and authorities, the complete files and records in the related actions, and such other written or oral argument as the Court may consider in deciding this motion.

**MEMORANDUM OF POINTS AND AUTORITIES**

**I.   INTRODUCTION**

The six related securities fraud class action lawsuits identified above are currently pending in this District. Bregenzer seeks consolidation of these related securities class actions pursuant to Rule 42(a). Plaintiffs in each action assert substantially the same violations of the federal securities laws and raise substantially the same questions of law and fact. Plaintiffs in each of these cases allege

securities fraud claims on behalf of a class of all persons who purchased or otherwise acquired Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") securities between October 10, 2006 and August 6, 2007, inclusive (the "Class Period").[1] Thus, consolidation of these actions is appropriate.

## II.   SUMMARY OF FACTS

The complaint alleges that defendants violated federal securities laws by, among other things, issuing a series of materially false and misleading press releases and SEC filings regarding Luminent's financial results and business prospects. Specifically, the complaint alleges that Luminent failed to disclose: (i) the Company was not sufficiently liquid; (ii) the Company's financial statements and reports were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and SEC rules; and (iii) that defendants lacked any reasonable basis to claim that the Company had ample liquidity and that the dividend payments were secure.

As a result, the price of the Company's common stock was artificially inflated throughout the Class Period. On August 6, 2007, defendants shocked the market when they announced that the Company was canceling the payment of its dividend. In response to the announcement, Luminent's share price dropped to a low of $3.75 on August 6, 2007 before trading was halted. It then opened on August 7, 2007 at $0.50, representing a drop of over 85%.

## III.   ARGUMENT

### A.   This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir.

---

[1] This is the longest class period alleged in the related actions. The differences in the class periods will be resolved upon the filing of a consolidated complaint.

1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

The actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

**B.    The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [ ] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

Bregenzer respectfully requests that the Court consider the consolidation motion as soon as practicable and consolidate these related actions under the lowest case number. A prompt

1  determination is reasonable and warranted under Rule 42(a), given the common questions of fact and
2  law presented by the actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS
3  20341, at *7.

**IV.    CONCLUSION**

For the reasons stated above, and in order to promote judicial economy, Bregenzer respectfully requests that the Court consolidate the related actions identified herein filed in this District and any other related actions that may be subsequently filed in or transferred to this District, and permit the filing of a consolidated complaint within 60 days from entry of the Court's order granting the motion for lead plaintiff.

DATED:  October 9, 2007

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK


        s/ TRICIA L. McCORMICK
           TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\Luminent\BRF00046197_Consol.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2007.

    s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: triciam@csgrr.com

# Mailing Information for a Case 3:07-cv-04073-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **Michael Andrew McShane**
  mmcshane@audetlaw.com

- **Adel A. Nadji**
  anadji@audetlaw.com,hweinberg@audetlaw.com

- **Shane Rowley**
  srowley@faruqilaw.com

- **Michael Lane Rugen**
  Michael.Rugen@hellerehrman.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mark C. Gardy
Gardy & Notis, LLP
440 Sylvan Avenue
Suite 110
Englewood Cliffs, NJ 07632

Richard Schwartz
Faruqi & Faruqi, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017-6531
```