SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Stuart L. Berman
Sean M. Handler
Tammy D. Cummings
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

[Proposed] Lead Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION | No. C 07-4073 PJH<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFFF'S SELECTION OF LEAD COUNSEL<br><br>DATE: November 21, 2007<br>TIME: 9:00 a.m.<br>COURTROOM: 3<br>JUDGE: Hon. Phyllis J. Hamilton |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RONALD LARSON TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
CASE NO. 3:07-cv-4073-PJH

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL BACKGROUND .............................................................................................2

STATEMENT OF FACTS ........................................................................................................2

ARGUMENT ............................................................................................................................4

    I.    The Related Actions Should Be Consolidated ...............................................................4

    II.    Ronald Larson Should Be Appointed Lead Plaintiff ....................................................5

        A.    The Procedural Requirements Pursuant To The PSLRA ..................................5

        B.    Mr. Larson Is "The Most Adequate Plaintiff" ....................................................6

            1.    Mr. Larson Has Made A Motion For His Appointment As Lead Plaintiff ...................................6

            2.    Mr. Larson Has The Largest Financial Interest .................................6

            3.    Mr. Larson Otherwise Satisfies Rule 23 ............................................6

                a.    Mr. Larson Fulfills The Typicality Requirement .................7

                b.    Mr. Larson Fulfills The Adequacy Requirement .................8

    III.    The Court Should Approve Mr. Larson's Choice of Counsel ........................................8

CONCLUSION ..........................................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RONALD LARSON TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
CASE NO. 3:07-cv-4073-PJH

## TABLE OF AUTHORITIES

### CASES

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) .................................................................5

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ....................................................................7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................6-8

*In re Microstrategy Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................1

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ....................................................................8

*In re Silicon Storage Tech., Inc., Sec. Litig.*,
No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005) ............6

*In re USEC Sec. Litig.*,
168 F. Supp. 2d 560 (D. Md. 2001) ...........................................................5

*Lax v. First Merchs. Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................5

*Siegall v. Tibco Software, Inc.*,
No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) .........4

*Tanne v. Autobytel*,
226 F.R.D. 659 (C.D. Cal. 2005) .............................................................7, 9

### STATUES AND RULES

15 U.S.C. § 78u-4(a)(3) ..................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) .....................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(A), (B) ....................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................1, 6, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(ii) .......................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................1, 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ..........................................................................................................8

**RULES**

Fed. R. Civ. P. 42(a) ........................................................................................................................4

Rule 23(a).........................................................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RONALD LARSON TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
CASE NO. 3:07-cv-4073-PJH

**PRELIMINARY STATEMENT**

Luminent Mortgage Capital, Inc., ("Luminent" or the "Company") investor Ronald Larson ("Mr. Larson" or "Movant") hereby moves to consolidate the various related securities fraud class actions filed against Luminent and to be appointed as Lead Plaintiff of a proposed class of persons or entities who purchased or otherwise acquired Luminent securities between October 10, 2006 and August 6, 2007, inclusive (the "Class Period").[1] 15 U.S.C. § 78u-4(a)(3)(B). Mr. Larson further moves for approval of his selection of the law firm of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court shall appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest financial interest in the litigation" and has satisfied the typicality and adequacy prongs of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Larson has losses totaling approximately $184,800[2] as a result of his investments in Luminent during the Class Period.[3] In addition to his large financial stake in this litigation, Movant preliminarily satisfies each of the requirements of the PSLRA and Rule 23 and, therefore, is qualified for appointment as Lead Plaintiff in these actions. *See* Plutzik Decl. at Exhibit A.[4] As demonstrated herein, Mr. Larson is

---

[1] At least one of the related actions has alleged a differing class period. This difference does not affect consolidation of the related actions because this issue can be resolved when the appointed lead plaintiff files a consolidated complaint. *See In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating actions alleging different class periods and naming different defendants).

[2] Mr. Larson has losses of $184,800 using either the First-In, First-Out ("FIFO") or the Last-In, First-Out ("LIFO") methodology.

[3] The losses suffered by Movant are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses may, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u(a)(2)(A), and based upon reference to information concerning the current market for the Company's securities.

