Patrice L. Bishop (182256)
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Jules Brody
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

Jeffrey S. Abraham
Lawrence D. Levit
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza
Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

Proposed Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re LUMINENT MORTGAGE CAPITAL, INC., SECURITIES LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 07-CV-04073 PJH<br><br>**CLASS ACTION**<br><br>**AMENDED NOTICE OF MOTION AND MOTION BY WILLIAM F. KORNFELD, JR., FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL PURSUANT TO SECTION 21D OF THE SECURITIES EXCHANGE ACT OF 1934; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: November 21, 2007<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Phyllis J. Hamilton<br>CTRM: 3, 17th Floor |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Court's Order Consolidating Cases filed on October 10, 2007 (the "Consolidation Order"), on November 21, 2007, at 9:00 a.m., before the Honorable Phyllis J. Hamilton in Courtroom 3, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3483, William F. Kornfeld, Jr. (hereinafter "Movant") will, and hereby does, move this Court for an order granting his Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Motion").

This Motion is brought pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a), on the grounds that Movant has timely filed his Motion and is the "most adequate plaintiff." Moreover, Movant meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion in that his claims are typical of the other class members' claims and Movant will fairly and adequately represent the class. Movant also seeks the Court's approval of his selection of counsel, Stull, Stull & Brody and Abraham and Fruchter & Twersky, LLP, law firms with substantial experience in prosecuting securities fraud class actions, as Lead Counsel pursuant to §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Patrice L. Bishop filed herewith, the pleadings and other files herein, and on such other written or oral argument as may be permitted by the Court.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is consolidated securities fraud class action against Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") and certain of its officers and directors. Each of the complaints filed in the underlying actions allege the same common scheme and course of conduct by defendants to defraud investors in violation of §10(b) and Rule 10b-5 promulgated thereunder, and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Movant respectfully submits his memorandum in support of his Motion for appointment as Lead Plaintiff and approval of his choice of Stull, Stull & Brody and Abraham, Fruchter & Twersky, LLP as Lead Counsel.

Movant acquired Luminent securities, and seeks to represent all persons who acquired such securities from March 16, 2007 to August 6, 2007, inclusive (the "Class Period")[1] and suffered damages as a result of defendants' violations of the federal securities laws.[2] As is more fully alleged throughout the complaints, these actions arise from damages incurred by all persons who purchased securities of Luminent during the Class Period and were damaged thereby, excluding defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest (the "Class") as a result of a scheme and common

---

[1] This is the Class Period alleged in the Amended Complaint that was electronically filed on October 8, 2007 in *Kaplowitz IRA v. Luminent Mortgage Capital, Inc.*, Case No. 07-CV-04140 PJH (the "*Kaplowitz* Amended Complaint"), one of the cases consolidated into this action pursuant to the Consolidation Order. Other underlying complaints allege different class periods. Movant believes that once a lead plaintiff is appointed, the lead plaintiff should have the opportunity to file a consolidated amended complaint with the operative class period.

[2] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4 (a)(3)(B). Movant has completed a sworn certification listing his purchases of Luminent stock and requesting that he be appointed Lead Plaintiff. *See* Exhibit 2 to the Amended Declaration of Patrice L. Bishop in Support of William F. Kornfeld, Jr.'s Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 (hereinafter "Bishop Decl. Ex.___"). Movant's counsel represent additional members of the Class who are also willing to be lead plaintiff, but have less in total damages than Movant.

course of conduct by defendants which operated as a fraud and deceit on the Class during the Class Period. Defendants' scheme included making statements and omitting other information that claimed the Company was on firm financial footing when the opposite was true. Rather than being able to avoid the downturn in the residential mortgage market, as defendants had claimed, it was revealed at the end of the Class Period that Luminent had significant exposure to the downturn. On the disclosure of that news, the Company's stock price dropped dramatically.

In class actions filed under the federal securities laws, the PSLRA requires that courts appoint as lead plaintiffs those members of the Class that have satisfied certain procedural prerequisites and also constitute the "most adequate" representative of the purported Class. Movant amply satisfies the criteria for selection as lead plaintiff for the investors he seeks to represent. Therefore, he should be appointed as lead plaintiff and his choice of counsel should be approved by the Court in accordance with the PSLRA.

