William M. Audet
(Cal. State Bar No. 117456)
waudet@audetlaw.com
Michael McShane
(Cal. State Bar No. 127944)
mmcshane@audetlaw.com
Adel A. Nadji
(Cal. State Bar No. 232599)
anadji@audetlaw.com
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Tel: 415-568-2555
Fax: 415-568-2556


*Counsel for Movant the Sharenow Group*

[Additional counsel listed on signature page]


### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC., SECURITIES LITIGATION | No. C-07-04073-PJH |

**CLASS ACTION**

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE SHARENOW GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

Date:        November 21, 2007
Time:        9:00 a.m.
Judge:      Honorable Phyllis J. Hamilton
Courtroom: 3, 17th Floor

1

**NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)**

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on November 21, 2007 at 9:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of The Honorable Phyllis J. Hamilton, located at Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Movants Joel Sharenow, Bradley Burns and Rajiv Kumar Prasad (the "Sharenow Group") will move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

1.    Appointing the Sharenow Group as Lead Plaintiffs for a class ( the "Class") of investors in the publicly traded securities of Luminent Mortgage Capital, Inc., ("Luminent" or the "Company"); and

2.    Approving the Sharenow Group's selection of Gardy & Notis, LLP and Faruqi & Faruqi, LLP as Lead Counsel for the Class and Audet & Partners, LLP as Liaison Counsel for the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a consolidated class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") shares between October 10, 2006 and August 6, 2007, inclusive (the "Class Period"),[1] alleging violations of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

---

[1]    Although the various complaints allege different Class Periods, for the purposes of this motion, the relevant Class Period is the longest period alleged in the complaints.

2

1    The Sharenow Group hereby moves this Court for an Order to: (i) appoint the Sharenow

2  Group as Lead Plaintiff in the Action under Section 21D of the Exchange Act; and (ii) approve

3  the Sharenow Group's selection of Counsel.

4    The Sharenow Group respectfully submits that its members are the most adequate

5  plaintiffs to represent the Class of investors in Luminent securities, as the group has suffered

6

7  significant losses as a result of defendants' wrongful conduct.[2]  The group's losses, while

8  perhaps lower than losses of other large institutional investors, are significant losses for

9  individual investors like the Sharenow Group, such that the Class would best be served by

10  including the Sharenow Group as lead plaintiffs.  Indeed, the Sharenow Group also satisfies the

11  requirements of Fed. R. Civ. P. 23(a), as its claims are typical of the other members of the

12  proposed Class, and it will fairly and adequately represent the Class.  Finally, the Sharenow

13

14  Group has selected law firms with substantial experience in prosecuting securities fraud class

15  actions to serve as Lead and Liaison Counsel for the Class.

16    This Motion is based on the notice of motion, the memorandum of points and

17  authorities in support thereof, the accompanying Declaration of James S. Notis, the pleadings

18  and other files herein and such other written and oral arguments as may be presented to the

19  Court.

20

21                          **BACKGROUND OF THE ACTION**

22    Six related cases, *Leone v. Luminent Mortgage Capital, Inc.*, *et al,* No. C-07-04073-

23  PJH (commenced on August 8, 2007), *Rosenbaum Capital, LLC v. Luminent Mortgage

24  Capital, Inc.*, *et al.,* No. C-07-04096-PJH (commenced on August 9, 2007), *Ira v. Luminent

25  Mortgage Capital, Inc.*, *et al.,* No. C-07-04140-PJH (commenced on August 10, 2007),

26

27  [2]   *See* the supporting Declaration of James S. Notis (the "Notis Decl."), Ex. A.  Although
   the certifications list transactions outside of the Class Period, only class period purchases were
28  used in estimating the Sharenow Group's losses.

3

**NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)**

1  *Greenberg v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-04141-PJH (commenced on

2  August 13, 2007), *PEM Resources, LP v. Luminent Mortgage Capital, Inc., et al.,* No. C-07-

3  04140-PJH (commenced on August 15, 2007), and *Metzger v. Luminent Mortgage Capital,*

4  *Inc., et al.,* No. C-07-04686-PJH (commenced on September 11, 2007), have been filed

5  alleging securities fraud claims against Luminent and certain of its officers and directors for

6  overlapping class periods.[3]  Those cases were then consolidated by the Court on October 10,

7  2007.

