**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy (#134180)
Michael Goldberg (#188669)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile:  (212) 779-3218

Attorneys for Movant District No. 9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL INC. SECURITIES LITIGATION | No. 3:07-CV-4073 PJH |
| | MEMORANDUM IN SUPPORT OF DISTRICT NO. 9, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS PENSION TRUST'S MOTION TO BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL |
| | Date: November 21, 2007 Time: 9:00 a.m. Ctrm: 3 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT ........................................................................................................... 3

I.    THE COURT SHOULD APPOINT DISTRICT NO. 9 AS LEAD
      PLAINTIFF........................................................................................................ 3

      A.    The Procedure Required By The PSLRA.............................................. 3

            1.    District No. 9 Is Willing To Serve As Class Representative ......... 5

            2.    District No. 9 Is An Institutional Investor With The Largest
                  Financial Interest In The Relief Sought By The Class ................. 6

            3.    District No. 9 Satisfies The Requirements Of Rule 23(a) Of
                  The Federal Rules Of Civil Procedure......................................... 9

II.   DISTRICT NO. 9'S CHOICE OF COUNSEL SHOULD BE
      APPROVED ..................................................................................................... 11

CONCLUSION ....................................................................................................... 12

1

# TABLE OF AUTHORITIES

2

## CASES

3

4

*Bowman v. Legato Sys.*,
   195 F.R.D. 655 (N.D. Cal. 2000) ...................................................................7

5

6

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004)................................................................. 11

7

8

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .............................................................8,9

9

10

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996)...................................................................7

11

12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)..................................................................... 10

13

14

*In re Baan Co. Sec. Litig.*,
   186 F.R.D. 214 (D.D.C. 1999).......................................................................8

15

16

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)..........................................................................9

17

18

*In re Cendant Corp. Sec. Litig.*,
   264 F.3d 201 (3d Cir. 2001), *aff'd*,
   404 F.3d 173 (2005).......................................................................................7

19

20

*In re Network Assocs. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...........................................................7

21

22

*In re Razorfish, Inc. Sec. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001).............................................................8

23

24

*Miller v. Ventro Corp.*,
   2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) .............................................6

25

26

*Ravens v. Iftikar*,
   174 F.R.D. 651 (N.D. Cal. 1997) ..................................................................7

27

28

MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND
APPROVE CHOICE OF COUNSEL        CASE NO.: 3:07-cv-04096-PJH

*Ruland v. Infosonics Corp.*,
    2006 WL 3746716 (S.D. Cal. Oct. 23, 2006) .................................................. 10

*Schulman v. Lumenis, Ltd.*,
    2003 WL 21415287 (S.D.N.Y. June 18, 2003) ................................................. 7


**STATUTES**

15 U.S.C. § 78u-4(a)(1) ....................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................. 3

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ..................................................................... 4,6

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................. 3

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .............................................................. 9,10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ...................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................. 11

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................... 11

Fed. R. Civ. P. 42(a) ...............................................................................*passim*

H.R. Rep. No. 104-369 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 730 ........................................................................................ 6

S. Rep. No. 104-98 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 679 ........................................................................................ 8

MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND
APPROVE CHOICE OF COUNSEL       CASE NO.: 3:07-cv-04096-PJH

1

## MISCELLANEOUS

2

3
Elliot J. Weiss & John S. Beckerman,
*Let The Money Do The Monitoring:*
*How Institutional Investors Can Reduce Agency Costs*
*In Securities Class Actions,* 104 Yale L.J. 2053 (1995) .........................................8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PRELIMINARY STATEMENT

Presently pending before the Court are five related securities class action lawsuits (collectively, the "Consolidated Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") during the period of October 10, 2006 through and including August 6, 2007 (the "Class Period").  Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Luminent, Gail P. Seneca, Sewell Trezevant Moore, Jr., and Christopher J. Zyda (collectively, the "Individual Defendants").

Class member District No. 9, International Association of Machinists and Aerospace Workers Pension Trust ("District No. 9") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order:  (a) appointing District No. 9 as lead plaintiff in the Consolidated Actions; and (b) approving District No. 9's choice of lead and liaison counsel.

