1  MARK LABATON #159555
   KREINDLER & KREINDLER LLP
2  707 Wilshire Boulevard, Suite 4100
   Los Angeles, California 90017
3  Telephone: (213) 622-6469
   Facsimile: (213) 622-6019
4  Email: mlabaton@kreindler.com

5  *Local Counsel*

6  LABATON SUCHAROW LLP
7  CHRISTOPHER J. KELLER
   ANDREI V. RADO
8  ALAN I. ELLMAN
   140 Broadway
9  New York, New York 10005
   Telephone: (212) 907-0700
10 Facsimile: (212) 818-0477
   Email: info@labaton.com
11
12 *Proposed Lead Counsel and Counsel for Plaintiff State-Boston Retirement System and Norfolk County Retirement System*
13

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                  **SAN FRANCISCO DIVISION**

17  IN RE: LUMINENT MORTGAGE CAPITAL, ) Civil Action No.: 3:07-CV-04073-PJH
    INC., SECURITIES LITIGATION        )
18                                     ) CLASS ACTION
                                       )
19                                     ) **MEMORANDUM OF POINTS AND**
                                       ) **AUTHORITIES IN SUPPORT OF**
20                                     ) **MOTION OF STATE-BOSTON**
                                       ) **RETIREMENT SYSTEM AND NORFOLK**
21                                     ) **COUNTY RETIREMENT SYSTEM FOR**
                                       ) **APPOINTMENT AS LEAD PLAINTIFF**
22                                     ) **AND APPROVAL OF SELECTION OF**
                                       ) **LEAD COUNSEL**
23                                     )
                                       ) Hearing
24                                     )
                                       ) Date: Nov. 21, 2007
25                                     ) Time: 9:00 a.m.
                                       ) Courtroom: 3
26  _____ ) Judge: Hon. Phyllis J. Hamilton

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

TABLE OF AUTHORITIES, (CONTINUED) ...................................................... iii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ......................................................................................................... 4

A.    BOSTON AND NORFOLK SHOULD BE APPOINTED AS LEAD
      PLAINTIFF FOR THE CLASS ............................................................... 4

      1.    The Procedure Mandated by the PSLRA for Appointment of
            Lead Plaintiff .................................................................................. 4

      2.    Boston and Norfolk Satisfy The Lead Plaintiff Requirements Of
            The PSLRA ...................................................................................... 5

            (a)    Boston and Norfolk Have Complied With the Procedural
                   Requirements of the PSLRA ................................................ 5

            (b)    Boston and Norfolk Have The Largest Financial Interest
                   In The Relief Sought By the Class ....................................... 5

            (c)    Boston and Norfolk Otherwise Satisfy the Requirements
                   of Rule 23 ............................................................................. 6

                   a.    Boston and Norfolk Fulfill The Typicality Requirement 7

                   b.    Boston and Norfolk Fulfill the Adequacy Requirement .. 7

B.    THE COURT SHOULD APPROVE  BOSTON AND NORFOLK'S
      CHOICE OF COUNSEL ............................................................................ 8

CONCLUSION ....................................................................................................... 9

**3:07-CV-4073-PJH**
**MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

i

1

## <u>TABLE OF AUTHORITIES</u>

2

3

### CASES

4

*In re Advanced Tissue Scis. Sec. Litig.*,
   184 F.R.D. 346 (S.D. Cal. 1998)...................................................................................7

5

*Armour v. Network Assocs., Inc.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) .........................................................................7

6

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp.2d 1146 (N.D. Cal. 1999) ........................................................................2, 5

7

8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)..........................................................................................5

9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)...........................................................................................8

10

*In re Critical Path, Inc. Sec. Litig.*,
   156 F. Supp. 1102, 1108 (N.D. Cal. 2001) .....................................................................2

11

12

*Lax v. First Merch. Acceptance Corp.*,
   No. 97 Civ. 2715, 1997 WL 461036 ..............................................................................2

