Joseph J. Tabacco, Jr. (SBN 75484)
E-mail: jtabacco@bermanesq.com
Nicole Lavallee (SBN 165755)
E-mail: nlavallee@bermanesq.com
BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, California  94104
Telephone:    415-433-3200
Facsimile:    415-433-6382

*Local Counsel*

Richard W. Cohen
E-mail: rcohen@lowey.com
David C. Harrison (admitted *pro hac vice*)
E-mail: dharrison@lowey.com
Jeanne D'Esposito (admitted *pro hac vice*)
E-mail: jdesposito@lowey.com
LOWEY DANNENBERG BEMPORAD SELINGER & COHEN, P.C.
One North Broadway
White Plains, New York  10601-2310
Telephone:    914-997-0500
Facsimile:    914-997-0035

*Attorneys for Movant Southern*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION | C 07-04073 PJH |
| | **CLASS ACTION** |
| This Document Relates To: | **SUPPLEMENTAL DECLARATION OF DAVID C. HARRISON IN OPPOSITION TO MOTIONS BY CERTAIN PLAINTIFFS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL** |
| ALL ACTIONS | |
| | Date:   November 21, 2007<br>Time:   9:00 a.m.<br>Place:  Courtroom 3, 17th Floor |

1  DAVID C. HARRISON hereby declares pursuant to 28 U.S.C. § 1746 as follows:

2  1.  I am a principal of the law firm of Lowey Dannenberg Bemporad Selinger & Cohen, P.C. ("Lowey Dannenberg"), which has been retained as counsel for The Southern Improvement Company, VSA, Inc. and Allen Dayton (collectively "Southern") in this action. I am duly admitted to practice in the State of New York. I make this Supplemental Declaration In Opposition of Motions By Certain Plaintiffs for Appointment of Lead Plaintiff and Approval of Their Selection of Lead Counsel. I have personal knowledge of the facts asserted herein.

2.  Attached as Exhibit 1 is a chart illustrating the Sharenow Group's losses as calculated by counsel for Southern.

3.  Attached as Exhibit 2 is a true and correct copy of a letter from Howard Longman to David C. Harrison dated October 16, 2007.

4.  Attached as Exhibit 3 is a true and correct copy of a letter from David C. Harrison to Howard Longman dated October 17, 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of October, 2007, at White Plains, New York.

_____
DAVID C. HARRISON

# EXHIBIT 1

Luminent Mortgage
Sharenow Group Losses

Joel Sharenow

| Date | Shares Bought | Price Per Share | Cost | Holding price | Holding value |
|---|---|---|---|---|---|
| 12/19/2006 | 2500 | 9.7796 | 24,449.00 | 1.59 | 3,975.00 |
| 12/20/2006 | 2500 | 9.89 | 24,600.00 | 1.59 | 3,975.00 |
| 3/30/2007 | 10000 | 9 | 90,000.00 | 1.59 | 15,900.00 |
|  | 15000 |  | 139,049.00 |  | 23,850.00 |

  Total Shares Purchased              15,000.00
  Total Cost                          (139,049.00)
  Holding value (as of 10/17/07)      23,850.00
  Total loss                          (115,199.00)

Bradley Burns

| Date | Shares Bought | Price Per Share | Cost | Holding price | Holding value |
|---|---|---|---|---|---|
| 11/9/2006 | 4200 | 10.28 | 43,176.00 | 1.59 | 6,678.00 |
| 12/19/2006 | 7700 | 9.82 | 75,614.00 | 1.59 | 12,243.00 |
| 12/19/2006 | 2785 | 9.77 | 27,209.45 | 1.59 | 4,428.15 |
| 12/23/2006 | 300 | 9.83 | 2,949.00 | 1.59 | 477.00 |
| 8/2/2007 | 300 | 7 | 2,100.00 | 1.59 | 477.00 |
|  | 15285 |  | 151,048.45 |  | 24,303.15 |

  Total Shares Purchased              15,285.00
  Total Cost                          (151,048.45)
  Holding value (as of 10/17/07)      24,303.15
  Total loss                          (126,745.30)

