Patrice L. Bishop (182256)
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:  (310) 209-2468
Fax:  (310) 209-2087

Jules Brody
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:  (212) 687-7230
Fax:  (212) 490-2022

Jeffrey S. Abraham
Lawrence D. Levit
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza
Suite 2805
New York, NY 10119
Tel:  (212) 279-5050
Fax:  (212) 279-3655

Proposed Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUMINENT MORTGAGE CAPITAL, INC., SECURITIES LITIGATION, <br><br>This Document Relates To: <br><br>ALL ACTIONS. | CASE NO. 07-CV-04073 PJH <br><br>**CLASS ACTION** <br><br>**WILLIAM F. KORNFELD, JR.'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL** <br><br>DATE: November 21, 2007 <br>TIME: 9:00 a.m. <br>JUDGE: Honorable Phyllis J. Hamilton <br>CTRM: 3, 17th Floor |

Proposed Lead Plaintiff William F. Kornfeld, Jr. (hereinafter "Kornfeld") hereby opposes the competing motions[1] for appointment of lead plaintiff and lead counsel. For the reasons outlined below, Mr. Kornfeld is the individual with the largest losses who also satisfies the requirements of Rule 23 and, therefore, he should be appointed lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4). Therefore, Mr. Kornfeld respectfully renews his request that this Court appoint him Lead Plaintiff and appoint his selection of counsel as Co-Lead Counsel for the putative plaintiff class.

**I.   INTRODUCTION**

There are currently pending before this Court six motions for appointment of Lead Plaintiff and Lead Counsel. For the reasons outlined herein, Mr. Kornfeld is the individual with the largest losses who also satisfies the requirements of Rule 23. Therefore Mr. Kornfeld should be appointed Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In contrast to Mr. Kornfeld, the other five motions should be denied because the Lead Plaintiff applicants: (i) are atypical; (ii) suffered less damages that Mr. Kornfeld; or (iii) failed to timely file their motion to be appointed Lead Plaintiff.

///
///
///

---

[1] In addition to Mr. Kornfeld's Motion, motions for appointment of lead plaintiff and lead counsel were filed by (i) Southern Improvement Company ("Southern Improvement"), Allen Dayton and VSA, Inc. ("VSA") (collectively "Dayton"); (ii) Joel Sharenow ("Sharenow"), Bradley Burns ("Burns") and Rajivi Kumar Prasad ("Prasad"); (iii) State-Boston Retirement System ("Boston") and Norfolk County Retirement System ("Norfolk"); (iv) Ronald Larson ("Larson"); (v) District No. 9, International Association of Machinists & Aerospace Workers Pension Trust ("District No.9").

## II. ARGUMENT

### A. Dayton Should Not Be Appointed Lead Plaintiff or, in the Alternative, This Court Should Order Dayton to Provide Discovery

During the putative class period, Dayton,[2] according to the certification he submitted on behalf of Southern Improvement in connection with Dayton's lead plaintiff application, sold certain Luminent Mortgage Capital, Inc. ("Luminent") call options. *See* Exhibit ("Exh.") 1 to the Declaration of David C. Harrison in Support of Motion by Southern for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Harrison Decl.").[3]  Such short selling of calls is a means of hedging an investor's exposure to risk in a particular security. *Accord*, *United States v. Catalfo*, 64 F.3d 1070, 1072 (7th Cir. 1995) ("A person who purchases puts or sells calls generally believes the market will decline or is hedging against such a decline.").  Although there is nothing illegal about such hedging activities, it nonetheless can call into question the ability of a class representative to adequately represent the interests of a class of investors. *Accord*, *Camden Asset Mgmt., L.P. v. Sunbeam Corp.*, 2001 U.S. Dist. LEXIS 11022 at *48 (S.D. Fl. 2001).

