Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Jules Brody
SSBNY@aol.com
Howard T. Longman
tsvi@aol.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

Jeffrey S. Abraham
jabraham@aftlaw.com
Lawrence D. Levit
llevit@aftlaw.com
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza
Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:   (212) 279-3655

Counsel for Movant and Proposed
Lead Counsel for the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re LUMINENT MORTGAGE CAPITAL, INC., SECURITIES LITIGATION, | CASE NO. 07-CV-04073 PJH |
| | **CLASS ACTION** |
| This Document Relates To: | **WILLIAM F. KORNFELD, JR.'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL** |
| ALL ACTIONS. | |
| | DATE:   November 21, 2007<br>TIME:   9:00 a.m.<br>JUDGE:  Honorable Phyllis J. Hamilton<br>CTRM:   3, 17th Floor |

Proposed Lead Plaintiff William F. Kornfeld, Jr. (hereinafter "Kornfeld") hereby submits this reply memorandum in support of his motion for appointment of lead plaintiff and lead counsel, and in reply to Southern's Opposition to Certain Plaintiffs' Motions for Appointment as Lead Plaintiff and Approval of its [sic] Selection of Lead Counsel ("Southern's Opposition").[1] For the reasons outlined below, and in his moving and opposition papers, Mr. Kornfeld respectfully requests this Court appoint him Lead Plaintiff and appoint his selection of counsel as Co-Lead Counsel for the putative plaintiff Class.

## I. ARGUMENT

Mr. Kornfeld is the lead plaintiff applicant with the largest interest in this litigation, who also meets the qualifications to serve as lead plaintiff.[2] Indeed, of the six pending lead plaintiff applications, only Southern to filed an Opposition to Mr. Kornfeld's Motion. However, contrary to Southern's Opposition, Mr. Kornfeld is the individual investor with the largest losses who also satisfies the requirements of Rule 23 because Southern Improvement may be subject to unique defenses and therefore lacks typicality. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Moreover, unlike Southern's selected counsel, Mr. Kornfeld's selected proposed lead counsel has no conflicts with their client, as further discussed below. Accordingly, Mr. Kornfeld should be appointed lead plaintiff and his selected counsel should be appointed lead counsel.

As outlined in Mr. Kornfeld's Opposition, Southern is atypical because, according to the certification submitted on behalf of Southern Improvement, Southern Improvement sold certain

---

[1] In addition to Mr. Kornfeld, motions for appointment of lead plaintiff and lead counsel were also filed by (i) Southern Improvement Company ("Southern Improvement"), Allen Dayton and VSA, Inc. ("VSA") (collectively referring to themselves as "Southern" in their Opposition papers); (ii) Joel Sharenow, Bradley Burns and Rajivi Kumar Prasad; (iii) State-Boston Retirement System and Norfolk County Retirement System; (iv) Ronald Larson; and (v) District No. 9, International Association of Machinists & Aerospace Workers Pension Trust ("District No.9"). District No. 9 withdrew its application for appointment of lead plaintiff/lead counsel on November 6, 2007.

[2] While Southern purports to have the largest losses, for the reasons outlined herein, Southern should not be appointed lead plaintiff.

