1   MICHAEL L. RUGEN (Bar No. 85578)
    DANIEL J. DUNNE (admitted *pro hac vice*)
2   JOSHUA HILL (Bar No. 250842)
    HELLER EHRMAN LLP
3   333 Bush Street
    San Francisco, CA  94104-2878
4   Telephone: +1 (415) 772-6000
    Facsimile: +1 (415) 772-6268
5       Michael.Rugen@hellerehrman.com
        Daniel.Dunne@hellerehrman.com
6       Joshua.Hill@hellerehrman.com

7

    *Attorneys for Defendants Luminent Mortgage*
8   *Capital, Inc., S. Trezevant Moore, Jr.,*
    *Christopher J. Zyda, and Gail Seneca*
9

10

11                 UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
12
                    SAN FRANCISCO DIVISION
13

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION, | Case No.: C-07-04073 PJH |
| _____ | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED COMPLAINT** |
| This Document Relates To:<br>        ALL ACTIONS | |
| | Date:           July 2, 2008<br>Time:           9:00 a.m.<br>Trial Date:     None Set |
| | The Honorable Phyllis J. Hamilton |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE
CONSOLIDATED COMPLAINT: C-07-04073 PJH

1    **TO THE COURT AND TO ALL PARTIES APPEARING IN THIS ACTION:**

2         Pursuant to Rule 201 of the Federal Rules of Evidence and the doctrine of incorporation by

3    reference, Defendants Luminent Mortgage Capital, Inc. ("Luminent" or the "Company"), S.

4    Trezevant Moore, Jr., Gail Seneca, and Christopher J. Zyda request this Court take judicial notice

5    of the relevant portions of the documents listed below in connection with their motion to dismiss

6    the Consolidated Class Action Complaint (the "Complaint") for violations of the federal securities

7    laws.  True and correct copies of these documents are attached to this Request for Judicial Notice as

8    Exhibits 1 through 27 in support of Defendants' motion to dismiss, filed concurrently herewith.

9    **I.    THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED BY
             REFERENCE IN THE COMPLAINT**
10

11        Under the incorporation by reference doctrine, a court may consider on a Rule 12(b)(6)

12   motion documents "whose contents are alleged in a complaint and whose authenticity no party

13   questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics*

14   *Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal citation omitted); *In re Portal Software, Inc.*

15   *Sec. Litig.*, 2005 U.S. Dist. LEXIS 20214, at *12 (N.D. Cal. 2005) ("[C]ourts are specifically

16   authorized, in connection with a motion to dismiss a securities fraud complaint, to consider

17   documents and filings described in the complaint under the incorporation by reference doctrine.").

18   Moreover, where a plaintiff fails to attach to the complaint the documents upon which the

19   complaint is premised, a defendant may attach such documents in order to show that they do not

20   support the plaintiff's claim.  *In Re Pac. Gateway Exch., Inc.*, 169 F. Supp.2d 1160, 1164 (N.D.

21   Cal. 2001).  The incorporation by reference doctrine is not limited to public records, but may

22   include any document whose contents are alleged in a complaint.  *See Meeker v. Belridge Water*

23   *Storage Dist.*, 2006 U.S. Dist. LEXIS 91775, at *28 (E.D. Cal. 2006) ("Although these documents

24   are not technically public records and are therefore not judicially noticeable, they are admissible on

25   a motion to dismiss under the 'incorporation by reference doctrine'. . . ."); *In re Cooper Mountain*

26   *Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (finding admissible analyst report and news

27   article because contents were alleged in the complaint).

28

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE
CONSOLIDATED COMPLAINT: C-07-04073 PJH

The Court should consider the following documents (filed herewith), which are incorporated by reference in the Complaint.

