1  MICHAEL L. RUGEN (Bar No. 85578)
   Email: Michael.Rugen@Hellerehrman.com
2  JENNY HONG (Bar No. 251751)
   Email: Jenny.Hong@Hellerehrman.com
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, CA  94104
   Telephone: (415) 772-6000
5  Facsimile: (415) 772-6268

6  DANIEL J. DUNNE (admitted *pro hac vice*)
   Email: Daniel.Dunne@Hellerehrman.com
7  HELLER EHRMAN LLP
   701 5th Avenue, Suite 6100
8  Seattle, WA 98104
   Telephone: (206) 447-0900
9  Facsimile: (206) 447-6098

11 *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION | Case No.: C-07-04073 PJH |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS | **CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] ORDER REGARDING PRE-MEDIATION DISCLOSURE MATERIALS** AS MODIFIED BY THE COURT<br><br>The Honorable Phyllis J. Hamilton |

Lead Plaintiff The Southern Improvement Company, VSA, Inc. and Allen Dayton (collectively "Plaintiff"), by and through their counsel Lowey Dannenberg Cohen & Hart, P.C. and Berman DeValerio Pease Tabacco Burt & Pucillo (collectively "Plaintiff's counsel"); and Defendants Luminent Mortgage Capital, Inc. ("Luminent" or the "Company"), S. Trezevant Moore, Jr., Christopher J. Zyda, and Gail P. Seneca (collectively "Defendants"), by and through their counsel Heller Ehrman LLP ("Defense counsel") hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), to this Confidentiality Agreement and Order ("Agreement") in *In re Luminent Mortgage Capital, Inc. Securities Litigation* (Case No.: C-07-04073 PJH) ("Class Action Litigation") pending in the United States District Court for the Northern District of California (the "Court").

The parties have agreed to discuss the possibility of resolving this matter and have therefore scheduled a mediation session before David Geronemus of JAMS, in New York City, on July 11, 2008. Plaintiff and Plaintiff's counsel and Defendants and Defense counsel have agreed that the prospects for successful mediation may be improved if certain limited materials are provided to Plaintiff solely for the purpose of facilitating ongoing settlement discussions in the Class Action Litigation.

Defendants have filed a motion to dismiss Plaintiff's Consolidated Class Action Complaint (the "Complaint"), and in consequence, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), discovery in this action is stayed and Plaintiff is not entitled to conduct discovery for the purposes of amending, modifying or improving the Complaint. For the parties to be able to engage in early settlement negotiations with the benefit of information that may not be available in the public domain, while at the same time protecting Defendants from the prejudice that might result from their production of internal corporate documents to Plaintiff prior to expiration of the PSLRA stay and while a motion to dismiss is pending, the parties have entered into this Confidentiality Stipulation Regarding Pre-Mediation Disclosure Materials for the purpose of maintaining the confidentiality, and limiting the use, of certain materials and information provided hereunder. Accordingly,

IT IS HEREBY AGREED:

1. **Pre-Mediation Disclosure Material.** Documents produced by Defendants to Plaintiff hereafter in connection with Plaintiff's pre-mediation disclosure requests shall be considered Pre-Mediation Disclosure Material. Pre-Mediation Disclosure Material shall also include any information copied or extracted from such documents, as well as copies, excerpts, summaries, or compilations thereof. In addition to any additional provisions below, California Evidence Code sections 1119, 1120 and 1126 shall apply to all Pre-Mediation Disclosure Material.

2. **Use of Pre-Mediation Disclosure Material.** All Pre-Mediation Disclosure Material described in No.1 above, and any information contained therein or derived therefrom, shall be used only in this action and no other litigation or proceeding; shall be used solely for the purpose of facilitating ongoing settlement discussions in the Class Action Litigation, and for no other purpose; and shall not be disclosed to anyone, except counsel in this action, non-testifying consultants in this action who are bound to preserve the confidentiality of such materials, or David Geronemus, the mediator jointly designated by Plaintiff and Defendants, *provided* that nothing herein shall preclude Plaintiff's counsel from disclosing Pre-Mediation Disclosure Material or their contents to Plaintiff, subject to such Plaintiff's agreement in writing to be bound by this Stipulation.

