Joseph J. Tabacco, Jr. (SBN 75484)
E-mail: jtabacco@bermanesq.com
Nicole Lavallee (SBN 165755)
E-mail: nlavallee@bermanesq.com
**BERMAN DeVALERIO**
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Local Counsel*

Richard W. Cohen (admitted *pro hac vice*)
E-mail: rcohen@lowey.com
Barbara J. Hart (admitted *pro hac vice*)
E-mail: bhart@lowey.com
David C. Harrison (admitted *pro hac vice*)
E-mail: dharrison@lowey.com
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway, Suite 509
White Plains, New York 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

*Lead Counsel for Plaintiff
and the Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION | C 07-04073 PJH |
| | CLASS ACTION |
| This Document Relates To: | [~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| ALL ACTIONS | |

WHEREAS a consolidated class action is currently pending before the court entitled *In re Luminent Mortgage Capital, Inc. Securities Litigation*, Master Case No. C 07-04073 (the "Action").

WHEREAS, the Court has received the Stipulation of Settlement dated as of September

1    10, 2008 (the "Stipulation"), that was entered into by the Lead Plaintiff and Defendants, and the

2    Court has reviewed the Stipulation and its attached Exhibits; and

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4    Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance

5    with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and

6    conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice

7    upon the terms and conditions set forth therein; and the Court having read and considered the

8    Stipulation and the Exhibits annexed thereto; and

9    WHEREAS, all defined terms contained herein shall have the same meanings as set forth

10   in the Stipulation;

11   NOW, upon consent of the Parties, after review and consideration of the Stipulation filed

12   with the Court and the Exhibits annexed thereto, and after due deliberation, IT IS HEREBY

13   ORDERED:

14

15   1.    For purposes of this Settlement only, the Court will certify a Settlement Class

16   defined as:

17

18
> All Persons who purchased or otherwise acquired Luminent
> publicly traded securities or call options on publicly traded
> Luminent securities, and all persons who sold or otherwise disposed
> of put options on publicly traded Luminent securities during the
> period from February 9, 2007 through August 6, 2007 (the
> "Settlement Period"), and their respective executors,
> administrators, representatives, agents, attorneys, successors, heirs
> and/or assigns.  Excluded from the Settlement Class are the
> Defendants; the officers and directors of the Company; members of
> the immediate families and heirs, successors or assigns of the
> foregoing; and any firm, trust, corporation, or other entity in which
> any Defendant has a controlling interest.  Also excluded from the
> Settlement Class are persons who request exclusion from the
> Settlement Class pursuant to the terms of this Stipulation or order
> of the Court.

26   2.    The Court finds that certification of the Settlement Class for settlement purposes

27   only is appropriate because:

28

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & PROVIDING
FOR NOTICE (07-04073 PJH)

1       (a)     The Settlement Class is so numerous that joinder of all members is

2  impracticable, satisfying the requirements of Rule 23(a)(1);

3       (b)     There are questions of law or fact common to the Settlement Class,

4  satisfying the requirement of Rule 23(a)(2);

5       (c)     The claims of the Lead Plaintiff, The Southern Investment Improvement

6  Company, VGA, Inc. and Allen Dayton, are typical of the claims of the Settlement Class,

7  satisfying the requirement of Rule 23(a)(3);

8       (d)     The representative parties will fairly and adequately protect the interests of

9  the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

10       (e)     Questions of law and fact common to the members of the Settlement Class

11  predominate over questions affecting only individual members and a class action is

12  superior to other methods available for the fair and efficient adjudication of the

13  controversy, satisfying the requirements of Rule 23(b)(3).

14     3.    The findings in this Paragraph 2 are for purposes of this Settlement only, and shall

15  have no force or effect for any other purpose or if the Settlement does not become Effective. The

16  Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, and

17  the Proposed Plan of Allocation described in the Notice, subject to further consideration at the

18  Settlement Fairness Hearing described below.

19     4.    A hearing (the "Settlement Fairness Hearing") shall be held before this Court on

20  April 29, 2009, at 9:00 a.m., at the United States Courthouse – 17th Floor, Courtroom 3, 450

21  Golden Gate Avenue, San Francisco, California, to determine whether the proposed Settlement of

22  the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and

23  adequate to the Settlement Class and should be approved by the Court; whether a Judgment as

24  provided in the Stipulation should be entered herein; and whether the proposed Plan of Allocation

25  should be approved; and to determine the amount of fees and expenses that should be awarded to

26  Plaintiff's Lead Counsel.

27     5.    The Court approves, as to form and content, the Notice of Class Action

28  Certification, Proposed Settlement, Motion for Attorneys' Fees and Expenses and Hearing

1    Thereon (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and

2    Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the

3    mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

4    manner and form set forth in ¶¶ 6 and 10 of this Order meet the requirements of Federal Rule of

5    Civil Procedure 23 and due process, and is the best notice practicable under the circumstances

6    and shall constitute due and sufficient notice to all Persons entitled thereto.

7       6.    Lead Counsel is hereby authorized to retain the firm of Complete Claim Solutions,

8    LLC ("Claims Administrator"), and to supervise and administer the notice procedure as well as

9    the processing of claims by the Claims Administrator, as more fully set forth below:

10       (a)    The Claims Administrator shall make reasonable efforts to identify all

11    Persons who are Members of the Settlement Class, including beneficial owners whose shares of

12    Luminent common stock are held by banks, brokerage firms, or other nominees.  Luminent shall

13    provide to Lead Plaintiff on or before January 30, 2009, the information available from

14    Luminent's transfer records required by the Claims Administrator to send copies of the Notice to

15    the persons and entities who can be identified through reasonable efforts from the stock transfer

16    records of Luminent.

17       (b)    On or before February 9, 2009, (the "Notice Date"), the Claims

18    Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms

19    annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class

20    Members who can be identified with reasonable effort at their last known address appearing in the

21    stock transfer records maintained by or on behalf of Luminent;

22       (c)    On or before February 16, 2009, Lead Counsel shall cause the Summary

23    Notice to be published once in the national edition of *The Wall Street Journal*; and

24       (d)    On or before April 22, 2009, Lead Counsel shall cause to be served on

25    Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing

26    and publishing.

27       7.    Defendants shall complete service on the appropriate federal and state government

28    officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715.

8.    On or before January 30, 2009, Defendants shall pay or cause to be paid the sum of $100,000 into the Class Escrow Fund to be used for actual costs of notice and administration of the Settlement.  In the event that these funds are exhausted, Plaintiff's Lead Counsel may, prior to the Effective Date, expend from the Settlement Fund, without further approval from Defendants or the Court, an additional $100,000, to be used exclusively to pay the expenses associated with the notice and administration of the Settlement.

9.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, Lead Plaintiff, Lead Counsel, and the Settlement Class shall not be responsible for any expenses validly disbursed or reimbursed in accordance with this Stipulation from the Class Notice and Administration Fund, and if the Class Notice and Administration Fund was exhausted, up to a maximum of $100,000 from the Settlement Fund, pursuant to ¶¶ 13 and 18(d) of the Stipulation and ¶ 8 of this Order.

10.    Pursuant to the Notice, nominees who purchased publicly traded securities of Luminent for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such publicly traded Luminent securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Such holders of record shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the

1   Settlement Class.

2         12.    Settlement Class Members who do not timely and validly effect their exclusion from

3   the Settlement Class and who wish to submit a claim for recovery from the Settlement Fund shall

4   complete and submit timely, valid Proof of Claim forms to the Claims Administrator at the Post

5   Office Box indicated in the Notice, postmarked not later than June 9, 2009.  Such deadline may

6   be further extended by Court order.  Proofs of Claim shall be deemed to have been submitted

7   when postmarked, if mailed by first-class, registered, or certified mail, postage prepaid, addressed

8   in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall

9   be deemed to have been submitted at the time they are actually received by the Claims

10  Administrator.  To be valid, a Proof of Claim must (a) be completed in a manner that permits the

11  Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim;

12  (b) include the release by the claimant of all Released Parties as set forth in the Stipulation; and

13  (c) be signed with an affirmation that the information is true and correct.  All Members of the

14  Settlement Class who do not submit valid and timely Proofs of Claim shall be forever barred from

15  receiving any payments from the Settlement Fund, but will in all other respects be subject to and

16  bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

17  Notwithstanding the foregoing, Plaintiff's Lead Counsel shall have discretion to accept late-

18  submitted claims for processing by the Claims Administrator so long as the distribution of the

19  Settlement Fund is not materially delayed thereby.

20        13.    Any Member of the Settlement Class may enter an appearance in the Action, at their

21  own expense, individually or through counsel of their own choice, in which case such counsel

22  must file with the Clerk of the Court and deliver to Plaintiff's Lead Counsel and Defendants'

23  Counsel a notice of such appearance.  If they do not enter an appearance, they will be represented

24  by Plaintiff's Lead Counsel.