[4] Mr. Larson's sworn certification detailing relevant transactions and demonstrating his qualifications pursuant to the federal securities laws are attached as Exhibit A to the Declaration of

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RONALD LARSON TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
CASE NO. 3:07-cv-4073-PJH

1

presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

## PROCEDURAL BACKGROUND

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. The first of the Related Actions, *Rosenbaum Capital LLC v. Luminent Mortgage Capital, Inc.*, No. 3:07-cv-04096, was commenced in this jurisdiction on or about August 9, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 9, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than October 9, 2007. *See* Plutzik Decl. at Exhibit B.

Mr. Larson is a class member (*see* Plutzik Decl. at Exhibit A) and is timely filing this motion within the 60 day period following publication of the August 9, 2007 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[5]

Luminent, a Maryland corporation, with its principal executive offices located in San Francisco, California, is a real estate investment trust ("REIT") that invests primarily in the United States agency and other single-family, adjustable-rate, hybrid adjustable-rate and fixed-rate, mortgage-backed securities, which it acquires in the secondary market. Throughout the Class Period, Luminent informed investors and the market that its investment strategy consisted of investing in

---

Alan R. Plutzik In Support Of The Motion Of Ronald Larson To Consolidate Actions, To Be Appointed Lead Plaintiff, And For Approval Of Lead Plaintiff's Selection Of Lead Counsel (the "Plutzik Decl.").

[5] These facts were derived from the allegations contained in the class action styled as *PEM Resources LP v. Luminent Mortgage Capital Inc.*, No. 3:07-cv-04184-PJH (N.D. Cal. filed Aug. 15, 2007).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RONALD LARSON TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL                              2
CASE NO. 3:07-cv-4073-PJH

"high-quality" residential mortgage loans and mortgage-backed securities. Defendants, however, failed to disclose that the Company's investments were not "high-quality" as previously represented, artificially raising the price of Luminent stock and allowing the Company to raise millions of dollars in public offerings.

For example, on October 10, 2006, the Company announced a public offering of five million shares of common stock in an underwritten public offering. In the Company's Prospectus filed with the SEC, the Company stated that it was able to mitigate its exposure to losses from credit risk by maintaining a large percentage of its assets in a highly diversified pool of high quality, highly-rated assets. In addition, the Company stated that it employed rigorous due diligence and underwriting criteria to qualify whole loan assets for its portfolio in order to mitigate risk. Then, on October 12, 2006, the Company increased its public offering to six million shares at $10.25 per share, allowing the Company to earn $61.5 million in gross proceeds from the sale.

After the Company's public offering, the Company continued to emphasize its strategy of adding high quality assets. On November 6, 2006, when the Company announced its third quarter earnings, the Company stated that it added high-quality assets to its balance sheet and financed them efficiently, securing a stream of long-term, recurring cash flow to support its growing dividend. Trez Moore "Moore", President and Chief Operating officer, commented, "Luminent's risk management disciplines have largely insulated us from interest rate turbulences, liquidity shocks and secure credit losses. Our investment disciplines should continue to serve our stockholders well." Then, on January 25, 2007, Gail P. Seneca, Luminent's Chief Executive Officer and Chairman of the Board announced a securitization of $706.8 million of prime quality mortgage loans which would contribute to the sustainability of their dividend over the long-term.

In addition, throughout the Class Period, the Company emphasized that despite a challenging mortgage environment that Luminent investment opportunities would remain strong. For example, on May 10, 2007, in a press release regarding the Company's first quarter earnings for 2007, Moore stated that Luminent was performing well in the challenging mortgage market and that as the market

struggled, the Company's investment opportunities increased. Furthermore, Moore stated its credit profile was strong and that the Company assumed no interest rate risk.

Then, on August 6, 2007, the Company shocked investors when it announced that the Company was experiencing a significant increase in margin calls on its highest quality assets and a decrease on the financing advance rates provided by its lenders. In addition, the Company announced that the Board of Directors suspended payment of Luminent's second quarter cash dividend of 32 cents per share on Luminent's common stock. On this news, the Company's stock fell $1.95 per share, or over 30 percent, from the previous day's closing price of $6.32 to close on August 6, 2007 at $4.37, on unusually heavy trading volume.