## STATEMENT OF FACTS

Defendant Luminent is a real estate investment trust (REIT), which purportedly invests mainly in mortgage loans and mortgage-backed securities purchased from selected high-quality providers within certain criteria. As alleged in the *Kaplowitz* Amended Complaint, the Class Period begins on March 16, 2007, when Luminent filed its annual report on Form 10-K (the "Form 10-K") with the Securities and Exchange Commission (the "SEC") for the fiscal year ended December 31, 2006. Item 7 of the Form 10-K contained management's discussion and analysis of financial condition and results of operations and, within that section, in a portion titled "Executive Summary" sought to reassure shareholders and potential investors in Luminent securities as to the soundness of the Company's operating strategies both with respect to credit risk and interest rate risk.

These statements made in the Form 10-K were allegedly materially false or misleading because the purported actions taken to insulate the Company from credit risk and interest risk were inadequate to insulate the Company from the risks inherent in investing in mortgage-backed securities on a leveraged basis, which was the Company's business strategy. In fact, the greatest risk to the Company was a repricing of such securities which, in turn, would set in motion potential defaults on credit agreements and thereby threaten the very solvency of Luminent. Thus,

notwithstanding Defendants' reassurances to the contrary, Luminent was subject to the very same risk of collapse that sub-prime lenders experienced notwithstanding the higher credit quality of the mortgage-backed securities owned by Luminent and the purported hedging of interest rate risks.

Throughout the Class Period, until August 6, 2007, defendants continued to issue false and misleading statements regarding the sustainability of Luminent's dividend, touting its financial strength, and claiming that the Company had a low level of delinquent creditors as compared to its peers. However, on August 6, 2007, the truth began to emerge. That morning J.P Morgan downgraded the Company's stock due to their exposure to the residential mortgage market. The shares opened significantly lower and trading was halted midday due to pending news. The press release issued later that day announced that its cash dividend would be "suspended", that the Company was experiencing an increase in margin calls, and that the Company would delay filing of its quarterly report with the SEC. The press release stated in relevant part:

> Luminent Mortgage Capital, Inc., announced today that, since August 3, 2007, the mortgage industry, and financial methods that the mortgage industry relies upon, have deteriorated significantly and in an unprecedented fashion. Effectively, the secondary market for mortgage loans and mortgage backed securities has seized up. As a result, Luminent is simultaneously experiencing a significant increase in margin calls on its highest quality assets and a decrease on the financing advance rates provided by its lenders.

On August 7, 2007, the Company's shares closed at $1.08 down 75% from the previous day.

## ARGUMENT

### I. MOVANT IS THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiffs in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the

Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, Mr. Kornfeld satisfies all the prerequisites for appointment as lead plaintiff with respect to the Class he seeks to represent and there is no infirmity in his ability to fulfill his obligations properly.[3]

### A. Movant Made His Motion Within 60 Days of Publication of Notice

The first requirement to being appointed a lead plaintiff is to have "either filed a complaint or made a motion in response to a notice . . . . " 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, a notice was issued on August 8, 2007, announcing that a class action had been commenced against Luminent and that any potential class member may be entitled to appointment as lead plaintiff in the action by filing a motion with the Court no later than October 8, 2007.[4] *See* Bishop Decl., Ex. 1. By filing his initial motion, Mr. Kornfeld satisfies this requirement.

### B. Movant Has the Largest Financial Interest in the Relief Sought

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the court, [the plaintiff] has the largest financial interest in the relief sought by the class" of those

---

[3] In the initial motions for lead plaintiff filed with this Court on or about October 9, 2007, one of the motions indicated that a proposed lead plaintiff other than Mr. Kornfeld had a greater financial interest. In an attempt to confirm this information, counsel for Mr. Kornfeld contacted counsel for that other moving party to request an exchange of information to verify that party's damages. Counsel for that party has refused to exchange information. Without further information, Mr. Kornfeld has no firm evidence which refutes his claim as the movant with the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

[4] Because October 8, 2007 was a federal holiday, Movant, *inter alios*, filed his initial lead plaintiff motion on October 9, 2007. Movant files this Amended Motion pursuant to the Consolidation Order.

persons moving to be appointed lead plaintiffs. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). The presumptive lead plaintiff has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To make this comparison, the district court must calculate each potential lead plaintiff's financial interest in the litigation. *Id* at 730, n.4. In other words, the district court must compare the financial stakes of the various plaintiffs and determine which plaintiff has the most to gain from the lawsuit. *Id*. at 729-30.