8

9       Defendant Luminent is a real estate investment trust that invests primarily in the United

10  States agency and other single-family, adjustable-rate and fixed-rate, mortgage-backed

11  securities.  Its common stock trades on the New York Stock Exchange under the ticker symbol

12  "LUM."  Throughout the Class Period, defendants represented to investors that the Company

13  was fully liquid, that it was not exposed to the prevailing market liquidity squeeze, and that its

14  dividend was safe, when in fact it was vulnerable to margin calls.

15

16       On August 6, 2007, defendants announced that the Company was cancelling the

17  payment of its dividend after it had been hit by many margin calls as the secondary mortgage

18  market seized up.  Just two weeks earlier, defendants announced that the Company was in solid

19  financial condition, that it was not exposed to the extremities of the market, and that its

20  dividend was secure.  Before the August 6, 2007 announcement, the Company's shares were

21  trading at $5.70 per share.  In response to the announcement, Luminent's share price dropped

22  to $3.75 before trading was suspended.  When trading resumed, Luminent's share price

23

24  reopened at $0.50 on August 7, 2007, a drop of over 85%.  The market had acknowledged, in a

25

26  ---

    [3]     The *Rosenbaum Capital LLC*, *Greenberg*, *PEM Resources LP*, and *Metzger* cases
27  assert a class period of October 10, 2006 through August 6, 2007; the *Ira* case asserts a class
    period of May 10, 2007 through August 6, 2007; and the *Leone* case asserts a class period of
28  July 24, 2007 through August 6, 2007.

4

brutal fashion, that defendants' representations during the Class Period concerning the Company's liquidity and the security of its dividend were patently untrue.

The complaints allege that defendants were motivated to and did conceal the true operational and financial condition of Luminent, and materially misrepresented and failed to disclose the conditions that were adversely affecting Luminent throughout the Class Period, because the scheme enabled defendants to artificially inflate the price of Company shares by deceiving the investing public regarding Luminent's business, operations, management and the intrinsic value of Luminent common stock, thereby allowing them to maintain their lucrative executive positions and salaries.  Thus, Luminent and certain of its officers and directors (collectively, "Defendants") violated the Exchange Act as a result of Defendants' false and misleading statements and omissions, which artificially inflated the price of Luminent stock during the Class Period, causing harm to Luminent investors.  By issuing materially false and misleading statements that artificially inflated Luminent's stock price, defendants violated the federal securities laws, particularly Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rules 10b-5 and 14a-9 promulgated thereunder by the Securities and Exchange Commission ("SEC"), and 17 C.F.R. §240.10b-5.

## I.    THE SHARENOW GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Legal Requirements Under The Exchange Act

The Exchange Act, as amended by the PSLRA, sets forth procedures for the appointment of lead plaintiffs to oversee class actions brought under the Exchange Act.  Within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after

5

the date on which the notice is published, any member of the purported class may move the

court to serve as lead plaintiff of the purported class. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  The

Court is then directed to consider all motions by plaintiffs or purported class members to

appoint lead plaintiffs filed in response to any such notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i), the Court "shall" appoint "the presumptively most

adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person, or

group of persons, that:

> (aa)    has either filed the complaint or made a motion in response to a notice...;

> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class

> (cc)    otherwise satisfies the requirements of *Rule 23 of the Federal Rules of Civil Procedure.*

*See also Carson v. Clarent Corp.,* No. C 01-03361 CRB, 2001 WL 1782712, at \*1 (N.D. Cal.

Dec. 14, 2001); *In re Surebeam Corp. Sec. Litig.,* No. 03 CV 1721 JM (POR), 2004 WL

5159061, at \*2 (S.D. Cal. Dec. 31, 2004).

The Ninth Circuit Court has explained that the PSLRA "provides a simple three-step

process for identifying the lead plaintiff[.]" *See In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir.

2002).  "The first step consists of publicizing the pendency of the action, the claims made and

the purported class period." *Id.* (citation omitted).  In the second step, "the district court must

consider the losses allegedly suffered by the various plaintiffs before selecting as the

"presumptively most adequate plaintiff" – and hence the presumptive lead plaintiff – the one

who 'has the largest financial interest in the relief sought by the class.'" *Id.* at 729-30 ("[T]he

district court must compare the financial stakes of the various plaintiffs and determine which

one has the most to gain from the lawsuit.").  Third, the court must "give other plaintiffs an

NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)

1   opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's

2   typicality and adequacy requirements." *Id.* (citation omitted).