During the Class Period, District No. 9 suffered losses of $909,162.  District No. 9 believes that its losses represent the largest financial interest in the outcome of the litigation.

1
2
3

## STATEMENT OF FACTS

4
5
6
7
8
9
10

Plaintiffs charge Luminent and certain of its officers and directors with violations of the Exchange Act.  Luminent is a real estate investment trust ("REIT"). The Company invests primarily in the United States agency and other single-family, adjustable-rate, hybrid adjustable-rate and fixed-rate mortgage-backed securities, which it acquires in the secondary market.

11
12
13
14
15
16
17
18
19

The complaints allege that during the Class Period, Defendants issued materially false and misleading statements regarding the Company's business and financial results.  As a result of Defendants' false statements, Luminent stock traded at artificially inflated prices during the Class Period, which allowed the Defendants to complete an offering of common stock in October 2006 at $10.25 per share and a $90 million private placement of 8.125% Convertible Senior Notes due 2027 on May 30, 2007.

20
21
22
23
24
25
26

On August 6, 2007, after the market closed, the Company issued a press release announcing that the secondary market for mortgage loans and mortgage-backed securities had seized-up, and, as a result, Luminent was experiencing a significant increase in margin calls on its highest quality assets and a decrease on the financing advance rates provided by its lenders.  On August 7, 2007, Luminent's stock collapsed

27
28

---

$3.30 per share to close at $1.08 per share, a one-day decline of 75% on volume of 32.2 million shares, 25 times the average three-month volume.

According to the complaints, the true facts, which were known by the Defendants but concealed from the investing public during the Class Period, were as follows:  (a) the Company lacked requisite internal controls, and, as a result, the Company's projections and reported results issued during the Class Period were based upon defective assumptions and/or manipulated facts; (b) the Company's investments in mortgage loans were not all "high quality" as claimed by Defendants, nor was its hedging disciplined and sophisticated as to credit risk; and (c) the Company was not on track to report the earnings forecast or to pay the dividends promised.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT DISTRICT NO. 9 AS LEAD PLAINTIFF

#### A.    The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-

4(a)(3)(A)(i).  The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, District No. 9 satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it.  Therefore, District No. 9 is entitled to the presumption that it is the most adequate lead plaintiff

to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Consolidated Action.

### 1.    District No. 9 Is Willing To Serve As Class Representative

On August 8, 2007, counsel in the first-filed related action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Luminent and the Individual Defendants, and which advised putative class members that they had until October 8, 2007 to file a motion to seek appointment as a lead plaintiff in the action.[1]  District No. 9 has reviewed one of the complaints filed in the related actions and has timely filed its motion pursuant to the Notice.[2]  In doing so, District No. 9 has attached its certification attesting to its willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary.  *See* Goldberg Decl. Ex. A. Accordingly, District No. 9 satisfies the first requirement to serve as lead plaintiff. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

---

[1] On August 8, 2007, the Notice was published over *Prime Newswire*.  *See* Declaration of Michael Goldberg ("Goldberg Decl.") Ex. C.

[2]  Movant originally filed the instant motion for appointment of lead plaintiff and approval of lead counsel on October 9, 2007, in *Rosenblum Capital LLC v. Luminent Mortgage Capital, Inc. et al.*, within the sixty-day period mandated by the PSLRA.  Pursuant to this Court's Order Consolidating Cases, dated October 10, 2007, Movant has withdrawn its original motion and is re-filing this motion in the above-captioned consolidated action.

MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL  CASE NO.: 3:07-cv-04096-PJH

5

2.    **District No. 9 Is An Institutional Investor With The Largest Financial Interest In The Relief Sought By The Class**

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The legislative history of the PSLRA demonstrates that it was intended to encourage institutional investors, such as District No. 9, to serve as lead plaintiff. The explanatory report accompanying the PSLRA's enactment specifically states that:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff."
>
> * * *
>
> The Conference Committee believes that . . . in many cases the beneficiaries of pension funds - small investors - ultimately have the greatest stake in the outcome of the lawsuit. Cumulatively, these small investors represent a single large investor interest. Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.