13

*Montoya v. Mamma.com Inc.*,
   No. 05 Civ. 2313 (HB), 2005 WL 1278097 (S.D.N.Y. May 31, 2005)......................2, 5

14

15

*Richardson v. TVIA, Inc.*,
   No. 06 C 6304 (RMW), 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .........................7

16

*In re Party City Sec. Litig.*,
   189 F. R. D. 91 (D.N.J. 1999) ........................................................................................3

17

18

*Slaven v. BP Am., Inc.*,
   190 F.R.D. 649 (C.D. Cal. 2000) ...................................................................................7

19

*In re Star Gas Sec. Litig.*,
   No. 04 Civ. 1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005)............................3

20

21

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)..........................................................................................7

22

*In re Surebeam Corp. Sec. Litig.*,
   No. 03 Civ. 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004)...............7

23

24

*Takeda v. Turbodyne Techs.*,
   67 F. Supp. 2d 1129 (N.D. Cal. 1999) ...........................................................................7

25

*In re Waste Mgmt., Inc. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ...........................................................................8

26

27

*Weisz v. Calpine Corp.*,
   No. 02 CV 1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ................................2

28

## TABLE OF AUTHORITIES, (CONTINUED)

### DOCKETED CASES

*In re Silicon Storage Tech., Inc. Sec. Litig.*,
    No. 05-cv-295 PJH (N.D. Cal. May 3, 2005) ........................................................................2, 5

### RULES & STATUES

15 U.S.C § 78u-4(a)(3) ............................................................................................................1, 4

15 U.S.C § 78u-4(a)(3)(A)(i) ........................................................................................................4

15 U.S.C § 78u-4(a)(3)(B) ............................................................................................................6

15 U.S.C § 78u-4(a)(3)(B)(i) .....................................................................................................1, 4

15 U.S.C § 78u-4(a)(3)(B)(iii)(I) ...............................................................................................1, 5

15 U.S.C § 78u-4(a)(3)(B)(v) .......................................................................................................8

17 C.F.R. § 241.10b-5...................................................................................................................5

Fed. R. Civ. P. 23(a) .................................................................................................................6, 7

P.S.L.R.A. H.R. Rep. No. 104 369, 104th Cong. 1st Sess. (1995) ...............................................2

The Securities and Exchange Act of 1934, §§ 10(b) ....................................................................3

**3:07-CV-4073-PJH**
**MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

iii

The State-Boston Retirement System an Norfolk County Retirement System (collectively "Boston and Norfolk") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) appointing Boston and Norfolk as lead plaintiff of a class of purchasers of the securities of Luminent Mortgage Capital, Inc. ("Luminent" or the "Company"); and (ii) approving Boston and Norfolk's selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Luminent, a real estate investment trust ("REIT"), and certain of its officers and directors (collectively, "Defendants") for violations of the federal securities laws stemming from Luminent's materially false and misleading statements regarding the Company's internal controls and the quality of its mortgage loans. Defendants' misstatements, which appeared in, among other places, the Company's SEC filings and press releases during the Class Period, artificially inflated the price of Luminent securities and caused substantial damages to the Class upon disclosure of the truth.

On August 8, 2007, a complaint was filed in this Action in the U.S. District Court for the Northern District of California asserting claims under the Exchange Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Although the PSLRA does not define the term "largest financial interest", a broad body of case law established four key factors guiding the Court's analysis: (1) the number of shares of the subject securities purchased; (2) the number of net shares purchased; (3) the total net funds

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

1

1   expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the

2   plaintiffs.  *See, e.g., Aronson v. McKesson HBOC, Inc.,* 79 F. Supp. 2d 1146, 1157-58 (N.D. Cal.

3   1999); *Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y.