Rajiv Kumar Prasad

| Date | Shares Bought | Price Per Share | Cost | Holding price | Holding value |
|---|---|---|---|---|---|
| 2/7/2007 | 5000 | 9.55 | 47,750.00 | 1.59 | 7,950.00 |
| 4/12/2007 | 3400 | 7.4 | 25,160.00 | 1.59 | 5,406.00 |
| 5/10/2007 | 4600 | 8.89 | 40,894.00 | 1.59 | 7,314.00 |
| 5/11/2007 | 3000 | 8.6 | 25,800.00 | 1.59 | 4,770.00 |
| 8/7/2007 | 16000 | 0.4735 | 7,576.00 | 1.59 | 25,440.00 |
|  | 32000 |  | 147,180.00 |  | 50,880.00 |

  Total Shares Purchased              32,000.00
  Total Cost                          (147,180.00)
  Holding value (as of 10/17/07)      50,880.00
  Total loss                          (96,300.00)

Sharenow Group:
  Total Shares Purchased              62,285.00
  Total Cost                          (437,277.45)
  Holding value (as of 10/17/07)      99,033.15
  Total loss                          (338,244.30)

# EXHIBIT 2

**STULL, STULL & BRODY**
ATTORNEYS AT LAW
6 EAST 45th STREET
NEW YORK, N.Y. 10017

TELEPHONE
212-687-7230

TELECOPIER
212-490-2022

October 16, 2007

<u>Via Fax and E-mail</u>

David C. Harrison
Lowey, Dannenberg, Bemporad, Selinger & Cohen, P.C.
One North Broadway
White Plains, New York

        Re: <u>Luminent Capital Mortgage, Inc.</u>, 07 CV 04073 (PJH) (N.D. Cal.)

Dear David:

    I write with respect to your letter of October 11, 2007.

    The application for lead plaintiff filed by your firm is somewhat opaque on certain issues which are relevant to the selection of a lead plaintiff. These items include: the nature of Allen Dayton's relationship to Southern Improvement Company, and VSA, Inc., including Mr. Dayton's ownership interest in those companies and the form that the ownership interests takes; the identity of other directors and officers of VSA and Southern Improvement Company; and whether and, if so, the extent to which, VSA and Southern Improvement may have hedged their investment in Luminent by shorting other securities including any market indices or other indices keyed to the credit markets.

    Finally, as you know, in many cases, certifications have proven inaccurate. Therefore, we would also like to exchange the confirmation slips or other documents evidencing our respective client's trading in Luminent securities.

    I look forward to hearing from you.

Very truly yours,

Howard T. Longman

cc: Jeffrey Abraham, Esq.

# EXHIBIT 3

**LOWEY** Dannenberg Bemporad
Selinger & Cohen, P.C.

New York
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310
914-997-0500 Telephone
914-997-0035 Fax

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977
610-941-2760 Telephone
610-862-9777 Fax

www.lowey.com

October 17, 2007

<u>VIA TELECOPIER AND E-MAIL</u>

Howard T. Longman, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Re:   In re Luminent Mortgage Capital, Inc., 07-07043-PJH (N.D. Cal.)

Dear Howard:

I write in response to your letter, dated October 16, 2007, requesting certain information relating to the lead plaintiff application of The Southern Improvement Company, VSA, Inc., and Allen Dayton (collectively, "Southern").

Southern has provided all the information required by the PSLRA and the Local Rules for the Court to determine that Southern is entitled to appointment as Lead Plaintiff. It is well settled in the Ninth Circuit (and elsewhere) that the Court's determination is made based upon the movant's certification, declaration and other submissions. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002), citing *In re Cendant Corp. Sec. Litig.*, 264 F.3d 206, 264 (3d Cir. 2001). Southern's application clearly demonstrates that it has the largest financial interest in the litigation – a $1,470,000 loss – and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Moreover, Southern's application provides much, if not all, of the information you seek about Mr. Dayton's relationship with VSA and The Southern Improvement Company. Dayton represents that he is the sole shareholder and President of Southern and 95 percent shareholder and President of VSA, and that he exercises complete authority over, and is the sole decision-maker with respect to, those companies' securities investments. Dayton Declaration ¶¶ 1-3.

Similarly, all trading in Luminent stock and options during the class period is detailed in the certifications filed with Southern's moving papers. These certifications and the accompanying loss analyses make plain that Southern suffered nearly three times the claimed losses of your clients, and substantially more than any of the other lead plaintiff applicants. Accordingly, there is neither a factual nor legal basis for your proposed discovery exchange.

Very truly yours,

David C. Harrison

cc:   Nicole Lavallee, Esq.
      Jeffrey Abraham, Esq.

2031 / LTR / 00084460.WPD v1