Moreover, hedging can take many forms and is not limited to transactions in options of the same security.  It is possible, for example, to hedge by buying or selling various market indices or even on occasion by selling short other securities deemed to have a value related to that of the underlying security (Luminent in this case).  However, such hedging activity would make the underlying purchases of Luminent common stock ineligible for inclusion in the class action. *Accord*, *Sherin v. Gould*, 115 F.R.D. 171, 172 (E.D. Pa. 1987) (excluding purchases of stock hedged against market index from inclusion in a class action).

---

[2] In their moving papers, Allen Dayton and Southern Improvement collectively claim common stock damages of $1,271,011.  However, according to Mr. Kornfeld's counsel's analysis, Dayton's collective common stock damages are overstated by $14,792 because they did not limit their damages to the "difference between the . . . sale price paid . . .and the mean trading price of the security" between the last day of the Class Period and "the date on which the plaintiff" sold "the security." *See* 15 U.S.C. §78u-5 (e)(2).

[3] In a chart annexed to Southern Improvement's Certification, signed by Allen Dayton on October 5, 2007, Dayton, through Southern Improvement, repeatedly sold "Call" Options between June 26, 2007 through August 3, 2007.

3
WILLIAM F. KORNFELD, JR.'S OPP TO COMPETING MTS FOR APPT OF LEAD PLTF & LEAD COUNSEL
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Opposition.wpd

Because Dayton has admitted to engaging in hedging activities, he has admitted that he is atypical and therefore does not satisfy the requirements of Federal Rule of Civil Procedure 23. As a result, Dayton should not be appointed Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d at 729-30, *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)

Indeed, there is precedent finding a proposed class representative who purchased common stock and subsequently sold call options during a class period is subject to unique defenses because they are atypical and therefore not a suitable representative for the class. *See Silverstein v,Digtial Equipment Corporation*, 1990 U.S. Lexis 6333 (D. Mass. 1990). Although, solely on this basis alone, courts in this jurisdiction have not found such activity necessarily rebuts the presumption of reliance on the integrity of the market, *see Crossen v. CV Therapeutics*, 2005 U.S. Dist. LEXIS 41396, there is a real question raised here about whether Southern Improvement has engaged in other hedging activities which could result in its potential disqualification as a class representative thereby rebutting the presumption that Southern is the most adequate lead plaintiff.[4]

Here, given that Dayton has already admitted that he has engaged in some hedging activities through the sale of call options on Luminent stock, plaintiff Kornfeld respectfully submits that it is imperative to determine whether he engaged in other similar, though perhaps more complex, hedging activities. This is of particular concern given that Dayton appears to function through many different corporate entities and is extremely knowledgeable about the real estate market based upon, *inter alia*, his service on the board of directors of and investment in Supertel Hospitality, Inc. *See*

---

[4] Dayton, as VSA, also brought a lawsuit against Maxell Corporation of America (entitled *Video Service of America, Inc. v. Maxell Corp. of America*, Civil Action No. 04-2594 (KSH) which was pending in the District of New Jersey) in which Maxell brought third party claims against Allen Dayton. Maxell's claims against Allen Dayton included allegations of fraud. Maxell dismissed its third party claim for fraud against Allen Dayton after winning summary judgment against VSA for its claims for violation of federal law by price discrimination. *See Video Service of America, Inc. v. Maxell Corp. of America*, 2007 U.S. Dist. LEXIS 54107(D.N.J. 2007). During the course of this litigation Maxell deposed Allen Dayton. *Inter alia*, production of the transcript of this deposition is requested by Mr. Kornfeld as it would very likely shed light on Mr. Dayton's other activities, possibly including other hedging transactions which could impact his ability to be an adequate class representative and therefore an adequate lead plaintiff.