1
**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

1  Luminent Mortgage Capital, Inc. ("Luminent") call options. *See* Exhibit ("Exh.") 1 to the
2  Declaration of David C. Harrison in Support of Motion by Southern for Appointment as Lead
3  Plaintiff and Approval of Their Selection of Lead Counsel ("Harrison Decl.").[3] As outlined in Mr.
4  Kornfeld's Opposition, Southern Improvement's selling of those call options during the Class
5  Period was a form of hedging against a decline in the price of Luminent's stock price. These
6  hedging activities make Southern Improvement an atypical proposed lead plaintiff applicant because
7  it calls into question Southern Improvement's ability to adequately represent the interests of a class
8  of investors. *See Camden Asset Mgmt., L.P. v. Sunbeam Corp.*, 2001 U.S. Dist. LEXIS 11022 at
9  *48 (S.D. Fl. 2001); *Silverstein v. Digital Equipment Corp.*, 1990 U.S. Dist. LEXIS 6333 (D. Mass.
10 1990). To address these issues more completely, Mr. Kornfeld requested relevant documentation
11 from Southern, a request which Southern refused. *See* Bishop Declaration in Support of William F.
12 Kornfeld, Jr.'s Opposition to Competing Motions for Appointment of Lead Plaintiff and Lead
13 Counsel Exhs. 1 and 2.
14     In addition, a conflict exists between Southern Improvement, the proposed Class and
15 Southern Improvement's proposed lead counsel, Lowey Dannenberg Bemporad Selinger & Cohen,
16 P.C. According to Southern Improvement's certification, Southern Improvement adopted the
17 allegations contained in the complaint filed in *Metzger v. Luminent Mortgage, Inc.*, *et al.*, 07-CV-
18 4686 (PJH). *See* Harrison Decl. Exh. 1 at ¶3. According to the *Metzger* Complaint for Violations
19 of the Securities Laws, filed on September 11, 2007*, Metzger* "is a securities fraud class action on
20 behalf of all purchasers of publicly traded securities of Luminent between October 10, 2006 and
21 August 6, 2007, inclusive (the "Class Period"), against Luminent and certain of its officers and
22 directors for violations of the Securities Exchange Act of 1934 ("1934 Act"). *See Metzger v.*
23 *Luminent, et al.*, N.D. Cal. Case No. C 07-04686 (PJH) [now consolidated into this consolidated
24 action], Docket No. 1, ¶1 at 1:10-13.

---

[3] In a chart annexed to Southern Improvement's Certification, signed by Allen Dayton on October 5, 2007, Dayton, through Southern Improvement, repeatedly sold "Call" Options between June 26, 2007 through August 3, 2007.

2
**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

1    However, according to the chart of transactions attached to Southern Improvement's certification, in addition to selling call options during the Class Period, between June 28, 2007 and July 12, 2007, Southern Improvement sold "put" options. The selling of put options is a transaction in Luminent securities which is not included within the Class Period definition adopted by Southern. A put option is a contract that grants the holder the right to sell a specific number of shares of a stock by a date certain at a specified price. *See* John Downes & Jordan Elliot Goodman, *Dictionary of Finance and Investment Terms* (Barron's Financial Guides, 4th ed., 1995). Notably, therefore, while the seller of a put option may be damaged under the securities laws, that seller has not engaged in a purchase, they have engaged in a sale.[4] As a result, the losses allegedly incurred by Southern Improvement as a result of their sale of put options between June 28, 2007 and July 12, 2007, are not part of this litigation.[5] Therefore, Southern Improvement has a conflict with not only their counsel but the purported Class as a whole because, by having Southern Improvement adopt a class period which only included "purchasers," Southern Improvement's counsel has abandoned its claims for losses occurring from its sale of put options. As a result, Southern Improvement is, again, atypical and should not be appointed lead plaintiff.

If, however, this Court is not prepared to deny Southern's application in its entirety, contrary to Southern's Opposition, this Court should permit discovery into Southern's trading activity. *See* Southern Opposition, n.15 at 10:24-27; *see also Brown v. Biogen IDEC, Inc.*, 2005 U.S. Dist. LEXIS 19350 at *6 (D. Mass. 2005) (ordering discovery of a proposed lead plaintiff) (citing 15 U.S.C. § 78u-4(a) (3) (B)). Moreover, this Court should allow discovery assuring that Southern understands that its counsel has abandoned certain of its claimed losses because those losses are outside the Class Period definition.

---

[4] Tellingly, the seller of a put option is generally damaged after the Class Period when the stock price has decreased and the holder of the note calls for the put option seller to make good on their contract. *See*, *e.g.*, Harrison Decl. Exh. 1, page 37 of 95.