| | |
|---|---|
| Exhibit 1 | True and correct copy of Luminent's February 9, 2007 Press Release, filed with the SEC on February 15, 2007. |
| Exhibit 2 | True and correct copy of Luminent's 2006 10-K, filed with the SEC on March 16, 2007. |
| Exhibit 3 | True and correct copy of Luminent's May 10, 2007 Press Release, filed with the SEC on May 11, 2007. |
| Exhibit 4 | True and correct copy of Luminent's 10-Q for the quarter ending March 31, 2007, filed with the SEC on May 10, 2007. |
| Exhibit 5 | True and correct copy of Luminent's May 10, 2007 Earnings Conference Call Transcript. |
| Exhibit 6 | True and correct copy of Luminent's June 27, 2007 Press Release. |
| Exhibit 7 | True and correct copy of Luminent's July 23, 2007 Pharos Newsletter, filed with the SEC on July 23, 2007. |
| Exhibit 8 | True and correct copy of Luminent's July 30, 2007 Press Release, filed with the SEC on July 30, 2007. |
| Exhibit 9 | True and correct copy of Luminent's August 6, 2007 Press Release, filed with the SEC on August 6, 2007. |
| Exhibit 10 | True and correct copy of Luminent's August 7, 2007 Press Release, filed with the SEC on August 7, 2007. |
| Exhibit 11 | True and correct copy of Luminent's 10-Q for the quarter ending June 30, 2007, filed with the SEC on September 26, 2007. |
| Exhibit 12 | True and correct copy of Luminent's November 19, 2007 PowerPoint Presentation, filed with the SEC on November 19, 2007. |
| Exhibit 13 | True and correct copy of Answer and Counterclaim filed by HSBC in *Luminent Mortgage Capital, Inc. et al. v. HSBC Securities (USA), Inc.*, No. 07 Civ. 9340 (S.D.N.Y.). |
| Exhibit 14 | True and correct copy of UBS Analyst Report, dated February 9, 2007. |
| Exhibit 15 | True and correct copy of Harry Terris, *Alt-A Tremors*, American Banker, Feb. 22, 2007. |
| Exhibit 16 | True and correct copy of Richard Beales, et al., The Financial Times, *Subprime Fears Lift Treasuries*, Feb. 27, 2007. |

2

1  **II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS FILED WITH THE SEC**

2

3    Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not

4  subject to reasonable dispute in that [they are] either (1) generally known within the territorial

5  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources

6  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well-established in

7  the Ninth Circuit that courts may take judicial notice of documents filed with the Securities and

8  Exchange Commission ("SEC"). *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006);

9  *see also In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (finding that

10  court may take judicial notice of documents filed with the SEC); *Allison v. Brooktree Corp.*, 999 F.

11  Supp. 1342, 1352-53 & n.3 (S.D. Cal. 1998) (taking judicial notice of a defendant's Form 4 filings

12  even where plaintiff did not allege that defendant engaged in insider trading).

13    The Court should take judicial notice of the following documents (filed herewith), which

14  have been filed with the SEC.

| | |
|---|---|
| Exhibit 17 | True and correct copy of Form 4 for Ms. Gail Seneca, filed with the SEC on April 13, 2007. |
| Exhibit 18 | True and correct copy of Form 4 for Mr. S. Trezevant Moore, filed with the SEC on April 12, 2007. |
| Exhibit 19 | True and correct copy of Form 4 for Mr. S. Trezevant Moore, filed with the SEC on June 21, 2007. |
| Exhibit 20 | True and correct copy of Form 4 for Mr. Christopher Zyda, filed with the SEC on June 12, 2007. |
| Exhibit 21 | True and correct copy of Form 4 for Mr. Joseph Whitters, filed with the SEC on June 21, 2007. |
| Exhibit 22 | True and correct copy of Form 4 for Mr. Joseph Whitters, filed with the SEC on June 28, 2007. |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**III.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLISHED ARTICLES**

Courts may also "take judicial notice under Rule 201 of the existence and contents of published articles." *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1973 n.13 (2007)).

The Court should take judicial notice of the following documents (filed herewith).

| Exhibit 23 | True and correct copy of Robert K. Steel, Under Secretary for Domestic Finance, U.S. Dept. of the Treasury, Testimony Before the House Committee on Financial Services (Sept. 5, 2007). |
|---|---|
| Exhibit 24 | True and correct copy of Susan Black, *The Asset-Backed Commercial Paper Market*, Reserve Bank of Australia Bulletin (Jan. 2008). |
| Exhibit 25 | True and correct copy of Alan Greenspan, *The Roots of the Mortgage Crisis*, Wall St. J., Dec. 12, 2007, at A19. |
| Exhibit 26 | True and correct copy of Eric Dash, *The Fed's Sudden Action Eases a Logjam in Corporate Borrowing*, N. Y. Times, Aug. 18, 2007. |
| Exhibit 27 | True and correct copy of Tom Buerkle, *Spenders of Last Resort*, Institutional Investor, Jan. 2008. |

March 31, 2008                          Respectfully submitted,

HELLER EHRMAN LLP

By:           /s/ Michael L. Rugen
                MICHAEL L. RUGEN

*Attorneys for Defendants Luminent Mortgage Capital, Inc., S. Trezevant Moore, Jr., Gail Seneca and Christopher J. Zyda*

4

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED COMPLAINT: C-07-04073 PJH