3. **Restrictions on Use**. Defendants have filed a motion to dismiss Plaintiff's complaint on the grounds that it does not meet the standards set forth in the PSLRA. Discovery of Pre-Mediation Disclosure Material is not otherwise available to Plaintiff under the PSLRA while a motion to dismiss is pending unless permitted by order of the Court pursuant to 15 U.S.C. § 78u-4(b)(3), and Pre-Mediation Disclosure Material shall not be used in any way to modify, amend or improve any complaint in this action, nor as the basis for evidence or arguments that might be offered in opposition to any motion to dismiss filed pursuant to the PSLRA. Pre-Mediation Disclosure Material may not be used for any purpose other than in connection with settlement analysis, settlement negotiations, and mediation in this action. No Pre-Mediation Disclosure Material may be filed with the Court or attached as exhibits to any pleading or filing, and no Pre-Mediation Disclosure Material may be quoted, paraphrased, summarized, digested or referred to by Plaintiff in any pleading or other filing in court under any circumstances without the prior written

consent of Defendants. Nothing herein, however, limits Plaintiff's ability to use any Pre-Mediation Disclosure Material that is subsequently and independently produced in discovery in later proceedings.

4. **Return and/or Destruction of Pre-Mediation Disclosure Material.** If the parties are not able to achieve a settlement in principle at the mediation, then, within thirty (30) days after the mediation before David Geronemus has concluded, all Pre-Mediation Disclosure Material and copies thereof, including Pre-Mediation Disclosure Material in the hands of non-testifying consultants, shall be returned to Defendants and/or destroyed. Plaintiffs shall delete confidential Pre-Mediation Disclosure Material from all internal work product of Plaintiff's counsel, agents, and consultants, including copies, excerpts, summaries, or compilations thereof. Plaintiff's counsel shall immediately certify in writing that the confidential Pre-Mediation Disclosure Material has been destroyed, deleted and eliminated in the manner required herein.

5. **Information Not Subject to the Terms of this Agreement.** This Agreement has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material obtained lawfully by such party independently of this Agreement.

6. **Preservation and Termination Provision.** Pre-Mediation Disclosure Material will not obtain immunity or exclusion from discovery by virtue of production under this Agreement, and after the expiration or lifting by Court order pursuant to 15 U.S.C. § 78u-4(b)(3)(D) of any stay of discovery in this civil action, may subsequently be subject to discovery as and to the extent permitted by Rules 26 to 27 of the Federal Rules of Civil Procedure. Nothing in this Stipulation shall preclude Plaintiff's counsel from hereafter seeking discovery of any documents or information from Defendants, nor preclude Defendants from objecting to any request by Plaintiff's counsel for such documents or information, in accordance with the Federal Rules of Civil Procedure and the PSLRA. Nothing in this Stipulation shall limit the preservation obligations of any party under Section 21D(b)(3)(C) of the Exchange Act, 15 U.S.C. §78u-4(b)(3)(C).

7. **Execution.** This Agreement may be signed in counterparts, each of which shall be deemed an original but all of which shall be deemed to constitute a single instrument.

8. **Jurisdiction.** All persons who have access to information or material produced according to this Agreement acknowledge that they are bound by this Agreement and submit to the jurisdiction of this Court for purposes of enforcing this Agreement.

9. ~~**Survival.** Final termination of this proceeding shall not terminate the limitations on use and disclosure imposed by this Agreement, which shall remain in effect until the parties agree otherwise or the Court otherwise directs.~~  PJH

10. **Entire Agreement.** This Agreement contains the entire agreement between Plaintiff and Defendants regarding its subject matter.

IT IS SO STIPULATED:

Dated: June 19, 2008

HELLER EHRMAN LLP

By:   /s/ Daniel J. Dunne
        DANIEL J. DUNNE
Attorneys for Defendants Luminent Mortgage Capital, Inc., S. Trezevant Moore, Jr., Christopher J. Zyda, and Gail Seneca

Dated: June 19, 2008

LOWEY DANNENBERG COHEN & HART, P.C.

By:   /s/ David C. Harrison
        DAVID C. HARRISON
Lead Counsel and Attorneys for Lead Plaintiff and the Putative Class

Dated: June 19, 2008

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

By:   /s/ Nicole LaVallee
        NICOLE LAVALLEE
Local Counsel for Lead Plaintiff and the Putative Class

1  Pursuant to Stipulation, IT IS SO ORDERED.

Dated:  6/23/08



IT IS SO ORDERED
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5