25        14.    Any Person falling within the definition of the Settlement Class may, upon request,

26  be excluded from the Settlement Class.  Any such Person must submit to the Claims

27  Administrator a request for exclusion ("Request for Exclusion"), received no later than April 9,

28  2009.  A Request for Exclusion must: (a) state the name, address, and telephone number of the

6

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & PROVIDING
FOR NOTICE (07-04073 PJH)

1   Person requesting exclusion; (b) identify the Person's purchases and sales of publicly traded

2   Luminent securities made during the Settlement Class Period, including the dates of purchase or

3   sale, the number of publicly traded securities purchased and/or sold, and the price paid or

4   received per share for each such purchase or sale; (c) provide proper evidence of the Person's

5   purchases and sales of publicly traded Luminent securities during the Settlement Class Period;

6   and (d) state that the Person wishes to be excluded from the Settlement Class.  All Persons who

7   submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall

8   have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund,

9   and shall not be bound by the Stipulation or the Judgment entered in the Action.

10          15.    Any Member of the Settlement Class may appear and show cause, if he, she or it has

11   any reasons why the proposed Settlement of the Action should or should not be approved as fair,

12   reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan

13   of Allocation should or should not be approved, why attorneys' fees and expenses should or

14   should not be awarded to counsel for the plaintiff, or why the expenses of the Lead Plaintiff

15   should or should not be awarded.  Settlement Class Members must, on or before April 9, 2009,

16   file with the clerk of the court and send by first-class mail to counsel listed below, a written

17   statement of their objections.  A letter or other informal document is sufficient.

18                          _Lead Counsel for Lead Plaintiff and the Class_:

19                          Richard W. Cohen
                            David C. Harrison
20                          Barbara J. Hart
                            Lowey Dannenberg Cohen & Hart, P.C.
21                          David C. Harrison
                            One North Broadway, Suite 509
22                          White Plains, NY  10601-2310

23                          _Counsel for Defendants_:
                            Michael Rugen
24                          Sidley Austin LLP
                            555 California Street
25                          San Francisco, CA  94104

26   The objection should include the following information: (a) the full name, address, and phone

27   number of the objecting Settlement Class Member; (b) a list of all of the Settlement Class

28   Member's Settlement Class Period transactions in publicly traded Luminent securities, including

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & PROVIDING
FOR NOTICE (07-04073 PJH)

brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection, signed by the objector or its counsel; (d) copies of any papers, briefs, or other documents upon which the objection is based; and (e) a statement of whether the objector intends to appear at the Settlement Fairness Hearing.  If the objector intends to appear at the Settlement Fairness Hearing through counsel, the objection should also state the identity of all attorneys who will appear at the Settlement Fairness Hearing.

16.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the plaintiff for attorneys' fees or reimbursement of expenses or by Lead Plaintiff for reimbursement of their expenses shall be filed on or before April 15, 2009.

18.    Defendants and Defendants' Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by plaintiff's counsel, Lead Counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19.    At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

21.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Class Claims against

1    any Released Party.

2        22.    Pending final determination of whether the Settlement should be approved, all

3    proceedings and all discovery with respect to the Defendants in the Class Actions are stayed

4    pending further order of the Federal Court.

5        23.    The Court reserves the right to adjourn the date of the Settlement Fairness Hearing

6    without further notice to the Members of the Settlement Class, and retains jurisdiction to consider

7    all further applications arising out of or connected with the proposed Settlement.  The Court may

8    approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if

9    appropriate, without further notice to the Settlement Class.

10        IT IS SO ORDERED.

11

12   Dated: __January 20_____, 2009

13                                    THE H_____AMILTON
                                     UNITE_____RT JUDGE



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & PROVIDING
FOR NOTICE (07-04073 PJH)

# EXHIBIT A-1

UNITED STATES DISTRICT COURT FOR                                    **EXHIBIT A-1**
THE NORTHERN DISTRICT OF CALIFORNIA

IN RE LUMINENT MORTGAGE CAPITAL,                          C 07-04073 PJH
INC. SECURITIES LITIGATION

## NOTICE OF CLASS ACTION CERTIFICATION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND HEARING THEREON

**IF YOU PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED LUMINENT MORTGAGE CAPITAL, INC. SECURITIES OR CALL OPTIONS ON PUBLICLY TRADED LUMINENT SECURITIES OR SOLD OR OTHERWISE DISPOSED OF PUT OPTIONS ON PUBLICLY TRADED LUMINENT SECURITIES DURING THE PERIOD FROM FEBRUARY 9, 2007 THROUGH AUGUST 6, 2007, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.
This is <u>not</u> a notice that you have been sued.*

- This settlement (the "Settlement") of a lawsuit will provide $8,000,000 in cash, plus interest (the "Settlement Fund"), to pay claims from investors who acquired the common stock of Luminent Mortgage Capital, Inc. ("Luminent") or engaged in certain transactions in put or call options on publicly traded Luminent securities, from February 9, 2007 through August 6, 2007 (the "Settlement Class Period"), and suffered losses. Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement and when those shares were purchased and sold, the average distribution is estimated to be $0.245 per damaged share (and may be somewhat less, depending on the number of call options purchasers and put options sellers who file claims) before deduction of Court-approved fees and expenses described below.  A further description of the Plan of Allocation is on pages _____ to _____ below.

- The Settlement, subject to court approval, resolves a class action lawsuit in federal court over whether Luminent and several of its senior executive officers made false and misleading statements about Luminent's financial condition, its liquidity, the safety of its dividend, and the quality of its portfolio.  The Settlement avoids costs and risks to you and the class from continuing the lawsuit, it pays money to investors like you, and it releases Luminent and several of its senior executive officers (identified at page _____) from liability.

- If the Settlement is approved by the Court, the Court-appointed lawyers for investors, Lowey Dannenberg Cohen & Hart, P.C., will apply to the Court for an award of attorneys' fees  not to exceed 25% of the Settlement Fund, which amounts to approximately $2.0 million, and for reimbursement of expenses not to exceed $120,000 incurred in investigating the facts, prosecuting the case, and negotiating the Settlement. These payments, if approved, will come out of the $8,000,000 Settlement Fund, and are estimated to be an average of $0.065 per damaged share.

- Lead Plaintiff and Luminent do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff were to have prevailed on each claim alleged.  The issues on which the parties disagree include: (1) the amount by which Luminent securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (2) the extent to which external factors, such as general market and industry conditions, including the seizing up of credit markets in early August 2007, influenced the trading price of Luminent securities at various times during the Settlement Class Period; (3) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading or omitted influenced (if at all) the trading price of Luminent securities at various times during the Settlement Class Period; and (4) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws.

- If you are a Settlement Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act.  Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM –** The only way to get a payment from the Settlement.

    **Deadline:  June 9, 2009.**

**EXCLUDE YOURSELF –** You get no payment from the Settlement.  This is the only option that might allow you to bring an individual lawsuit against the Defendants asserting the legal claims being released in this case, if you have a valid and timely claim.

    **Deadline:  April 9, 2009.**

**OBJECT –** You may write to the Court if you do not like this Settlement, the Plan of Allocation, and/or the Request for Attorneys' Fees and Expenses.

    **Deadline:  April 9, 2009.**

**GO TO A HEARING –** You may ask to speak in Court about the fairness of the Settlement.

    **Hearing Date:  April 29, 2009.**

**DO NOTHING –** You get no payment and give up your rights relating to the claims described in this Notice.

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. If approved, payments will be made to claimants from the Settlement Fund on the Effective Date, *i.e.*, after the Court approves the Settlement and enters judgment, and after all appeals and subsequent proceedings (if any) are resolved.

## <u>WHAT THIS NOTICE CONTAINS</u>
*[insert page numbers]*

**<u>BASIC INFORMATION</u>**                                                                            **<u>Page</u>**

1.      Why did I get this Notice package?
2.      What is this lawsuit about?
3.      What is a class action?
4.      Why is there a Settlement?

**<u>WHO IS INCLUDED IN THE SETTLEMENT?</u>**

5.      How do I know if I am a Settlement Class Member?
6.      Are there any exceptions to being included as a Settlement Class Member?
7.      I am still not sure if I'm included.

**<u>THE SETTLEMENT BENEFITS</u>**

8.      What does the Settlement provide?
9.      How much will my payment be?
10.     How can I get a payment?
11.     When  will I  receive my payment?
12.     What am I giving up to get a payment or stay in the Settlement Class?
13.     How does Luminent's bankruptcy affect the Settlement?