After the Company's shocking news, on August 7, 2007, the Company was downgraded by JP Morgan and Deutsche Bank. On this news, shares of Luminent fell an additional $3.29 per share, or over 75 percent, from the previous day's closing price of $4.37 to close on August 8, 2007 at $1.08 per share, on unusually heavy trading volume.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that where there are multiple actions on behalf of a class asserting substantially the same claim or claims, a court shall resolve the issue of consolidation before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate when there are several actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *5 (N.D. Cal. Feb. 24, 2006). All of the Related Actions are brought on behalf of purchasers of Luminent securities who purchased in reliance on the materially false and misleading statements and omissions during the Class Period and assert essentially similar and overlapping claims for alleged violations of the Exchange Act. Accordingly, these Related Actions should be consolidated.

### II. MR. LARSON SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on August 9, 2007.[6] *See* Plutzik Decl. at Exhibit B. This notice indicated that applications for appointment as lead plaintiff were to be made no later than October 9, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A), (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567 (D. Md. 2001); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Silicon Storage Tech., Inc., Sec. Litig.*, No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246, at *4 (N.D. Cal. May 3, 2005) (Hamilton, J.).

### B. Mr. Larson Is "The Most Adequate Plaintiff"

#### 1. Mr. Larson Has Made A Motion For His Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Mr. Larson timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2. Mr. Larson Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d at 730. As is demonstrated herein, Mr. Larson (with losses of $184,800) has the largest known financial interest in the relief sought by the Class. *See* Plutzik Decl. at Exhibit C.

#### 3. Mr. Larson Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d at 730. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly

address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 730. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a.  Mr. Larson Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *Id.*

Movant seeks to represent a class of purchasers of Luminent securities which have identical, non-competing and non-conflicting interests. Mr. Larson satisfies the typicality requirement because, just like all other class members, he: (1) purchased or acquired Luminent securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. *See Tanne v. Autobytel,* 226 F.R.D. 659, 667 (C.D. Cal. 2005). Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

### b.  Mr. Larson Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As

detailed above, Mr. Larson shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other class members. Furthermore, Mr. Larson already has taken significant steps demonstrating that he has and will protect the interests of the Class: he has executed a sworn certification detailing his Class Period transactions and expressing his willingness to serve as lead plaintiff; he has timely moved this Court to be appointed as lead plaintiff in this action; and he has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. Furthermore, Mr. Larson has the largest known financial interest, and his "financial stake in the litigation provides an adequate incentive for the [Movant] to vigorously prosecute the action." *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998). Thus, Mr. Larson, in addition to having the largest financial interest, also *prima facie* satisfies the typicality Rule 23(a)(3)) and adequacy Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff.

### III. THE COURT SHOULD APPROVE MR. LARSON'S CHOICE OF COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is to select and retain lead counsel to represent the Class, subject to Court approval. *See In re Cavanaugh*, 306 F.3d at 734 ("While the appointment is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff"); *see also Autobytel*, 226 F.R.D at 673 (noting that the Court should not reject Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). In that regard, Movant has selected and retained Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class. Schiffrin Barroway Topaz & Kessler, LLP has extensive experience in prosecuting complex securities actions and is well qualified to represent the Class. *See* Plutzik Decl. at Exhibit D. Furthermore, Schiffrin Barroway Topaz & Kessler, LLP has specialized in prosecuting complex class action litigation for over twenty years and is currently serving as lead or co-lead counsel in several securities class actions, including

*In re Marvell Technology Group, Ltd. Securities Litigation*, No. C-06-06286-RMW, currently pending in this District.

Because there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses—which is the only evidence that can rebut the presumption of adequacy under the Exchange Act—this Court should appoint Mr. Larson as Lead Plaintiff and approve his selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Mr. Larson respectfully requests that the Court: (i) consolidate for all purposes the Related Actions against defendants; (ii) appoint Mr. Larson as Lead Plaintiff; and (iii) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class.

Dated: October 16, 2007

Respectfully submitted,

SCHIFFRIN BARROWAY
  TOPAZ & KESSLER, LLP

s/Alan R. Plutzik
_____

Alan R. Plutzik, Of Counsel
Robert M. Bramson, Of Counsel
2125 Oak Grove Blvd., Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Stuart L. Berman
Sean M. Handler
Tammy D. Cummings
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

[Proposed] Lead Counsel