During the Class Period, Movant purchased his Luminent stock at prices artificially inflated by defendants' false and misleading statements and have each suffered substantial losses during the Class Period.[5] *See* Bishop Decl. Exs. 3-4. Indeed, as the result of his purchases during the Class Period, as of the date of his initial filing for appointment of lead plaintiff, Mr. Kornfeld incurred at least $427,119 in damages. *See* Bishop. Decl. Ex. 3. Due to changes in the mean trading price since the last day of the Class Period, Mr. Kornfeld's current damages are at least $423,523. *See* Bishop Decl. Ex. 4. To the best of his knowledge, Movant has the largest financial interest in the relief sought by the Class. Movant is, therefore, presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Proposed Lead Plaintiff Is Qualified under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the

---

[5] Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). Here, 90 days have not yet passed from the time information correcting the misstatements or omissions were disseminated to the market. Accordingly, at the time of Movant's initial filing for lead plaintiff on October 9, 2007, calculations were made as of the close of trading on October 8, 2007, the day prior to the submission of the initial motion. In addition, Movant provides calculations made as of the close of trading on October 16, 2007, the day prior to the submission of this amended motion.

qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the Class and that the representative will fairly and adequately protect the interests of the Class.

Here, Movant satisfies the typicality and adequacy requirements of Rule 23(a) because, as shown below, his claims are typical of the claims of the Class, he will fairly and adequately represent the interests of the Class because his interests are clearly aligned with the members of the Class, and he has retained experienced class counsel to represent the Class.

### 1. The Claims Of The Proposed Lead Plaintiff Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same or similar injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) the claims are based on the same legal issues. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)(citation omitted). "Typicality refers to the nature of the claim ... and not to specific facts.... Accordingly, differences in the amount of damage, the size or manner of [stock] purchase, [and] the nature of the purchaser ... will not render a claim atypical in most securities cases." *Weinberger v. Jackson*, 102 F.R.D. 839, 844 (N.D. Cal. 1984) (citation omitted).

Here, the questions of law and fact common to the Class members which predominate over questions that may affect individual claims include:

(a) whether the federal securities laws were violated by defendants' acts;

(b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts;

(c) whether defendants pursued the fraudulent scheme and course of conduct complained of;

(d) whether the defendants acted intentionally or recklessly;

(e) whether the market price of Luminent's stock was artificially inflated due to the activities complained of; and

(f) the extent of damages Class members sustained and the appropriate measure of those damages.

Movant's claims are typical of the claims of the members of the proposed Class. Movant, as do all members of the proposed Class, alleges that Luminent, and certain of its directors and high ranking officers, violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Luminent during the Class Period. Further, Movant, as did all of the members of the proposed Class, acquired Luminent securities at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise from the "same event or course of conduct" giving rise to the claims of other class members. *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333, 336 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 399 (D. Or. 1996).

**2. The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Adequacy depends on two questions: "(1) whether the named Plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *In re THQ Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 7753 at *20 (C.D. Cal. Mar. 22, 2002)(citation omitted).

Movant's interests are clearly aligned with the members of the proposed Class. There is no evidence of any antagonism between the interests of these individuals and the proposed Class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed Class, his claims are typical of the members of the Class, and he has taken significant steps to advance this litigation. He is the victim of the same conduct as the other members of the Class and his claims raise similar questions of law and fact as those other members. To further his own interests, he will necessarily have to advance the interests of all such Class members. Mr. Kornfeld does not have any conflict with the interests of the other members of the

Class. He wants to obtain the maximum recovery for the Class so as to maximize the recovery for himself and all similarly situated members. In addition, Movant has amply demonstrated his adequacy to serve as a class representative by signing certifications affirming his willingness to serve as, and assume the responsibilities of, class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this action to represent them. For these reasons, Movant should be appointed Lead Plaintiff in the consolidated action.

## II. THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* §21D(a)(3)(B)(v). Movant has selected the law firms of Stull, Stull & Brody and Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel for the Class. These firms possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Bishop Decl. Exs. 5 and 6.

## III. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that this Court appoint him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the 1934 Act, and approve his choice of Stull, Stull & Brody and Abraham, Fruchter & Twersky, LLP as Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act.

Dated: October 17, 2007

Patrice L. Bishop
STULL, STULL & BRODY

/s/
Patrice L. Bishop
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Jules Brody
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

Jeffrey S. Abraham
Lawrence D. Levit
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

Counsel for Movant and Proposed
Lead Counsel for the Class