### B.  The Sharenow Group Has Complied with the Legal Requirement of the Exchange Act

5   Plaintiff in the *Leone* action caused notice to be published by a press release issued on

6   August 8, 2007, announcing that a securities class action had been filed against the defendants

7   herein, and advising purchasers of Luminent securities that they had until October 8, 2007 to

8   file a motion to be appointed lead plaintiff. *See* Notis Decl., Ex. B.  Pursuant to the provisions

9   of the PSLRA, and within the requisite time frame after publication of the required notice, the

10  Sharenow Group timely moves this Court to be appointed Lead Plaintiff on behalf of all

11  members of the class.  In addition, and pursuant to the requirements of the PSLRA, each

12  member of the Sharenow Group has signed a certification stating that he is familiar with the

13  factual and legal issues alleged in the case and willing to serve as the representative plaintiff on

14  behalf of the Class. *See* Notis Decl., Ex. A.  Accordingly, the Sharenow Group has satisfied

16  the individual requirement of 15 U.S.C. 78u-4(a)(3)(B) and is entitled to have its application

17  for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered

19  and approved by the Court.

### C.  The Sharenow Group's Large Financial Interest in the Action

21  The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the

22  person who "has the largest financial interest in the relief sought by the class," and who also

23  satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   This

24  presumption can be rebutted by proof that the presumptively most adequate plaintiff "will not

25  fairly and adequately protect the interests of the class" or is "subject to unique defenses that

27  render such plaintiff incapable of adequately representing the class."   15 U.S.C. §78u-

7

4(a)(3)(B)(iii)(II); *Steiner v. Aurora Foods, Inc.,* No. C 00-602 CW, 2000 WL 33911305, at *2 (N.D. Cal. June 5, 2000).

Here, the Sharenow Group suffered losses of approximately $410,000 as a result of their purchases of Luminent common stock during the Class Period. *See* Notis Decl., Ex. A. Such losses are significant for individual investors such as the Sharenow Group and provide strong financial incentives for the members of the group to properly pursue the claims in the Action on behalf of the Class.

**D.     The Sharenow Group Also Satisfies the Requirements Of Rule 23**

The PSLRA requires that the lead plaintiff must satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the claims of class representatives, Fed. R. Civ. P. 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are no questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class.  For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, "the prospective lead plaintiff need only make a *prima facie* showing that it meets the typicality and adequacy factors."  *Schriver v. Impac Mortg. Holdings, Inc.,* No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. Mar 2, 2006) (citation omitted); *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

**1.     The Sharenow Group's Claims are Typical of the Claims of the Class**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.,* 189 F.R.D. 391, 395 (N.D. Ill. 1999) (citation omitted). "A claim is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.*  (citation

8

NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)

1    omitted).  Indeed, the "similarity of legal theory may control even where factual distinctions

2    exist between the claims of the names representatives and the other class members."  *Id.*

3    (citation omitted); *see also Schlagal v.  Learning Tree Int'l,* No.: CV 98-6384 ABC (Ex), 1999

4    WL 672306, at *3 (C.D. Cal. Feb. 23, 1999) ("The party seeking class certification will satisfy

5    Rule 23(a)(3)'s typicality requirement if the representatives' claims stem from the same event

6    or course of conduct as other class members' claims and are based on the same legal theory as

7    the absent members.").

8

9          Here, the Sharenow Group satisfies the typicality requirement of Fed. R. Civ. P. 23(a)

10   because they (1) purchased or acquired Luminent stock on the open market during the

11   proposed class period; (2) at prices artificially inflated by the false and misleading statements

12   and/or omissions by defendants; and (3) suffered damages as a result.  Indeed, the Sharenow

13   Group's claims are substantially similar, if not identical, to those of other Class members who

14   invested in Luminent stock during the class period and sustained losses resulting from the

15   alleged misrepresentations.