This Court, as well as others around the country, have noted a Congressional preference to appoint institutional investors. *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-

MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL  CASE NO.: 3:07-cv-04096-PJH

1   CV-1287, 2001 WL 34497752, at *6 (N.D. Cal. Nov. 28, 2001) ("It was hoped that

2   including a presumption in favor of the largest stakeholder would give preference to

3

4   institutional investors which would be in a better position to manage the litigation and

5   to limit the influence of lawyers"); *Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D.

6
    Cal. 2000) (institutional investors are "exactly the type of lead plaintiff envisioned by
7

8   Congress when it instituted the [PSLRA] lead plaintiff requirements . . . "); *In re*

9   *Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999) ("Congress

10
    expected that the lead plaintiff would normally be an institutional investor"); *Ravens*
11

12  *v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (stating that Congress wanted to

13  encourage large, sophisticated institutional investors to direct securities class actions,

14
    thereby supplanting the prior regime of "figurehead plaintiffs who exercise no
15

16  meaningful supervision of litigation.").[3]

17

18       Indeed, Congress deemed institutional investors "presumptively most adequate

19  to serve as lead plaintiffs in securities class actions."  *Greebel v. FTP Software, Inc.*,

20
    939 F. Supp. 57, 63 (D. Mass. 1996).  Furthermore, Congress believed that
21

22

23  ――――――――――――
    [3]  *See also Schulman v. Lumenis, Ltd.*, No. 02 CIV. 1989 (DAB), 2003 WL 21415287, at *2
24  (S.D.N.Y. June 18, 2003) (one purpose behind the PSLRA is "to ensure that 'parties with significant
    holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will
25  participate in the litigation and exercise control over the selection and actions of plaintiff's
    counsel.'") (citation omitted).  "Congress believed that this could best be achieved by encouraging
26  institutional investors to serve as lead plaintiffs."  *Id. See also In re Cendant Corp. Sec. Litig.*, 264
    F.3d 201, 244 (3d Cir. 2001), *aff'd*, 404 F.3d 173 (2005) ("Congress anticipated and intended that
27  [institutional investors] would serve as lead plaintiffs.").

28
    ――――――――――――――――――――――――――――――――――――――――
    MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND
    APPROVE CHOICE OF COUNSEL  CASE NO.: 3:07-cv-04096-PJH
                                                                    7

"increasing the role of institutional investors in class actions [would] ultimately benefit shareholders and assist courts by improving the quality of representation in securities class action." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 221 (D.D.C. 1999). Congress reasoned that the empowerment of institutional investors would result in the appointment of lead plaintiffs that can best prosecute the claims and are best able to negotiate with and oversee counsel. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (stating that Congress intended that "institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation . . ."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors.").

This presumption is rooted in Congress' belief that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts." S. Rep. No. 104-98, at 11 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690. In reaching this conclusion, Congress reasoned that:

> Institutions' large stakes give them an incentive to monitor, and institutions have or readily could develop the expertise necessary to assess whether plaintiffs' attorneys are acting as faithful champions for the plaintiff class.

Elliot J. Weiss & John S. Beckerman, *Let The Money Do The Monitoring: How Institutional Investors Can Reduce Agency Costs In Securities Class Actions*, 104

---

Yale L.J. 2053, 2095 (1995) ("Weiss & Beckerman").  *See also* S. Rep. No. 104-98, at 11 n.32 (noting that Weiss & Beckerman provided "the basis for the 'most adequate plaintiff' provision.").

District No. 9 is ideally suited for the role as lead plaintiff.  District No. 9 lost approximately $909,162 in Luminent common stock during the Class Period.  *See* Goldberg Decl. Ex. B.  As a large institutional investor with significant resources dedicated to overseeing and supervising the prosecution of the litigation, District No. 9 will be able to actively represent the Class and "drive the litigation" to ensure that the Class obtains the best recovery possible and implement corporate governance changes to correct the environment which allowed this fraud to take place and to prevent a recurrence ever again.  *See Gluck*, 976 F. Supp. at 549 (citation omitted).