4   May 31, 2005); *Lax v. First Merch. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at

5   *6 (N.D. Ill. Aug. 11, 1997).[1]  While some courts look to all of these *Lax* factors, others in the

6   Ninth Circuit consider "net shares purchased" as most relevant coupled with the approximate

7   losses suffered by selling shares during the class period.  *In re Silicon Storage Tech., Inc., Sec.*

8   *Litig.*, 3:05-cv-295-PJH, at *10-11 (N.D. Cal. May 3, 2005) (Hamilton, J.); *Weisz v. Calpine*

9   *Corp.*, 2002 WL 32818827 (N.D. Cal. 2002); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp.

10  1102, 1108 (N.D. Cal. 2001).

11          As demonstrated below, Boston and Norfolk are the "most adequate plaintiff" in this

12  case.  The State-Boston Retirement System is an institutional investor that provides retirement

13  benefits for the employees of the City of Boston, Massachusetts.[2]  It has more than 34,000 active

14  and retired members, representing 106 mandatory retirement systems, and more than $3.1 billion

15  in assets.  The Norfolk County Retirement System, organized under the laws of Massachusetts in

16  1937, has over 9,500 active and retired members from forty governmental units throughout

17  Norfolk County, with more than $480 million in assets under management.

18          During the proposed Class Period, Boston and Norfolk purchased 75,000 total shares of

19  Luminent common stock, with net purchases of the same number of shares.  Boston and Norfolk

20  made net expenditures of $619,577 to acquire those securities, and suffered losses of $547,377

21  under both a first-in, first-out ("FIFO") and a last-in, last-out ("LIFO") analysis.  Under each of

22  these *Lax* factors, Boston and Norfolk have a very large financial interest in the relief sought by

---

[1]    *Lax v. First Merch. Acceptance Corp.* originally articulated these four factors, which are commonly referred to as "*Lax* factors".

[2]    The PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H. R. Rep. No. 104 369, 104th Cong. 1st Sess. at 34 (1995).

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

2

this litigation – one greater than that of any other known movant.  *See* Certification and Loss

Analysis, annexed to the Declaration of Alan I. Ellman ("Ellman Decl.") as Exhibits A and B.

## STATEMENT OF FACTS

This is a federal class action brought on behalf of a class consisting of all persons or

entities who purchased the securities of Luminent between October 10, 2006 and August 6,

2007, inclusive (the "Class Period"),[3] pursuing remedies under the Securities Exchange Act of

1934 (the "Exchange Act").  Luminent, which trades on the New York Stock Exchange under

the ticker symbol "LUM", is a REIT that invests primarily in the United States agency and other

single-family, adjustable-rate, and fixed rate mortgage-backed securities.  The Company also

invests in residential mortgage loans.

The above-captioned actions allege that the Defendants violated Sections 10(b) and 20(a)

of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Specifically,

the complaint alleges that Defendants knowingly, or with deliberate recklessness, issued a series

of statements during the Class Period that were false and misleading regarding the Company's

business and financial results.  As the real estate market and the mortgage industry began

imploding, Defendants continued to claim that Luminent's business was solid and its

investments were high quality.  On August 6, 2007, after the market closed, the Company issued

a press release stating, in part, that its Board of Directors (a) suspended payment of Luminent's

second quarter cash dividend of 32 cents per share; (b) extended the maturity of the outstanding

commercial paper issued by a special purpose subsidiary of Luminent by 110 days; (c) cancelled

Luminent's second quarter earnings release conference call; and (d) delayed the filing of

Luminent's 2007 second quarter report on Form 10-Q.

On August 7, 2007, Luminent's stock dropped by $3.30 per share to close at $1.08 per

share, a one-day decline of 75% on volume of 32.2 million shares, 25 times the average three-

---

[3] In the six complaints filed against Luminent, there are differing time periods used for the class period.  The longest, most broad period is used for the purpose of this lead plaintiff motion. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The *Catanzarite* Action is relied upon for purposes of this motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants."); *see also In re Star Gas Sec. Litig.*, No. 04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) (finding that the longest class period alleged is to be utilized in determining the largest financial interest.).