1  Bishop Declaration in Support of William F. Kornfeld, Jr.'s Opposition to Competing Motions for
2  Appointment of Lead Plaintiff and Lead Counsel ("Bishop Opposition Decl.").
3      Therefore, assuming *arguendo* that the hedging activity already disclosed by Dayton does
4  not independently render him inadequate to serve as lead plaintiff, this Court should permit
5  additional discovery into Mr. Dayton's trading activity to insure that the short selling of call options
6  represented his only hedging activity with respect to Luminent stock. *Accord*, *Brown v. Biogen*
7  *IDEC, Inc.*, 2005 U.S. Dist. LEXIS 19350 at *6 (D. Mass. 2005) (ordering discovery of a proposed
8  lead plaintiff) (citing 15 U.SC. § 78u-4(a) (3) (B)). Indeed, Mr. Kornfeld's counsel has already
9  requested Dayton produce such documentation. *See* Bishop Opposition Decl. Exh. 1. However,
10 Dayton's counsel refused to produce any documentation. *See* Bishop Opposition Decl. Exh. 2.

   **B.  Mr. Kornfeld is the Movant With the Largest Financial Interest in the Relief Sought Who Also Satisfies the Requirements of Rule 23**

13     Of the remaining movants, Mr. Kornfeld "has the largest financial interest in the relief
14 sought by the class" of those persons moving to be appointed lead plaintiffs. *See* 15 U.S.C. §78u-
15 4(a)(3)(B)(iii)(I)(bb). Moreover, because he satisfies the requirements of Rule 23 of the Federal
16 Rules of Civil Procedure, Mr. Kornfeld should be appointed lead plaintiff. *See In re Cavanaugh*,
17 306 F.3d 726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, during the
18 Class Period, at the time of his October 9, 2007 filing, Mr. Kornfeld incurred at least $427,119 in
19 damages. *See* Amended Declaration of Patrice L. Bishop in Support of Motion by William F.
20 Kornfeld, Jr., for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the
21 Securities Exchange Act of 1934 ("Bishop Moving Decl.") Exh. 3. Due to changes in the mean
22 trading price since the last day of the Class Period, Mr. Kornfeld's damages, as of the filing of his
23 Amended Motion on October 17, 2007, were at least $423,523. *See* Bishop Moving Decl. Exh. 4.
24     In contrast, the next largest losses belong to Boston, which, according to their calculations
25 totaled $388,621.00.[5] While Boston filed with Norfolk, and together they claim combined damages

---

[5] According to Mr. Kornfeld's counsel's calculations, Boston's damage analysis is overstated by $1,909.00 as they did not limit their damages to the "difference between the . . . sale price paid . . .and the mean trading price of the security" between the last day of the Class Period

of $544,409, this combined filing does not defeat Mr. Kornfeld's position as the movant with the largest losses who satisfies Rule 23 because Boston and Norfolk are unrelated entities.  *See, e.g., Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655, 658 (N.D. Cal. 2000) (rejecting motion by six unrelated institutional and individual investors to be appointed lead plaintiff).  Similarly, the other timely filed lead plaintiff movants have offered evidence of substantially less damages than Mr. Kornfeld.  As a result, Mr. Kornfeld should be appointed Lead Plaintiff of this action and his counsel appointed Lead Counsel.

### C. District No. 9's Filing Violates the Terms of the PSLRA and this Court's Consolidation Order.

The PSLRA provides that within 60 days after the publication of a notice announcing that a class action securities action has been filed, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Accordingly, on October 9, 2007, seven separate motions requesting appointment of lead plaintiff(s) and lead counsel for this litigation were timely filed with this Court.  On October 10, 2007, in this Court's Order Consolidating Cases (the "Consolidation Order"), the Court ordered that:

> **All motions** for appointment of lead plaintiff and lead plaintiff's counsel, **previously filed** in any of the above-entitled actions, shall be WITHDRAWN by the parties that filed such motions, and **shall be re-filed** in the consolidated action, C 07-4073 PJH, no later than Wednesday, October 17, 2007.

Consolidation Order at 2:28-3:3 (emphasis added).

Notably, the Consolidation Order only provides that motions previously filed (in a timely fashion) could be re-filed on October 17, 2007.  As a result, on October 17, 2007, the seven timely filed motions were withdrawn.  Of those seven original motions, five were re-filed on October 17, 2007.  In addition, on October 17, 2007, without legal authority and in violation of the Consolidation Order, District No. 9 filed, for the first time, a motion for appointment of lead

---

and "the date on which the plaintiff" sold "the security."  *See* 15 U.S.C. §78u-5 (e)(2).  Similarly, Boston's co-filer, Norfolk's damages are overstated by $773.00.