[5] In addition, none of the class period definitions included in the other complaints filed against Luminent and consolidated into this action includes the sale of put options. Order Consolidated Cases, N.D. Cal. Case No. 07-04073 (PJH), Docket No. 51, filed October 10, 2007.

3
**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

## II. CONCLUSION

For all the foregoing reasons, Mr. Kornfeld respectfully renews his request that this Court appoint him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the 1934 Act, and approve his choice of Stull, Stull & Brody and Abraham, Fruchter & Twersky, LLP as Co-Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act.[6]

Dated: November 7, 2007

Patrice L. Bishop
STULL, STULL & BRODY

      /s/
Patrice L. Bishop
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:  (310) 209-2468
Fax:  (310) 209-2087

Jules Brody
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:  (212) 687-7230
Fax:  (212) 490-2022

Jeffrey S. Abraham
Lawrence D. Levit
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:  (212) 279-5050
Fax:  (212) 279-3655

Counsel for Movant and Proposed
Lead Counsel for the Class

---

[6] If this Court is inclined to grant the application of any other proposed lead plaintiff over Mr. Kornfeld, Mr. Kornfeld respectfully requests this Court reconsider his application if that lead plaintiff becomes unable to fulfill its duties on behalf of the purported Class.

4
**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

# PROOF OF SERVICE VIA ELECTRONIC DELIVERY

I, Patrice L. Bishop, hereby certify that on November 7, 2007, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system:

**WILLIAM F. KORNFELD, JR.'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

Upon filing of the foregoing documents, the CM/ECF system sent notification of same to the e-mail address(es) denoted below, obtained through the CM/ECF system.

**William M. Audet**
    waudet@audetlaw.com
**Richard Bemporad**
    rbemporad@lowey.com
**Patrice L. Bishop**
    service@ssbla.com
**Richard W. Cohen**
    rcohen@lowey.com
**Jeanne D'Esposito**
    jdesposito@lowey.com
**Nadeem Faruqi**
    nfaruqi@faruqilaw.com
**Michael M. Goldberg**
    info@glancylaw.com
**David C. Harrison**
    dharrison@ldbs.com
**Mark Irving Labaton**
    mlabaton@kreindler.com
    wkurtz@kreindler.com
**Nicole Catherine Lavallee**
    nlavallee@bermanesq.com
    ysoboleva@bermanesq.com
**Tricia Lynn McCormick**
    triciam@csgrr.com
    e_file_sf@csgrr.com
    e_file_sd@csgrr.com
**Michael Andrew McShane**
    mmcshane@audetlaw.com
**Adel A. Nadji**
    anadji@audetlaw.com
    hweinberg@audetlaw.com
**Alan Roth Plutzik**
    aplutzik@bramsonplutzik.com
**Laurence M. Rosen**
    lrosen@rosenlegal.com
    larry.rosen@earthlink.net
**Shane Rowley**
    srowley@faruqilaw.com
**Michael Lane Rugen**
    Michael.Rugen@hellerehrman.com
    Joshua.Hill@hellerehrman.com
    thom.berninzoni@hellerehrman.com
    SF-DocCal@hewm.com

**Joseph J. Tabacco , Jr**
    jtabacco@bermanesq.com
    ysoboleva@bermanesq.com

---

**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL
CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

| | |
|---|---|
| 1 | I further certify that I served a copy(ies) of the above document(s) on the following non-CM/ECF participant(s) by depositing a copy(ies) in the United States mail, first-class postage prepaid, as follows: |