**<u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>**

14.     How do I exclude myself from the Settlement?
15.     If I don't exclude myself, can I sue defendants for the same things later?
16.     If I exclude myself, can I get money from this Settlement?

**<u>THE LAWYERS REPRESENTING YOU</u>**

17.     Do I have a lawyer in this case?
18.     How will the lawyers be paid?

{2031 / NOT / 00093471.DOC v1}

## THE COURT'S SETTLEMENT FAIRNESS HEARING

19.    When and where will the Court decide whether to approve the Settlement?
20.    Do I have to come to the hearing?

## OBJECTING TO THE SETTLEMENT

21.    How do I tell the Court that I do not like the Settlement?
22.    What's the difference between objecting and excluding?

## IF YOU DO NOTHING

24.    What happens if I do nothing at all?

## OBTAINING MORE INFORMATION

25.    Are there more details about the Settlement?

## SPECIAL NOTICE TO NOMINEES

26.    Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees

## UNDERSTANDING YOUR PAYMENT -- THE PLAN OF ALLOCATION

| |
|---|
| **1.    Why did I get this Notice package?** |

You or someone in your family may have purchased Luminent common stock or call options on publicly traded Luminent securities or sold put options on publicly traded Luminent securities during the period from February 9, 2007 through August 6, 2007.

The Court caused this Notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the settlement, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, a claims administrator appointed by the Court will make the payments that the settlement allows.

This Notice explains this lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Luminent Securities Litigation*, Master File No. C 07-04073 PJH (the "Action").  U.S. District Judge Phyllis J. Hamilton is the judge in charge of

this class action.  The people who are suing are called the "Lead Plaintiff."  The company which was sued, Luminent, and the individuals who are being sued, Luminent former officers and directors Gail Seneca, S. Trezevant Moore, and Christopher J. Zyda (together, the "Individual Defendants"), are collectively referred to as the "Defendants."

| 2. | What is this lawsuit about? |
|---|---|

Defendant Luminent is a publicly traded real estate investment trust which invested primarily in assets secured by residential real estate mortgages.  On August 6, 2007, Luminent announced that contrary to certain prior assurances about the Company's ample liquidity and its intention to pay a dividend for the June 2007 quarter, it was suspending its dividend and was facing a liquidity crisis.  Luminent's stock price immediately dropped 85% over the next two days, closing at $0.95 on August 8, 2007, the day the dividend was supposed to have been paid.

Beginning on August 8, 2007, six actions were filed in the United States District Court for the Northern District of California, which were consolidated into a single action by the Court.  On November 21, 2007, the Court appointed Allen Dayton, the Southern Improvement Company, and VSA, Inc. as the Lead Plaintiff, and approved Lead Plaintiff's choice of Lowey Dannenberg Cohen & Hart, P.C. as Plaintiff's Lead Counsel in this class action.

On February 15, 2008, Lead Plaintiff filed a Consolidated Class Action Complaint ("Complaint") on behalf of investors in Luminent common stock and put options from June 25, 2007 through August 6, 2007 against Luminent and the Individual Defendants.  The Complaint alleges violations of Section 10(b) of the Securities Exchange Act and Securities Exchange Commission Rule 10b-5 against all Defendants, and violations of Section 20(a) of the Securities Exchange Act against the Individual Defendants.  Please note that the Complaint asserts a shorter Class Period than the period in the Settlement Class Period, which is from February 9, 2007 through August 6, 2007.  The longer Settlement Class Period was negotiated with the Defendants.

The Complaint alleges that Defendants made misleading statements regarding Luminent's financial condition and performance, including specifically its liquidity, the quality of its mortgage-backed securities ("MBS") portfolio, and the safety of its dividend for the second quarter of 2007, payable August 8, 2007, which artificially inflated the market price of Luminent securities.  The Complaint alleges Defendants failed to disclose adverse facts, and alleges that the Company's financial condition was deteriorating such that Defendants' statements were materially misleading.  Among other things, the Complaint alleges that Defendants knowingly or recklessly failed to disclose margin calls on its MBS portfolio, a write-down of its portfolio and significant exposure to subprime debt that negatively impacted the Company's liquidity.  The Complaint asserts claims for violations of Section 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, against all Defendants.

On March 31, 2008, Defendants moved to dismiss the Complaint.  Lead Plaintiff filed their opposition to Defendants' motion to dismiss on June 5, 2008.  Lead Plaintiff and Luminent reached an agreement to settle the case before the Court decided the motion to dismiss.

| 3. | What is a class action? |
|---|---|

In a class action, the Lead Plaintiffs sue on behalf of numerous persons who have similar claims. The Lead Plaintiffs act as representatives of the class of similarly situated persons, and here they have negotiated a settlement for the benefit of the class.  All persons with similar claims constitute a Settlement Class, and each one is a Settlement Class member.  The Court will resolve the claims of all Settlement Class members, except for those who properly exclude themselves from the Settlement Class.

| 4. | Why is there a Settlement? |
|---|---|

Instead of litigating the Action through trial, Lead Plaintiff and the Defendants, after arm's length negotiations supervised by an experienced mediator, have agreed to a compromise of the claims for $8.0 million in cash to be paid by the insurance carriers for Luminent and its directors and officers ("D&O Policy").  Lead Plaintiff thus avoids the possibility that their Complaint would be dismissed, as well as the risks and costs of a trial and possible appeals.  Class members who lost money will get some compensation.

Moreover, Luminent's stock has nominal value, and Lead Plaintiff was concerned that Luminent may become insolvent, if it is not already.  As of March 31, 2008, the Company's liabilities exceeded its assets by more than $200 million, and Luminent may have been in default on its obligations to several creditors.  These circumstances could have resulted in a voluntary or involuntary bankruptcy filing by Luminent, which could delay and/or jeopardize the Class'' claim to the proceeds from the D&O Policy covering these claims.

Subsequent to reaching an agreement on the principal terms of the Settlement on September 5, 2008, Luminent and its wholly owned subsidiaries filed for relief under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.  The consolidated case is entitled *In re Luminent Capital Mortgage, Inc., Debtor*, Case No. 08-21389 (D. Md. Bankr.).  On December 2, 2008, the Bankruptcy Court issued an order authorizing Defendants' insurance carrier to fund the Settlement Fund and for the parties to take all other action reasonably necessary to effectuate the Settlement in the Northern District of California.

Lead Plaintiff and its counsel believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class.  At the time this Settlement was reached, Defendants had filed a separate motion to dismiss the Complaint.  Because of risks associated with continuing to litigate and proceeding to trial, it was possible that the Settlement Class would not have prevailed on any of its claims, in which case the Settlement Class would receive nothing. The amount of damages recoverable by the Settlement Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by the alleged wrongdoing.  The Settlement Class may not recover for stock losses caused by changes in global financial markets, or in this case, by the world-wide credit crisis.

Had the litigation gone to trial, Luminent would have asserted that all or most of the losses of

Settlement Class Members were caused not by fraud, but rather by market, industry or general economic factors – most notably, the seizing up of the credit markets in early August 2007, which Defendants claim caused the Company's stock to lose 85% of its value in the course of two days, and prevented Luminent (and numerous other mortgage companies) from obtaining the financing necessary to continue its mortgage investment business.  In fact, Luminent has argued that the absence of a causal connection between the alleged misstatements and the drop in value of Luminent stock requires complete dismissal of the case.  Luminent also has asserted that Lead Plaintiff had not and could not meet their stringent pleading requirements for alleging a fraud claim under the Private Securities Litigation Reform Act ("PSLRA"), and that the alleged misrepresentations were not actionable under the PSLRA's safe harbor provisions, which grant protection to forward-looking statements that are accompanied by meaningful risk disclosures.

Defendants deny the allegations of the Complaint and intend to reassert their motion to dismiss the Complaint if the Action does not settle.  In the event Lead Plaintiff's Complaint (or an amended complaint) is upheld by the Court, the Action would proceed to discovery, and potentially trial and appeal, the costs of which would be paid by Defendants' insurance coverage, which will reduce the amount available to pay a judgment in the event that Lead Plaintiff ultimately prevails.

Plaintiff's Lead Counsel has thoroughly investigated and litigated the case.  They also have the benefit of limited document discovery provided by Defendants in advance of the mediation.  Plaintiff's Counsel also retained experienced industry and financial experts to assist them in assessing the strengths and weaknesses of their claims and potential recoverable damages.  Based upon their extensive investigation, their consultation with experts and their evaluation of the claims of the Settlement Class Members against the Defendants and defenses that might be asserted, Plaintiff's Lead Counsel believe that the Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class.  The Settlement provides an immediate and certain recovery.  By settling, Lead Plaintiff and Defendants avoid the cost, uncertainty, and delay of continued litigation.