16

17                      **2.      The Sharenow Group Will Fairly and Adequately Represent the
                                  Interests of the Class**
18

19         The adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) is satisfied

20   where it is established that a representative party "will fairly and adequately protect the interest

21   of the class."  As the Ninth Circuit has held:

22         The Ninth Circuit has held that representation is "adequate" when counsel for the
           class is qualified and competent, the representative's interests are not antagonistic
23         to the interests of absen[t] class members, and it is unlikely that the action is
           collusive.
24

25   *Takeda*, 67 F. Supp. 2d at 1137 (*citing In re Northern Dist. Of Cal., Dalkon Shield IUD Prod.

26   Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)); *accord Lerwill v. Inflight Motion Pictures,*

27   *Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).  The class representative must also have "sufficient

28

                                                    9
**NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)**

1    interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at

2    1137 (citation omitted).

3        The Sharenow Group meets the adequacy requirement, as it will effectively manage

4    this litigation and will vigorously represent the interest of all Class members. Specifically, (1)

5    the group's interests are aligned with, and not adverse to those of the Class; (2) the group has

6    obtained qualified and experienced counsel; and (3) the members of the group have submitted

7

8    certifications stating their willingness to assume the responsibilities of a class representative.

9    **II.    THE COURT SHOULD APPROVE THE SHARENOW GROUP'S SELECTION OF LEAD AND LIAISON COUNSEL**

10

11        The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to

12    approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v); *Osher v. Guess?*, No. CV 01-00871 LEB

13    (RNBx), 2001 WL 861694, at *4 (C.D. Cal. April 26, 2001). The Court should only interfere

14    with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C.

15    § 78u-4(a)(3)(B)(iii)(II)(aa).

16

17        Here, the Sharenow Group has selected the law firms of Gardy & Notis, LLP and

18    Faruqi & Faruqi, LLP to serve as Lead Counsel for the Class and Audet & Partners, LLP to

19    serve as Liaison Counsel for the Class. These firms are highly experienced in the areas of class

20    actions, and have successfully prosecuted numerous securities fraud class actions and obtained

21    excellent recoveries on behalf of defrauded investors. *See* Notis Decl., Ex. C. Thus, the Court

22    may be assured that by approving the Sharenow Group's choice of Lead Counsel and Liaison

23    Counsel, the Class will receive the highest caliber of legal representation.

24    **III.    CONCLUSION**

25

26        For all of the foregoing reasons and based on all pleadings and proceedings herein,

27    Movant respectfully requests that the Court appoint the members of the Sharenow Group as

28    lead plaintiffs and approve the group's selection of Gardy & Notis, LLP and Faruqi & Faruqi,

NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)

1  LLP as Lead Counsel for the Class and Audet & Partners, LLP as Liaison Counsel for the

2  Class, and grant Movant such other and further relief as the Court may deem appropriate.

3  Dated: October 17, 2007                                **AUDET & PARTNERS, LLP**

4

5                                                         By:_____/s/_____
                                                                William M. Audet
6                                                               (Cal. State Bar No. 117456)
                                                                waudet@audetlaw.com
7                                                               Michael McShane
                                                                (Cal. State Bar No. 127944).
8                                                               mmcshane@audetlaw.com
                                                                Adel A. Nadji
9                                                               (Cal. State Bar No. 232599)
                                                                anadji@audetlaw.com
10                                                       221 Main Street, Suite 1460
                                                         San Francisco, CA 94105
11                                                       Tel: 415-568-2555
                                                         Fax: 415-568-2556
12

13

14                                                       Mark C. Gardy
                                                         mgardy@gardylaw.com
15                                                       **GARDY & NOTIS, LLP**
                                                         440 Sylvan Avenue, Suite 110
16                                                       Englewood Cliffs, NJ 07632
                                                         Tel: 201-567-7377
17                                                       Fax: 201-567-7337

18                                                       Nadeem Faruqi
                                                         nfaruqi@faruqilaw.com
19                                                       Antonio Vozzolo
                                                         avozzolo@faruqilaw.com
20                                                       **FARUQI & FARUQI, LLP**
                                                         369 Lexington Avenue, 10th Floor
21                                                       New York, NY 10017-6531
                                                         Tel: 212-983-9330
22                                                       Fax: 212-983-9331

23

24                                                       *Counsel for Movant the Sharenow Group*

25

26

27

28

                                            11
**NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF THE MOTION OF THE SHARENOW
GROUP TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL (C-07-04073-PJH)**