### 3.    District No. 9 Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606

1    (C.D. Cal. 2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at

2    *2 (S.D. Cal. Oct. 23, 2006).

3

4        Claims are "typical" under Rule 23 if they are "reasonably co-extensive with

5    those of absent class members; they need not be substantially identical." *Ferrari*, 225

6

7    F.R.D. at 606 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

8    Likewise, Rule 23(a) also requires that the person(s) representing the class be able to

9

10   "'fairly and adequately protect the interests' of all members in the class." *Ferrari*,

11   225 F.R.D. at 607 (citation omitted).

12

13       The claims asserted by District No. 9 are typical of those of the Class. District

14   No. 9, like the members of the Class, acquired shares of Luminent during the Class

15

16   Period at prices artificially inflated by Defendants' materially false and misleading

17   statements, and was damaged thereby. Thus, its claims are typical, if not identical, to

18

19   those of the other members of the Class because District No. 9 suffered losses similar

20   to those of other Class members and its losses result from Defendants' common

21   course of conduct. Accordingly, District No. 9 satisfies the typicality requirement of

22   Rule 23(a)(3).

23

24       District No. 9 is an adequate representative for the Class. There is no

25   antagonism between its interests and those of the Class. Moreover, District No. 9 has

26

27   retained counsel highly experienced in prosecuting securities class actions, and will

28

MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF, AND
APPROVE CHOICE OF COUNSEL  CASE NO.: 3:07-cv-04096-PJH

1   submit its choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15

2   U.S.C. § 78u-4(a)(3)(B)(v).

3

4       Accordingly, at this stage of the proceedings, District No. 9 has made the

5   preliminary showing necessary to satisfy the typicality and adequacy requirements of

6

7   Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-

8   4(a)(3)(B)(iii)(I)(cc).

9

10  ## II.    DISTRICT NO. 9'S CHOICE OF COUNSEL SHOULD BE APPROVED

11      The PSLRA vests authority in the lead plaintiff to select and retain lead

12  counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-

13  4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court

14  should interfere with the lead plaintiff's selection of counsel only when necessary "to

15

16  protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-

17  4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-

18  4(a)(3)(B)(iii)(II)(aa).

19

20      District No. 9 has selected and retained Bernstein Liebhard & Lifshitz, LLP

21  ("Bernstein Liebhard") as the proposed lead counsel and Glancy Binkow & Goldberg,

22  LLP ("Glancy Binkow") as proposed liaison counsel for the Class.  Bernstein

23  Liebhard and Glancy Binkow have extensive experience prosecuting complex

24

25  securities class actions, such as this one, and are well qualified to represent the Class.

26  *See* Goldberg Decl. Exs. D and E for the firm resumes of Bernstein Liebhard and

27

28

Glancy Binkow.  As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel and Glancy Binkow as liaison counsel, the Class is receiving the best legal representation available.

## CONCLUSION

For the foregoing reasons, District No. 9 respectfully requests that this Court: (1) appoint District No. 9 as lead plaintiff for the Class in the Consolidated Actions and all subsequently-filed, related actions; and (2) approve Bernstein Liebhard as lead counsel and Glancy Binkow as liaison counsel, respectively, for the Class.

DATED:  October 17, 2007          Respectfully submitted,
                                  /s/ *Michael Goldberg*
                                  _____
                                  Lionel Z. Glancy
                                  Michael Goldberg
                                  **GLANCY BINKOW & GOLDBERG LLP**
                                  1801 Avenue of the Stars, Suite 311
                                  Los Angeles, CA  90067
                                  Telephone: (310) 201-9150
                                  Facsimile:  (310) 201-9160

                                  **Liaison Counsel for District No. 9**

                                  **BERNSTEIN LIEBHARD
                                  & LIFSHITZ, LLP**
                                  Sandy A. Liebhard
                                  Joseph R. Seidman, Jr.
                                  10 E. 40th Street
                                  New York, NY  10016
                                  Telephone: (212) 779-1414
                                  Facsimile:  (212) 779-3218

                                  **Attorneys for District No. 9**