1   month volume.  The true facts, which were known by the Defendants but concealed from the

2   investing public during the Class Period, were as follows: (a) the Company lacked requisite

3   internal controls; (b) the Company's investments in mortgage loans were not all "high quality" as

4   claimed by Defendants, nor was its hedging disciplined and sophisticated as to credit risk; and

5   (c) the Company was not on track to report the earnings forecast or to pay the dividends

6   promised.  After the above revelations seeped into the market, the Company's shares fell more

7   than 89% from their Class Period high.

8
                                          **ARGUMENT**
9
    **A.    BOSTON AND NORFOLK SHOULD BE APPOINTED LEAD**
10          **PLAINTIFF FOR THE CLASS**

11          **1.    The Procedure Mandated by the**
                    **PSLRA for Appointment of Lead Plaintiff**
12
            The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee
13
    securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C.
14
    § 78u-4(a)(3).  First, the plaintiff who files the first action shall publish a notice to the class,
15
    within 20 days of filing the action, informing class members of their right to file a motion for
16
    appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The first such notice in the above-
17
    titled actions was published on August 8, 2007.  *See* Ellman Decl. Ex. C.
18
            Second, within ninety days after the publication of the notice of pendency, or as soon as
19
    practicable after the consolidation of multiple related cases if consolidation occurs after the
20
    expiration of the 90-day period, the Court shall consider any motion made by a class member
21
    and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that
22
    the court determines to be most capable of adequately representing the interests of class
23
    members."  15 U.S.C. § 78u-4(a)(3)(B)(i).
24
            The PSLRA provides the following standard for determining who is the "most adequate
25
    plaintiff":
26
                    [T]he court shall adopt a … presumption that the most adequate
27                  plaintiff in any private action arising under this title is the person
                    or group of persons that –
28

| | |
|---|---|
| 1 |     (aa)   has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice]; |

      (aa)   has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];

      (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Silicon Storage Tech., Inc., Sec. Litig.*, 3:05-cv-295-PJH, at *2.  As set forth below, Boston and Norfolk are the "most adequate plaintiff" here.

### 2.    Boston and Norfolk Satisfy The Lead Plaintiff Requirements Of The PSLRA

#### (a)    Boston and Norfolk Have Complied With the Procedural Requirements of the PSLRA

The 60-day period under the PSLRA in which motions for appointment as lead plaintiff must be filed expires on October 9, 2007.  Boston and Norfolk have timely filed their motion.

This motion includes the required certifications from Boston and Norfolk setting forth, among other things, transactions in Luminent securities during the Class Period, and indicating that they have reviewed a complaint filed in the case and are willing to serve as representative parties on behalf of the class.  *See* Certifications, Ellman Decl. Ex. A.  In addition, Boston and Norfolk have retained competent and experienced counsel, as set forth in counsel's firm resume. *See* Firm Resume, Ellman Decl. Ex. D.  As amply demonstrated, Labaton Sucharow is a highly reputable law firm with a long history of success on behalf of investor classes.

#### (b)    Boston and Norfolk Have The Largest Financial Interest In The Relief Sought By the Class

As noted above, the analysis central to appointing Lead Plaintiff focuses on a four-part test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.  *See Montoya v. Mamma.com Inc.*, 2005 WL 1278097, at *1.  "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages."  *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d at 1158.

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

5

Based upon these factors, Boston and Norfolk believe that they have the largest financial interest in this litigation.

**Net Shares Purchased**:  Net shares purchased equals the number of shares purchased less the number of shares sold during the class period.  Boston and Norfolk are net purchasers of Luminent stock because they collectively bought 75,000 shares during the Class Period and did not sell any shares.  *See* Certification and Loss Analysis, Ellman Decl., Ex. A and B.