6
WILLIAM F. KORNFELD, JR.'S OPP TO COMPETING MTS FOR APPT OF LEAD PLTF & LEAD COUNSEL
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Opposition.wpd

plaintiff and lead counsel. Because District No. 9's application was filed 70 days after the initial publication of a notice announcing this litigation, ten days late, District No. 9's motion must be denied as untimely. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

### III. CONCLUSION

For all the foregoing reasons, Mr. Kornfeld respectfully renews his request that this Court appoint him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the 1934 Act, and approve his choice of Stull, Stull & Brody and Abraham, Fruchter & Twersky, LLP as Co-Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act.

Dated: October 31, 2007

Patrice L. Bishop
STULL, STULL & BRODY

_____/s/_____
Patrice L. Bishop
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Jules Brody
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

Jeffrey S. Abraham
Lawrence D. Levit
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:   (212) 279-3655

Counsel for Movant and Proposed
Lead Counsel for the Class

# PROOF OF SERVICE VIA ELECTRONIC DELIVERY

I, Patrice L. Bishop, hereby certify that on October 31, 2007, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system:

**WILLIAM F. KORNFELD, JR.'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

Upon filing of the foregoing documents, the CM/ECF system sent notification of same to the e-mail address(es) denoted below, obtained through the CM/ECF system.

**William M. Audet**
  waudet@audetlaw.com
**Richard Bemporad**
  rbemporad@lowey.com
**Patrice L. Bishop**
  service@ssbla.com
**Richard W. Cohen**
  rcohen@lowey.com
**Jeanne D'Esposito**
  jdesposito@lowey.com
**Nadeem Faruqi**
  nfaruqi@faruqilaw.com
**Michael M. Goldberg**
  info@glancylaw.com
**David C. Harrison**
  dharrison@ldbs.com
**Mark Irving Labaton**
  mlabaton@kreindler.com
  wkurtz@kreindler.com
**Nicole Catherine Lavallee**
  nlavallee@bermanesq.com
  ysoboleva@bermanesq.com
**Tricia Lynn McCormick**
  triciam@csgrr.com
  e_file_sf@csgrr.com
  e_file_sd@csgrr.com
**Michael Andrew McShane**
  mmcshane@audetlaw.com
**Adel A. Nadji**
  anadji@audetlaw.com
  hweinberg@audetlaw.com
**Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com
**Laurence M. Rosen**
  lrosen@rosenlegal.com
  larry.rosen@earthlink.net
**Shane Rowley**
  srowley@faruqilaw.com
**Michael Lane Rugen**
  Michael.Rugen@hellerehrman.com
  Joshua.Hill@hellerehrman.com
  thom.berninzoni@hellerehrman.com
  SF-DocCal@hewm.com

**Joseph J. Tabacco , Jr**
  jtabacco@bermanesq.com
  ysoboleva@bermanesq.com

1      I further certify that I served a copy(ies) of the above document(s) on the following non-CM/ECF participant(s) by depositing a copy(ies) in the United States mail, first-class postage
2  prepaid, as follows:

3  Marc C. Gardy  
   GARDY & NOTIS, LLP  
4  440 Sylvan Avenue  
   Suite 110  
5  Englewood Cliffs, NJ 07632  
   Tel:  (201) 567-7377  
6  Fax:  (201) 457-7337

7  **Counsel for Plaintiff Joseph Leone**

8  Shawn A. Williams  
   COUGHLIN STOIA GELLER RUDMAN &  
9  ROBBINS LLP  
   100 Pine Street  
10 Suite 2600  
   San Francisco, CA 94111  
11 Tel:  (415) 288-4545  
   Fax:  (415) 288-4534  
12 Email: shawnw@csgrr.com

13 **Counsel for Plaintiffs in Related Actions, Rosenbaum Capital LLC and Elliott**  
14 **Greenberg and Movant Charles Bregenzer**