| | |
|---|---|
| Marc C. Gardy<br>GARDY & NOTIS, LLP<br>440 Sylvan Avenue<br>Suite 110<br>Englewood Cliffs, NJ 07632<br>Tel:   (201) 567-7377<br>Fax:   (201) 457-7337<br><br>**Counsel for Plaintiff Joseph Leone**<br><br>Shawn A. Williams<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>100 Pine Street<br>Suite 2600<br>San Francisco, CA 94111<br>Tel:   (415) 288-4545<br>Fax:   (415) 288-4534<br>Email: shawnw@csgrr.com<br><br>**Counsel for Plaintiffs in Related Actions, Rosenbaum Capital LLC and Elliott Greenberg and Movant Charles Bregenzer**<br><br>Evan J. Smith<br>BRODSKY & SMITH, LLC<br>Two Bala Plaza<br>Suite 602<br>Bala Cynwyd, PA 19004<br>Tel:   (610) 667-6200<br>Fax:   (610) 667-9029<br><br>**Counsel for Plaintiff in Related Action, PEM Resources LP**<br><br>John J. Soroko<br>DUANE MORRIS LLP<br>30 South 17th Street<br>Philadelphia, PA  19103-4196<br>Tel:   (215) 979-1000<br>Fax:   (215) 979-1020<br><br>**Counsel for Defendants S. Trezevant Moore, Jr. and Christopher J. Zyda** | Sherrie R. Savett<br>Arthur Stock<br>Jeffrey L. Osterwise<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel:   (215) 875-3000<br>Fax:   (215) 875-4604<br>Email: ssavett@bm.net<br>           astock@bm.net<br>           josterwise@bm.net<br><br>**Counsel for Plaintiff in Related Action, Allen M. Metzger**<br><br>Christopher J. Keller<br>Andrei V. Rado<br>Alan I. Ellman<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Tel:   (212) 907-0700<br>Fax:   (212) 818-0477<br><br>**Counsel for Movants State-Boston Retirement System and Norfolk County Retirement System**<br><br>Alan R. Plutzik, Of Counsel<br>L. Timothy Fisher, Of Counsel<br>SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP<br>2125 Oak Grove Road<br>Suite 120<br>Walnut Creek, CA 94598<br>Tel:   (925) 945 0770<br>Fax:   (925) 945-8792<br>Email: aplutzik@bramsonplutzik.com<br>           ltfisher@bramsonplutzik.com<br><br>Richard A. Maniskas<br>D. Seamus Kaskela<br>SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel:   (610) 667-7706<br>Fax:   (610) 667-7056<br><br>**Counsel for Plaintiff in Related Action, PEM Resources LP and Movant Ronald Larson** |

**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd

| | |
|---|---|
| 1 | Jules Brody |
| | Howard T. Longman |
| 2 | STULL, STULL & BRODY |
| | 6 East 45th Street |
| 3 | New York, NY 10017 |
| | Tel:    (212) 687-7230 |
| 4 | Fax:    (212) 490-2022 |
| | Email: SSBNY@aol.com |
| 5 |          tsvi@aol.com |
| 6 | Jeffrey S. Abraham |
| | Lawrence D. Levit |
| 7 | ABRAHAM, FRUCHTER & TWERSKY, LLP |
| 8 | One Penn Plaza |
| | Suite 2805 |
| 9 | New York, NY 10119 |
| | Tel:    (212) 279-5050 |
| 10 | Fax:    (212) 279-3655 |
| | Email: jabraham@aftlaw.com |
| 11 |          llevit@aftlaw.com |
| 12 | **Counsel for Plaintiff Howard J. Kaplowitz,** |
| | **IRA and Movants William F. Kornfeld and** |
| 13 | **Dennis Koch** |

14      I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**scac@law.stanford.edu**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 7th day of November, 2007 at Los Angeles, California.

                                         /s/
                                 Patrice L. Bishop
                                 Declarant

**KORNFELD, JR.'S REPLY MEMO ISO HIS MTN FOR APPT OF LEAD PLTF & LEAD COUNSEL**
**CASE NO. C-07-4140 PJH**
W:\STULL\LUMINENT\PLD\LP Reply.wpd