The parties engaged in extensive negotiations that led to the Settlement described in this Notice.  Plaintiff's Lead Counsel believe the Settlement is fair because they were not certain that the Settlement Class would win on any of the claims and even if they did win, they might not get any more money than the $8.0 million, plus interest, that Luminent's insurance carriers have agreed to pay to settle the lawsuit, for a number of reasons.  Luminent's lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants avoid the cost of continued litigation and risk of losing at trial.

# WHO IS INCLUDED IN THE SETTLEMENT

| **5.** | **How do I know if I am a Settlement Class Member?** |
|---|---|

For the purposes of settlement, everyone who fits the following description is a Settlement Class Member:

- All persons and entities who purchased or otherwise acquired publicly traded Luminent securities and call options for publicly traded Luminent securities or sold put options for publicly traded Luminent securities from February 9, 2007 through August 6, 2007 (the "Settlement Class Period").

- The Settlement Class excludes Defendants; all individuals who are officers and/or directors of Luminent; members of the immediate families and heirs, successors or assigns of the foregoing; and any firm, trust, corporation, or other entity in which any Defendant has a controlling interest. Also excluded from the Settlement Class are persons who request exclusion from the Settlement Class pursuant to the terms of the Stipulation of Settlement or order of the Court.

"Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their respective executors, administrators, representatives, agents, attorneys, heirs, successors, and/or assigns.

| **6.** | **Are there any exceptions to being included as a Settlement Class Member?** |
|---|---|

Yes.  As mentioned in the description above, you are **not** a Settlement Class Member if **any** of the following applies to you:

- You do not meet the definition of the Settlement Class above.
- You exclude yourself from the Settlement Class.
- You are a Defendant.
- You are an officer and/or director of Luminent.
- You are a member of the immediate family or an heir, successor or assign of the foregoing.
- You are a firm, trust, corporation, or other entity in which any Defendants have a controlling interest.

| **7.** | **I'm still not sure whether I'm included.** |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at **[insert contact information]** or you can fill out the claim form described in question 10, to see if you qualify.  You can also contact Plaintiff's Lead Counsel, Lowey Dannenberg Cohen & Hart, P.C., at One North Broadway, Suite 509, White Plains, New York 10601-2310, telephone: 914-997-0500; e-mail dharrison@lowey.com.

{2031 / NOT / 00093471.DOC v1}

# THE SETTLEMENT BENEFITS

| 8.        What does the Settlement provide? |
|---|

The Defendants, through their insurance carriers, paid $8.0 million into an escrow account that is earning interest for the benefit of the Settlement Class.  Defendants have also paid $100,000 for the costs of this notice to Class Members and for costs to administer the Settlement.  The balance of this fund, after payment of court-appointed attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund"), will be divided among all Settlement Class Members who submit valid claim forms.

| 9.        How much will my payment be? |
|---|

If you are entitled to a payment, you will receive a pro rata share of the Settlement Fund.  Your share of the Settlement Fund will depend on the number of valid and timely claim forms that Settlement Class Members send in, how many shares of Luminent stock or call options you bought or put options on Luminent shares you sold, and when you bought and sold these securities.  You should look at the Plan of Allocation section of this notice that appears on pages _____ to _____ below for a description of the calculations to be made in computing the "Recognized Loss" of the "Authorized Claimants," that is, those investors who submit valid and timely Proof of Claim and Release forms establishing that they are Settlement Class Members.

| 10.        How can I get a payment? |
|---|

To qualify for payment, you must timely send in a Proof of Claim and Release form that is received by the Claims Administrator.  A Proof of Claim and Release form is attached to this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **June 9, 2009**.   Unless the Court orders otherwise, if you do not timely submit a Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Final Judgment in the case.

| 11.        When will I receive my payment? |
|---|

The Court will hold a hearing on April 29, 2009, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a

9

year.  The Claims Administrator will also need time to process the submitted claims before any distribution can be made to Authorized Claimants.  The claim administration process is complicated and will take many months, even when there is no delay due to an appeal.  Please be patient.

---

**12.      What am I giving up to get a payment and stay in the Settlement Class?**

---

Unless you exclude yourself, you are a member of the Settlement Class.  That means that you will give up and release any claims you might have against Defendants relating to any of the claims brought by Lead Plaintiff in this Action, as described more fully below.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the Proof of Claim and Release form, you will agree to a "Release of Claims," attached to the Proof of Claim form, which describes exactly the legal claims that you give up if you stay in the Settlement Class.

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Released Persons.  The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged all Settlement Class Members and counsel to the Lead Plaintiff from all claims arising out of the prosecution and settlement of the Action or the Released Claims.

"Released Claims" means any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in the Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law) by or on behalf of Lead Plaintiff or any member of the Settlement Class, against the "Released Persons," whether or not any such Released Persons were named, served with process or appeared in the Action, arising out of, or relating in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, through and including the Effective Date of this Settlement, which have been or could have been alleged in the Action or which are embraced, involved, set forth in, referred to, or otherwise related in any way to the purchase, or purchase and sale, or other acquisition, of publicly traded Luminent securities or call options on publicly traded Luminent securities, or to the sale or other disposition of put options on publicly traded Luminent securities by the Lead Plaintiff or any Class Member during the Settlement Class Period; and any claims arising out of, relating to, or in connection with the settlement or resolution of this Action.  Nothing herein is intended to release the exclusively derivative claims asserted on behalf of Luminent in the pending derivative suit, *Brett v. Moore, et al.*, Case No. CGC-07-466824 (San Francisco).

"Released Persons" means each and all of the Defendants and each of their Related Parties.

"Related Parties" means each Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

"Unknown Claims" means any Released Claims which the releasing party does not know or suspect to exist in his, her or its favor at the time of the release of the released persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the released persons, or might have affected his, her or its decision not to object to or to seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff and any Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

---

| 13. | How does Luminent's bankruptcy affect the Settlement? |
|---|---|

The terms of the Settlement against Luminent and the Individual Defendants are governed by the Settlement Agreement.  The Settlement Agreement provides that in the event of a bankruptcy filing, the parties will seek approval of the Bankruptcy Court to fund the Settlement and to take any other actions reasonably necessary to effectuate the Settlement.  On September 5, 2008, Luminent and its subsidaries filed for bankruptcy protection in the United States Bankruptcy Court of the District of Maryland (Baltimore).  Pursuant to the Settlement Agreement, on October

3, 2008, Luminent filed a motion in the Bankruptcy Court to (1) lift the automatic stay to permit the parties to consummate the Settlement Agreement in this Court, and (2) approve the Settlement under the Bankruptcy Code as in the best interest of the debtor.  On December 2, 2008, the Bankruptcy Court approved the Luminent's application and authorized the parties to proceed with the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue the Defendants on your own about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself from – or opting out of – the Settlement Class.

You should not assume that you have any claim against any Defendant because you have received this Notice.  This Notice is not a representation or warranty that you do possess a valid or timely claim against any Defendant, or that you would prevail in any individual action on such claim.  Moreover, under Section 362 of the U.S. Bankruptcy Code, there is an automatic stay of all pending claims against Luminent in other courts, and new claims may be filed against Luminent only in the U.S. Bankruptcy Court, while the bankruptcy action remains pending.  If you have questions about whether you do have a valid and timely claim, and whether you would pursue such a claim individually in lieu of participating in the Settlement Class, you should consult an attorney about your particular circumstances.

| **14.** | **How do I exclude myself from the Settlement?** |
|---|---|

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be postmarked on or before April 9, 2009 and must: (a) include the name, address, and telephone number of the person(s) requesting exclusion; (b) include identification of each of the person's purchases and sales of publicly traded Luminent securities made during the Settlement Class Period, including the dates of purchase or sale, the number of shares or call options purchased and/or put options sold, and the price paid or received per security for each such purchase or sale; (c) provide proper evidence of the person's purchases and sales of Luminent securities during the Settlement Class Period; and (d) state that the person wishes to be excluded from the Settlement Class.  No request will be considered valid unless all of the information described above is included in the request.  The request must be addressed as follows:

> Luminent Securities Litigation
> c/o Complete Claim Solutions, LLC
> P. O. Box _____
> Palm Beach Gardens, FL  33416

You cannot exclude yourself by phone or by e-mail.