**Net Funds Expended:**  The net funds expended on the subject securities during the class period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities.  Boston and Norfolk expended $619,577 to purchase Luminent stock during the Class Period.  *See* Certification and Loss Analysis, Ellman Decl., Ex. A and B.

**Approximate Losses:**  Boston and Norfolk suffered total losses of $547,377 when calculated using either the FIFO or LIFO methods.  *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Boston and Norfolk are believed to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

   **(c)  Boston and Norfolk Otherwise Satisfy
       the Requirements of Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

6

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2001); *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1131-35 (C.D. Cal. 1999). As detailed below, Boston and Norfolk satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### a.    Boston and Norfolk Fulfill The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). Here, Boston and Norfolk purchased Luminent shares during the Class Period (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by defendants' alleged violations of the federal securities laws. Because Boston and Norfolk's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the Class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-CV-1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *17-20 (S.D. Cal. Jan. 5, 2004).

### b.    Boston and Norfolk Fulfill the Adequacy Requirement

Boston and Norfolk are also adequate representatives of the Class. The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. *Richardson v. TVIA, Inc.,* No. C 06-6304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir.

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

7

1   2003)).  Boston and Norfolk have indicated that they will protect the interests of the Class, as

2   reflected in their Certifications affirming their interest in participating as Lead Plaintiff in this

3   action.  *See* Ellman Decl. Ex. A.  Boston and Norfolk have also retained counsel with

4   considerable experience in the prosecution of class actions and federal securities law claims.  *See*

5   Ellman Decl. Ex. D.  Indeed, Boston and Norfolk are sophisticated institutional investors with

6   vast resources to adequately litigate this action and supervise class counsel.  *See In re Cendant*

7   *Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting

8   the PSLRA was to encourage large institutional investors to serve as lead plaintiff).

9   **B.     THE COURT SHOULD APPROVE**
       **BOSTON AND NORFOLK'S CHOICE OF COUNSEL**

10

11          Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court

12   approval, select and retain counsel to represent the Class.  Labaton Sucharow LLP has had a

13   leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow

14   served as lead counsel in the Waste Management securities litigation, which resulted in a

15   settlement of $457 million in cash, one of the largest common-fund securities class action

16   settlements ever achieved at that time.  *See* Labaton Sucharow Firm Resume, Ellman Decl., Ex.

17   D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000)

18   (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced

19   in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or

20   co-lead counsel in the securities fraud cases against American International Group Inc.,

21   HealthSouth Corp., St. Paul Travelers Corp., and others.  Thus, the Court may be assured that by

22   granting this motion, the Class will receive the highest caliber of legal representation.

23   ///

24   ///

25   ///

26

27

28

## CONCLUSION

For the foregoing reasons, Boston and Norfolk respectfully request that this Court: (i) appoint Boston and Norfolk as Lead Plaintiff in the action; and (ii) approve Boston and Norfolk's selection of Labaton Sucharow as Lead Counsel for the Class.

Dated:  October 18, 2007                    Respectfully submitted,

                                            By: */s/ Mark Labaton*
                                                Mark Labaton (#159555)
                                            **KREINDLER & KREINDLER LLP**
                                            707 Wilshire Boulevard, Suite 4100
                                            Los Angeles, California  90017
                                            Telephone:  (213) 622-6469
                                            Facsimile:  (213) 622-6019

                                            LABATON SUCHAROW LLP
                                            Christopher J. Keller
                                            Andrei V. Rado
                                            Alan I. Ellman
                                            140 Broadway
                                            New York, New York  10005
                                            Telephone:  (212) 907-0700
                                            Facsimile:  (212) 818-0477

                                            *Attorneys for State-Boston Retirement System and*
                                            *Norfolk County Retirement System and Proposed*
                                            *Lead Counsel for the Class*

3:07-CV-4073-PJH
MEMO OF POINTS AND AUTHORITIES OF BOSTON AND NORFOLK FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

9