Sherrie R. Savett  
Arthur Stock  
Jeffrey L. Osterwise  
BERGER & MONTAGUE, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  
Tel:  (215) 875-3000  
Fax:  (215) 875-4604  
Email: ssavett@bm.net  
       astock@bm.net  
       josterwise@bm.net

**Counsel for Plaintiff in Related Action, Allen M. Metzger**

Christopher J. Keller  
Andrei V. Rado  
Alan I. Ellman  
LABATON SUCHAROW LLP  
140 Broadway  
New York, NY 10005  
Tel:  (212) 907-0700  
Fax:  (212) 818-0477

**Counsel for Movants State-Boston Retirement System and Norfolk County Retirement System**

15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

WILLIAM F. KORNFELD, JR.'S OPP TO COMPETING MTS FOR APPT OF LEAD PLTF & LEAD COUNSEL  
**CASE NO. C-07-4140 PJH**  
W:\STULL\LUMINENT\PLD\LP Opposition.wpd

| | | |
|---|---|---|
| 1 | Jules Brody | Evan J. Smith |
| | Howard T. Longman | BRODSKY & SMITH, LLC |
| 2 | STULL, STULL & BRODY | Two Bala Plaza |
| | 6 East 45th Street | Suite 602 |
| 3 | New York, NY 10017 | Bala Cynwyd, PA 19004 |
| | Tel:   (212) 687-7230 | Tel:   (610) 667-6200 |
| 4 | Fax:   (212) 490-2022 | Fax:   (610) 667-9029 |
| | Email: SSBNY@aol.com | |
| 5 |            tsvi@aol.com | **Counsel for Plaintiff in Related Action, PEM Resources LP** |
| 6 | Jeffrey S. Abraham | |
| | Lawrence D. Levit | John J. Soroko |
| 7 | ABRAHAM, FRUCHTER & TWERSKY, LLP | DUANE MORRIS LLP |
| | | 30 South 17th Street |
| 8 | One Penn Plaza | Philadelphia, PA 19103-4196 |
| | Suite 2805 | Tel:   (215) 979-1000 |
| 9 | New York, NY 10119 | Fax:   (215) 979-1020 |
| | Tel:   (212) 279-5050 | |
| 10 | Fax:   (212) 279-3655 | **Counsel for Defendants S. Trezevant Moore, Jr. and Christopher J. Zyda** |
| | Email: jabraham@aftlaw.com | |
| 11 |            llevit@aftlaw.com | |
| 12 | **Counsel for Plaintiff Howard J. Kaplowitz, IRA and Movants William F. Kornfeld and** | |
| 13 | **Dennis Koch** | |
| 14 | Alan R. Plutzik, Of Counsel | |
| | L. Timothy Fisher, Of Counsel | |
| 15 | SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP | |
| 16 | 2125 Oak Grove Road | |
| | Suite 120 | |
| 17 | Walnut Creek, CA 94598 | |
| | Tel:   (925) 945 0770 | |
| 18 | Fax:   (925) 945-8792 | |
| | Email: aplutzik@bramsonplutzik.com | |
| 19 |            ltfisher@bramsonplutzik.com | |
| 20 | Richard A. Maniskas | |
| | D. Seamus Kaskela | |
| 21 | SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP | |
| 22 | 280 King of Prussia Road | |
| | Radnor, PA 19087 | |
| 23 | Tel:   (610) 667-7706 | |
| | Fax:   (610) 667-7056 | |
| 24 | | |
| 25 | **Counsel for Plaintiff in Related Action, PEM Resources LP and Movant Ronald** | |
| | **Larson** | |
| 26 | | |
| 27 | | |
| 28 | | |

WILLIAM F. KORNFELD, JR.'S OPP TO COMPETING MTS FOR APPT OF LEAD PLTF & LEAD COUNSEL
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Opposition.wpd

1  I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

scac@law.stanford.edu

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 31st day of October, 2007 at Los Angeles, California.

                                              /s/
                                       Patrice L. Bishop
                                       Declarant