**If you ask to be excluded from the Settlement Class, you will not get any settlement payment.**  If you exclude yourself, you will not be legally bound by anything that happens in this Action.  You might be able to sue (or continue to sue) Luminent and the other Defendants in the future about the claims in this Action, but your claims may not be timely, valid, or you may not prevail.

| **15.** | **If I don't exclude myself, can I sue Defendants for the same things later?** |
|---|---|

No.  Unless you exclude yourself, you give up any right to sue any of the Defendants about the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Settlement Class to continue or file any lawsuit alleging the same claims as are alleged herein.  As a result of the automatic stay provisions under the U.S. Bankruptcy Code, any claims against Luminent may only be asserted in the U.S. Bankruptcy Court, while the bankruptcy action remains pending, unless the Bankruptcy Court orders otherwise.  Remember, the exclusion deadline is **April 19, 2009**.  *See also Question No. 12:* "What am I giving up to get a payment or stay in the Settlement Class?"

| **16.** | **If I exclude myself, can I get money from this Settlement?** |
|---|---|

**NO.**  If you exclude yourself, you will not be entitled to receive any money from the Settlement Fund.  If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.

# THE LAWYERS REPRESENTING YOU

| **17.** | **Do I have a lawyer in this case?** |
|---|---|

The Court appointed the law firm of Lowey Dannenberg Cohen & Hart, P.C. to represent you and the other Settlement Class Members.  This law firm is called Lead Counsel.  You will not be individually charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

You can send any questions to Lead Counsel at Lowey Dannenberg Cohen & Hart, P.C., One North Broadway, Suite 509, White Plains, NY 10601-2310 (telephone: 914-997-0500; e-mail: rcohen@lowey.com, bhart@lowey.com, or dharrison@lowey.com), or to the Claims Administrator at In re Luminent Securities Litigation, Complete Claim Solutions, LLC, P. O. Box _____, Palm Beach Gardens, FL  33416.

{2031 / NOT / 00093471.DOC v1}

| 18. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Fund and for reimbursement of their out-of-pocket expenses not to exceed $120,000 (collectively, an average of $.065 per share of common stock) incurred in prosecuting the case, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Settlement Class Members are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiff's Counsel have not been paid anything for their services for conducting this litigation on behalf of the Plaintiff and the Settlement Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Plaintiff's Counsel for their work in achieving the Settlement Fund and is within the range of fees often awarded to class counsel under similar circumstances in other cases of this type, given the substantial risks undertaken by counsel of no payment. The Court may, however, award less than this amount in its discretion.

# THE COURT'S SETTLEMENT FAIRNESS HEARING

| 19. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at 9:00 a.m. on April 29, 2009 before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court for the Northern District of California, Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing the Court will consider whether the Settlement, the Plan of Allocation, and the Application for Attorneys' Fees and Reimbursement of Expenses are fair, reasonable, and adequate. If there are objections, the Court will hear them. The Court will listen to people who have made a written request to speak at the hearing.

The Court may reschedule the Settlement Fairness Hearing at any time, so if you plan to attend or participate, you should check with the Clerk of the Court to know whether there have been any changes of the place, date and time for the hearing.

| 20. | Do I have to come to the Settlement Fairness Hearing? |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But you are welcome to come at your own expense, and the Court will give you the opportunity to be heard. If you decide to send an objection, the Court will consider it. You don't have to come to Court to talk about it. You may also pay your own lawyer to attend, but it's not necessary.

# OBJECTING TO THE SETTLEMENT

| 21 | How do I tell the Court that I do not like the Settlement? |
|---|---|

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement at the Settlement Fairness Hearing if you do not like any part of it.  In order for the Court to fairly consider your objection, Settlement Class Members must send a written statement no later than April 9, 2009, to the Court and counsel at the addresses listed below, saying that you object to the Settlement in *In re Luminent Mortgage Capital, Inc. Securities Litigation*, No. C 07-04073 (PJH).  The written objection may be by an informal letter or any other format. Class members do not need to hire an attorney in order to file any objections.  The objection should include (a) your name, address and telephone number, your signature(s), (b) the number of shares or call options purchased and/or put options sold from February 9, 2007 through August 6, 2007, (c) the reasons you object to the Settlement, (d) copies of any papers, briefs, or other documents upon which the objection is based, and also (e) advise the Court if you intend to appear at the Settlement Fairness Hearing, and if you will be represented by counsel, the names and address of your attorneys

Please send your objections to the Settlement to the following:

*Court:*

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

*Plaintiff's Lead Counsel:*

Richard W. Cohen
Barbara J. Hart
David C. Harrison
Lowey Dannenberg Cohen & Hart, P.C.
1 North Broadway, Suite 509
White Plains, NY  10601-2310
Tel.: 914-997-0500
dharrison@lowey.com

*Counsel for Defendants:*

Michael Rugen
Sidley Austin LLP
555 California Street
San Francisco, CA 94104
Tel.: 415-772-1200

| 22. | What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the Settlement, the Plan of Allocation, or the Application for Attorneys' Fees and Reimbursement of Expenses. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.

# IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |

If you do nothing, you'll get no money from this Settlement.  You **must file a Proof of Claim** and Release form to be eligible to receive anything from the Settlement.  Also, unless you exclude yourself, you will be bound by the judgment and will have released the Released Claims against the Released Persons.  This means you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants relating to the Released Claims.

# OBTAINING MORE INFORMATION

| 24. | Are there more details about the Settlement? |

This Notice summarizes the most important aspects of the proposed Settlement, but it is not a complete description of the Settlement.  You can get a copy of the Stipulation by writing to David C. Harrison, Esq., Lowey Dannenberg Cohen & Hart, P.C., 1 North Broadway, Suite 509, White Plains, NY 10601-2310, or e-mailing him at dharrison@lowey.com.

You can also call the Claims Administrator toll-free at **[insert number]**, or contact it by mail or through its website at the address listed below in item no. 25 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

You can also review a copy of the entire Settlement Agreement and other documents filed in the Action during normal business hours at the office of the Clerk of the Court, United States Courthouse, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 (refer to case No. 07-04073).

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE ABOUT THIS SETTLEMENT.**

{2031 / NOT / 00093471.DOC v1}

# SPECIAL NOTICE TO NOMINEES

| | |
|---|---|
| **25.** | **Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees** |

If you hold publicly traded Luminent securities or call options purchased or put options sold during the Settlement Class Period as nominee for a beneficial owner, the Court has directed that within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> Luminent Securities Litigation
> c/o Complete Claim Solutions, LLC
> P. O. Box _____
> Palm Beach Gardens, FL  33416
> Toll-Free Phone: 877-_____
> E-Mail: info@luminentsecuritiessettlement.com.

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

# UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION

Please note that the approval of the Settlement is separate from and not conditioned on the Court's approval of the Plan of Allocation.

The $8,000,000 Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Distribution Amount"), shall be distributed to Class Members (or the representative of such Class Members, including, without limitation, agents, administrators, executors, heirs, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) who submit a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe that are allowed by the Court ("Authorized Claimants").

The following proposed Plan of Allocation reflects the contention of the Settlement Class that because of misrepresentations and omissions about Luminent's financial condition and prospects, the prices of Luminent stock and options were inflated artificially during the Settlement Class Period (February 9, 2007 through August 6, 2007).  Lead Plaintiff further contends that the decrease in the prices of publicly traded Luminent securities resulted from disclosures of facts exposing Defendants' prior misstatements and omissions.

17

The Court has not made any finding that the Settling Defendants are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding as to the measure of damages.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Distribution Amount based upon each Authorized Claimant's "Recognized Claim" from transactions on publicly traded Luminent securities during the entire Class Period. **The Recognized Claim formulas set forth below are not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is the Recognized Claim an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.** The Recognized Claim formulas are the basis upon which the Distribution Amount will be proportionately allocated to the Authorized Claimants.

An Authorized Claimant's total "Recognized Claim" shall constitute the sum of such claimant's "Recognized Claims" for each of the classes of Luminent stock and options set forth below:

## I.   <u>Luminent Common Stock Purchases</u>

A.   For shares of common stock purchased between February 9, 2007 and August 3, 2007:

1.   For shares retained at the end of trading on November 2, 2007, the Recognized Loss shall be the lesser of:

a.   $5.21 per share; or

b.   the difference between the purchase price per share and $1.67.[1]

2.   For shares sold between February 9, 2007 and August 3, 2007, the Recognized Loss shall be zero.

3.   For shares sold on August 6, 2007, the Recognized Loss shall be the lesser of:

---

[1]   Pursuant to Sections 21(D)(e)(1) and 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, the award of damages to the plaintiff shall not exceed the difference between the purchase price paid by the plaintiff for the subject security and: (1) for plaintiffs who still held shares at the end of the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated, the mean trading price of that security during the 90 day period; or (2) for plaintiffs who sold shares during the 90-day period, the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sold the security.  $1.67 was the mean (average) daily closing trading price of Luminent common stock during the 88 day period beginning on August 7, 2007 and ending on November 2, 2007.

       a.       $1.95 per share; or

       b.       the difference between the purchase price per share and the sales price per share for each share sold.

4.       For shares sold between August 7, 2007 and November 2, 2007, the Recognized Loss shall be the lesser of:

       a.       $5.21 per share; or

       b.       the difference between the purchase price per share and the sales price per share for each share sold; or

       c.       the difference between the purchase price per share and the mean closing price between August 7, 2007 and the date of sale.

The Recognized Claim for shares purchased between February 9, 2007 and June 24, 2007 will be 20% of the Recognized Loss described in Section I(A) above.[2]

B.       For shares of common stock purchased on August 6, 2007:

1.       For shares retained at the end of trading on November 2, 2007, the Recognized Loss shall be the lesser of:

       a.       $3.26 per share; or

       b.       the difference between the purchase price per share and $1.67.

2.       For shares sold on August 6, 2007, the Recognized Loss shall be the lesser of:

       a.       $3.26 per share; or

       b.       the difference between the purchase price per share and the sales price per share for each share sold.

---

[2] Losses for Luminent shares purchased (and options transactions) during this period are discounted based upon the relative strength and weaknesses of these claims as compared to the claims of investors during the latter six weeks of the Settlement Class Period. Among other obstacles, these investors would have to overcome defendants' contention that claimants' statements made earlier in the Settlement Class Period were merely predictions that failed to come true. As such, investors would be charged with proving actual knowledge under the PSLRA. The fact that the Individual Defendants **purchased** a significant amount of Luminent stock during this period weighs heavily against a finding that they deliberately inflated Luminent's stock price during a period when they were investing their own money.

3.      For shares sold between August 7, 2007 and November 2, 2007, the Recognized Loss shall be the lesser of:

        a.      $3.26 per share; or

        b.      the difference between the purchase price per share and the sales price per share for each share sold; or

        c.      the difference between the purchase price per share and the mean closing price between August 7, 2007 and the date of sale.

## II.   Luminent Call Option Purchases

A.      The Recognized Claim for each call option contract on Luminent common stock purchased or otherwise acquired during the Class Period shall be fifty percent (50%)[3] of the lesser of (x) the Estimated Inflation per share[4] for all shares covered by the call option contract on the date the call option was purchased, less, if sold, the Estimated Inflation per share for all shares covered by the call option contract on the date the call option was sold, or (y) the difference between: (a) the amount paid per call option contract and: (b) the sale price received per option contract received when said call options were subsequently sold (if the option expired worthless while still owned by the Authorized Claimant, the sales price shall be deemed to be Zero ($0.00));

B.      Shares of Luminent common stock acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of Luminent common stock as set forth herein;

C.      No Recognized Claim shall be calculated based upon the sale or writing of any call option that was subsequently repurchased.

---

[3]      Losses from transactions in call options are discounted (i) because the purchase of a call option includes a time premium which is a wasting asset that the purchaser pays that will evaporate even if the stock price remains the same, and (ii) because the expected additional volatility of such derivative securities, makes it more difficult to prove that losses on such securities are causally related to the alleged wrongdoing, as opposed to non-actionable causes.

[4]      Estimated Inflation per share is shown in the following table:

| Date Range | Estimated Inflation per Share |
| --- | --- |
| February 9, 2007 - August 3, 2007 | $5.21 |
| August 6, 2007 | $3.26 |

20

The Recognized Claim for call options purchased between February 9, 2007 and June 24, 2007 will be 20% of the Recognized Loss described in Section II(A) above.

### III.    Luminent Put Option Sales

   A.    The Recognized Claim for each put option contract on Luminent common stock sold or written during the Class Period, shall be fifty percent (50%)[5] of the lesser of (x) the Estimated Inflation per share for all shares covered by the put option contract on the date the claimant sold or wrote the put contract, or (y) difference between: (a) the amount received per put option contract and (b) the purchase price paid per put option contract when said put options were subsequently repurchased at any time (including after the Class Period).  For put options sold or written during the Class Period that expired worthless and unexercised, the Authorized Claimant's Recognized Claim shall be Zero ($0.00);

   B.    For Luminent put options that were sold or written during the Class Period, that were "put" to the Authorized Claimant (*i.e.*, exercised) at any time, the Authorized Claimant's recognized Claim shall be calculated as a purchase of Luminent common stock as shown herein, and as if the sale of the put option were instead a purchase of Luminent common stock on the date of the sale or writing of the put option, and the "purchase price paid" shall be the strike price of the put option less the proceeds received from the sale of the put option;

   C.    No Recognized Claim shall be calculated based upon the sale of any put option that was previously purchased.

The Recognized Claim for put options sold between February 9, 2007 and June 24, 2007 will be 20% of the Recognized Loss described in Section III(A) above.

### IV.    Other Instructions and Guidelines Applicable to All Recognized Claims and Classes of Luminent Stock and Options

   For Class Members who held publicly traded Luminent securities before the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a Recognized Claim.  Under the FIFO method, for each Luminent security, each sale of that Luminent security during the Class Period will be matched, in chronological order, first against that Luminent Security held at the beginning of the Class Period.  Such holdings and sales will

---

   [5]    Losses from transactions in put options are discounted (i) because the sale of a put option includes a time premium which is a wasting asset that the purchaser pays that will evaporate even if the stock price remains the same, and (ii) because the expected additional volatility of such derivative securities, makes it more difficult to prove that losses on such securities are causally related to the alleged wrongdoing, as opposed to non-actionable causes.

be included in the calculation of Recognized Claim as described above.  For each security, the remaining sales of such security during the Class Period will then be matched, in chronological order, against purchases of such Luminent securities during the Class Period.

A purchase or sale of Luminent securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

The price per share or per option contract, paid or received, should exclude all commissions, taxes and fees.

The following restrictions on computing Recognized Losses apply to all claims:

- "Short sales" will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in Luminent common stock or options engaged in by market makers.

- In computing the Recognized Loss on any Luminent shares, no Recognized Loss will be computed for any option premium paid, or received where the shares of Luminent were purchased or sold by reason of having exercised or been assigned an option.

The receipt or grant by gift, devise or operation of law of Luminent securities during the Class Period shall not be deemed a purchase, acquisition, disposition or sale of Luminent securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment.

Each Authorized Claimant shall be allocated a *pro rata* share of the Distribution Amount based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants.  Each Authorized Claimant shall be paid an amount determined by multiplying the Distribution Amount by a fraction the numerator of which shall be his, her or its "Recognized Claim" and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

The total recovery payable to Authorized Claimants from transactions in call or put options shall not exceed ten percent (10%) of the Distribution Amount.

Class Members who do not file acceptable Proofs of Claim will not share in the Distribution Amount.  Class Members who do not submit an acceptable Proof of Claim will nevertheless be bound by the Luminent Settlement and Final Judgment of the court dismissing this Action.

Bank drafts will be distributed to Authorized Claimants after the Effective Date of the

22

Settlement and after all claims have been processed.  To the extent that any monies remain in the Cash Settlement Accounts after the Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after the Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Cash Settlement Accounts one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Cash Settlement Accounts for such re-distribution.  If six months after such redistribution, funds remain in the Cash Settlement Accounts, then such funds shall be further redistributed to Authorized Claimants who have cashed their most recent redistribution and who would receive at least $10.00 from such further redistribution, after payment of any unpaid costs or fees incurred in administering the Cash Settlement Accounts for such re-distribution.  The redistributions shall continue until it becomes economically unfeasible to continue re-distributions based upon the costs associated with such redistributions, after which such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) to be designated by Co-Lead Counsel with the consent of the Court.

No Authorized Claimant will have any claim against Lead Plaintiff, Plaintiff's Lead Counsel or the Claims Administrator, or any other agent designated by Plaintiff's Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court.

No distributions or redistributions shall be made to any Authorized Claimant who would receive $10.00 or less based on the initial allocation of the Distribution Amount.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Date:   January 20, 2009               THE HONORABLE PHYLLIS J. HAMILTON
                                       Judge, United States District Court for
                                         the Northern District of California

# EXHIBIT A-2

Joseph J. Tabacco, Jr. (SBN 75484)
E-mail: jtabacco@bermanesq.com
Nicole Lavallee (SBN 165755)
E-mail: nlavallee@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Local Counsel*

Richard W. Cohen (admitted *pro hac vice*)
E-mail: rcohen@lowey.com
Barbara J. Hart (admitted *pro hac vice*)
E-mail: bhart@lowey.com
David C. Harrison (admitted *pro hac vice*)
E-mail: dharrison@lowey.com
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway, Suite 509
White Plains, New York 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

*Lead Counsel for Plaintiff*
*and the Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | C 07-04073 PJH<br><br><u>CLASS ACTION</u><br><br>**PROOF OF CLAIM AND RELEASE**<br><br>**EXHIBIT A-2** |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Settlement Class based on your claims in the action

entitled *In re Luminent Mortgage Capital, Inc. Securities Litigation*, Master Case No. C 07-04073

PJH (the "Action"), you must complete and, on page _____ hereof, sign this Proof of Claim and

Release.  If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof

of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS:**

> *Luminent Mortgage Capital, Inc. Securities Litigation*
> Complete Claim Solutions, LLC
> c/o _____
> P.O. Box _____
> [CITY, STATE, ZIP]

If you are NOT a Member of the Settlement Class (as defined in the "Notice of Class Action Certification, Proposed Settlement, Motion for Attorneys' Fees and Expenses and hearing Thereon") DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Settlement Class, and you do not timely and validly request exclusion, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.      DEFINITIONS

Terms as defined in the Notice of Class Action Certification, Proposed Settlement, Motion for Attorneys' Fees and Expenses and hearing Thereon shall also apply herein.

## III.      CLAIMANT IDENTIFICATION

1.      If you purchased Luminent Mortgage Capital, Inc. ("Luminent") publicly traded securities or call options on publicly traded Luminent securities, or sold put options on publicly traded Luminent securities, and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser

2

of record ("nominee"), if different from the beneficial purchaser of publicly traded Luminent securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE PUBLICLY TRADED LUMINENT SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in Luminent Securities" to supply all required details of your transaction(s) in publicly traded Luminent securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of publicly traded Luminent securities, call options on publicly traded Luminent securities, and put options on publicly traded Luminent securities which took place at any time from February 9, 2007 through August 6, 2007, inclusive (the "Settlement Class Period").  Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.    The date of covering a "short sale" is deemed to be the date of purchase of publicly traded Luminent securities.  The date of a "short sale" is deemed to be the date of sale of publicly traded Luminent securities.

{2031 / MISC / 00091104.DOC v1}

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

5.      Broker confirmations or other documentation of your transactions in publicly traded Luminent securities must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  Certain Claimants with a large number of transactions, such as institutional holders, may ask (or be asked) to submit claim information in an electronic format.  The Claims Administrator will decide when electronic filing of information will be authorized.  In these cases, all Claimants *must* still submit a manually signed paper Proof of Claim form.  The Proof of Claim form must list all the data and transactions, whether or not they are also submitted electronically.  Only electronic files authorized by the Claims Administrator will be considered properly submitted.  The Claims Administrator will issue a written acknowledgement of receipt and acceptance of electronically submitted data to the Claimant.

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Luminent Mortgage Capital, Inc. Securities Litigation*
Master File No. C-06-4073 PJH

PROOF OF CLAIM AND RELEASE

Must be Postmarked on or Before:
_____, 2008

Please Type or Print

**PART I:      CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Street Address

City

State or Province

Zip Code or Postal Code

Country

Social Security Number or
Taxpayer Identification Number

☐ Individual
  Corporation/Other

Area Code

Telephone Number (work)

Area Code

Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

{2031 / MISC / 00091104.DOC v1}

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

1

**PART II:   SCHEDULE OF TRANSACTIONS IN LUMINENT COMMON STOCK**

2

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

3

4

**A.  BEGINNING HOLDINGS:** At the close of business on **February 8, 2007**, I owned _____ shares of Luminent common stock.

5

6

**B.  PURCHASES:** Below please list (in chronological order) all <u>purchases</u> of Luminent common stock (not acquisitions) made between **February 9, 2007** and **August 6, 2007**, inclusive.

7

8

| Date(s) of Purchase (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price per Share of Common Stock | Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|
| /    / | | . | . |
| /    / | | . | . |
| /    / | | . | . |
| /    / | | . | . |
| /    / | | . | . |
| /    / | | . | . |
| /    / | | . | . |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{2031 / MISC / 00091104.DOC v1}

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

C. **SALES:** Below please list (in chronological order) all sales of Luminent common stock made between **February 9, 2007** and **August 6, 2007**, inclusive.

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

| Date(s) of Sales (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |

D. **ENDING HOLDINGS:** At the close of business on **August 6, 2007**, I owned _____ shares of Luminent common stock.

7

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

{2031 / MISC / 00091104.DOC v1}

**PART III:     TRANSACTIONS IN CALL OPTIONS ON LUMINENT COMMON STOCK**

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

**1.   BEGINNING POSITION.** At the close of business on **February 8, 2007** I owned the following call options on Luminent common stock (must be documented):

| Date of Purchase (List Chronologically) (Month/Day/Year) | No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Purchase Price per Contract | Amount Paid (net of commissions, fees, and taxes) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |

**2.   PURCHASES:** I made the following purchases of call options on Luminent common stock between **February 9, 2007** and **August 6, 2007,** inclusive (must be documented):

| Date of Purchase (List Chronologically) (Month/Day/Year) | No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Purchase Price per Contract | Amount Paid (net of commissions, fees, and taxes) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |
| / / | | | . | . | | / / |

**3.   SALES:** I made the following sales of the above call options on Luminent common stock which call options were purchased before **August 7, 2007 (include all such sales no matter when they occurred)** (must be documented):

| Date of Sale (List Chronologically) (Month/Day/Year) | No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Sale Price per Contract | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|---|
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |

8

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

{2031 / MISC / 00091104.DOC v1}

**PART IV:**    **TRANSACTIONS IN PUT OPTIONS ON LUMINENT COMMON STOCK**

YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

**4.   BEGINNING POSITION.** At the close of business on **February 8, 2007** I was obligated on the following put options on Luminent common stock (must be documented):

| No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Sale Price per Contract | Amount Received (net of commissions, fees, and taxes) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|
| | | . | . | | / / |
| | | . | . | | / / |
| | | . | . | | / / |
| | | . | . | | / / |

**5.   SALES (WRITING) OF PUT OPTIONS:** I wrote (sold) put options on Luminent common stock between **February 9, 2007** and **August 6, 2007**, inclusive (must be documented):

| No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Sale Price per Contract | Amount Received (net of commissions, fees, and taxes) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|
| | | . | . | | / / |
| | | . | . | | / / |
| | | . | . | | / / |
| | | . | . | | / / |

**6.   COVERING TRANSACTIONS (REPURCHASES):** I made the following repurchases of the above put options on Luminent common stock that I wrote (sold) before **August 6, 2007 (include all repurchases no matter when they occurred)** (must be documented):

| Date of Purchase (List Chronologically) (Month/Day/Year) | No. of Contracts | Expiration Month and Year and Strike Price of Options (e.g., May 2007 / $10) | Sale Price per Contract | Aggregate Cost (net of commissions, taxes, and fees) |
|---|---|---|---|---|
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

1    **V.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

2              I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement

3    described in the Notice.  I also submit to the jurisdiction of the United States District Court for the

4    Northern District of California, with respect to my claim as a Settlement Class Member and for

5    purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and

6    subject to the terms of any Judgment that may be entered in the Action.  I agree to furnish

7    additional information such as transactions in all publicly traded Luminent securities (including

8    common stock and options) to the Claims Administrator to support this claim if required to do so.

9    I have not submitted any other claim covering the same purchases or sales of publicly traded

10   Luminent securities during the Settlement Class Period and know of no other Person having done

11   so on my behalf.

12   **VI.     RELEASE**

13            1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully,

14   finally and forever settle, release and discharge from the Released Claims each and all of the

15   Released Persons and each and all of their "Related Parties," defined as each of a Defendant's

16   past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers,

17   controlling shareholders, attorneys, accountants or auditors, personal or legal representatives,

18   predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs,

19   related or affiliated entities, any entity in which a Defendant has a controlling interest, any

20   member of any Individual Defendant's immediate family, or any trust of which any Individual

21   Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

22            2.      "Settled Class Claims" or "Released Claims" means any and all claims, demands,

23   rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees,

24   expenses, costs, matters and issues of any kind or nature whatsoever, whether known or

25   unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or

26   concealed, matured or unmatured, that have been, could have been, or in the future can or might

27   be asserted in the Action or in any court, tribunal or proceeding (including, but not limited to, any

28   claims arising under federal or state statutory or common law relating to alleged fraud, breach of

10

{2031 / MISC / 00091104.DOC v1}                                      PROOF OF CLAIM AND RELEASE
                                                                                (07-4073 PJH)

1    any duty, negligence, violations of the federal securities laws or otherwise) by or on behalf of

2    Lead Plaintiff or any member of the Settlement Class, against the "Released Persons", whether or

3    not any such Released Persons were named, served with process or appeared in the Action,

4    arising out of, or relating in any manner to the allegations, facts, events, acquisitions, matters,

5    acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter,

6    thing or cause whatsoever, or any series thereof, through and including the Effective Date of this

7    settlement, which have been or could have been alleged in the Action or which are embraced,

8    involved, set forth in, referred to, or otherwise related in any way to the purchase, or purchase and

9    sale, or other acquisition, of holdings of publicly traded Luminent securities or put options by the

10   Lead Plaintiff or any Class Member during the Settlement Class Period; and any claims arising

11   out of, relating to, or in connection with the settlement or resolution of this Action.  Nothing

12   herein is intended to release the exclusively derivative claims asserted on behalf of Luminent in

13   the pending derivative suit, *Brett v. Moore, et al.*, Case No. CGC-07-466824 (San Francisco).

14          3.     "Unknown Claims" means any Released Claims which any Lead Plaintiff or

15   Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of

16   the release of the Released Persons which, if known by him, her or it, might have affected his, her

17   or its settlement with and release of the Released Persons, or might have affected his, her or its

18   decision not to object to this settlement or not to seek exclusion from this settlement.  With

19   respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the

20   Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall

21   be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions,

22   rights and benefits of California Civil Code § 1542, which provides:

23          **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
             WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
24          TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
             EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
25          OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
             HER SETTLEMENT WITH THE DEBTOR.**

26

27          The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be

28   deemed to have, and by operation of the Judgment shall have, expressly waived any and all

11

1  provisions, rights and benefits conferred by any law of any state or territory of the United States,

2  or principle of common law, which is similar, comparable or equivalent to California Civil Code

3  § 1542.  The Lead Plaintiff and Settlement Class Members may hereafter discover facts in

4  addition to or different from those which he, she or it now knows or believes to be true with

5  respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and

6  each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by

7  operation of the Judgment shall have, fully, finally, and forever settled and released any and all

8  Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

9  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory

10  of law or equity now existing or coming into existence in the future, including, but not limited to,

11  conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or

12  rule, without regard to the subsequent discovery or existence of such different or additional facts.

13  The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by

14  operation of the Judgment to have acknowledged, that the foregoing waiver was separately

15  bargained for and a key element of the settlement of which this release is a part.

16      4.      This release shall only be in force when the Court approves the Stipulation of

17  Settlement and the Stipulation becomes effective on the Effective Date (as defined in the

18  Stipulation).

19      5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

20  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

21  release or any other part or portion thereof.

22      6.      I (We) hereby warrant and represent that I (we) have included information about

23  all of my (our) transactions in publicly traded Luminent securities which occurred during the

24  Settlement Class Period as well as the number of shares of Luminent common stock, call options,

25  or put options held by me (us) at the close of trading on August 6, 2007.

26

27

28

{2031 / MISC / 00091104.DOC v1}

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor
☐ Corporation          ☐ Partnership          ☐ Pension Plan
☐ IRA                  ☐ Other                  Trust

Enter TIN on appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must enter your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

___ ___ ___ - ___ ___ - ___ ___ ___ ___      or      ___ ___ - ___ ___ ___ ___ ___ ___
Social Security Number                                   Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line:_____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number shown on this form is my correct TIN; and

2.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

13

{2031 / MISC / 00091104.DOC v1}

PROOF OF CLAIM AND RELEASE
(07-4073 PJH)

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ (Month / Year)

in _____ (City), _____ (State / Country).


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.    Please sign the above release and declaration.

    2.    Remember to attach supporting documentation.

    3.    Do not send original or copies of stock certificates.

    4.    Keep a copy of your claim form for your records.

    5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

    6.    If you move, please send us your new address.

14

# EXHIBIT A-3

1   Joseph J. Tabacco, Jr. (SBN 75484)
    E-mail: jtabacco@bermanesq.com
2   Nicole Lavallee (SBN 165755)
    E-mail: nlavallee@bermanesq.com
3   **BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
    425 California Street, Suite 2100
4   San Francisco, California 94104
    Telephone: (415) 433-3200
5   Facsimile: (415) 433-6382

6   *Local Counsel*

7   Richard W. Cohen (admitted *pro hac vice*)
    E-mail: rcohen@lowey.com
8   Barbara J. Hart (admitted *pro hac vice*)
    E-mail: bhart@lowey.com
9   David C. Harrison (admitted *pro hac vice*)
    E-mail: dharrison@lowey.com
10   **LOWEY DANNENBERG COHEN & HART, P.C.**
    One North Broadway, Suite 509
11   White Plains, New York 10601-2310
    Telephone: (914) 997-0500
12   Facsimile: (914) 997-0035

13   *Lead Counsel for Plaintiff*
    *and the Putative Class*

14

15               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
16

17

18   IN RE LUMINENT MORTGAGE CAPITAL,      C 07-04073 PJH
    INC. SECURITIES LITIGATION
19                            <u>CLASS ACTION</u>

20   This Document Relates To:           **SUMMARY NOTICE**

21   ALL ACTIONS                  **EXHIBIT A-3**

22

23

24   TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED PUBLICLY TRADED
25         SECURITIES OF LUMINENT MORTGAGE CAPITAL, INC. ("LUMINENT")OR
          CALL OPTIONS FOR PUBLICLY TRADED LUMINENT SECURITIES, AND ALL
26         PERSONS WHO SOLD OR DISPOSED OF PUT OPTIONS FOR PUBLICLY
          TRADED LUMINENT SECURITIES DURING THE PERIOD FEBRUARY 9, 2007
27         THROUGH AUGUST 6, 2007

28

1        YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

2   for the Northern District of California, that a hearing will be held on_____, 2009,

3   at_____ __.m., before the Honorable Phyllis J. Hamilton at the United States Courthouse, 450

4   Golden Gate Avenue, San Francisco, California, for the purpose of determining (1) whether the

5   proposed settlement of the claims in the above-referenced litigation (the "Action") for the

6   principal amount of $8,000,000, plus accrued interest, should be approved by the Court as fair,

7   reasonable and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice

8   should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of

9   Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the

10  application of Plaintiff's Lead Counsel for the payment of attorneys' fees and reimbursement of

11  expenses and the Lead Plaintiff's expenses incurred in connection with this Action should be

12  approved.

13       If you purchased or acquired Luminent publicly traded securities or call options on

14  publicly traded Luminent securities or sold or disposed of put options on publicly traded

15  Luminent securities during the period February 9, 2007 through August 6, 2007, your rights may

16  be affected by the settlement of this Action.  If you have not received a detailed Notice of Class

17  Action Certification, Proposed Settlement, Motion for Attorneys' Fees and Expenses and Hearing

18  Thereon ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by

19  writing to *Luminent Mortgage Capital, Inc. Securities Litigation*, c/o _____, P.O. Box

20  _____, [CITY/STATE/ZIPCODE/ toll free number], or on the internet at

21  www._____.com.  If you are a Settlement Class Member, in order to share in the

22  distribution of the Settlement Fund, you must submit a Proof of Claim and Release postmarked

23  no later than _____, 2009, establishing that you are entitled to recovery.

24       If you desire to be excluded from the Settlement Class, you must submit a Request for

25  Exclusion to be received by _____, 2008, in the manner and form explained in

26  the detailed Notice referred to above.  All Members of the Settlement Class who have not timely

27  and validly requested exclusion from the Settlement Class will be bound by any Judgment entered

28  in the Action pursuant to the Stipulation of Settlement.

{2031 / NOT / 00091108.DOC v1}

2

SUMMARY NOTICE
(07-4073 PJH)

1    Any objection to the settlement must be received by the following no later than

2    _____, 2009:

3

4    Clerk of the Court
     United State District Court
5    Northern District of California
     450 Golden Gate Avenue
6    San Francisco, CA 94102

7    *Lead Counsel for Plaintiff*:

8    Lowey Dannenberg Cohen & Hart, P.C.
     Richard W. Cohen
9    Barbara J. Hart
     David C. Harrison
10   One North Broadway, Suite 509
     White Plains, NY 10601-2310
11   Tel.: 914-997-0500
     dharrison@lowey.com
12

13   *Counsel for Luminent*:

14   Sidley Austin LLP
     Michael Rugen
15   555 California Street
     San Francisco, CA 94104
16   mrugen@sidley.com

17

18   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

19   **REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may

20   contact the Claims Administrator or Plaintiff's Lead Counsel at the addresses listed.

21

22

23

24   Dated: _____, 2008         BY ORDER OF THE COURT
                                               UNITED STATES DISTRICT COURT
25                                             NORTHERN DISTRICT OF CALIFORNIA

26

27

28