Joseph J. Tabacco, Jr. (SBN 75484)
E-mail: jtabacco@bermanesq.com
Nicole Lavallee (SBN 165755)
E-mail: nlavallee@bermanesq.com
BERMAN DeVALERIO
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Local Counsel*

Richard W. Cohen (admitted *pro hac vice*)
E-mail: rcohen@lowey.com
Barbara J. Hart (admitted *pro hac vice*)
E-mail: bhart@lowey.com
David C. Harrison (admitted *pro hac vice*)
E-mail: dharrison@lowey.com
LOWEY DANNENBERG COHEN & HART, P.C.
One North Broadway, Suite 509
White Plains, New York 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

*Lead Counsel for Plaintiff
and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINENT MORTGAGE CAPITAL, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | C 07-04073 PJH<br><br><u>CLASS ACTION</u><br><br>[**PROPOSED**] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |

THIS MATTER having come before the Court on April 29, 2009 on the motion of Lead Plaintiff, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, for an award of attorneys' fees and reimbursement of expenses incurred, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair,

reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. A recovery of $8,000,000, representing approximately 17% of Lead Counsel's estimate of recoverable damages, is an excellent result considering the substantial risks of this litigation, both on the merits and law, and in light of Luminent's bankruptcy, thereby supporting a fee award of 25%.

2. The risk that further litigation might result in the Class recovering nothing, particularly in a case involving complicated legal issues, supports a fee award of 25%.

3. The successful prosecution of the complex claims in this case required the participation of highly skilled and specialized attorneys supporting a fee award of 25%.

4. The contingent nature of the fee award whereby Lead Counsel received no compensation during the course of this Litigation, and risked non-payment of out-of-pocket expenses, spending nearly 3,500 hours litigating this case and advancing $105,302.15 in expenses to prosecute this case supports a fee award of 25%.

5. Fee awards in similar cases support a fee award of the 25% benchmark. *E.g., Rosenburg v. IBM*, C06-00430 (N.D. Cal. July 12, 2007); *In re OmniVision Tech. Sec. Litig.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007).

6. Examining the lodestar of Lead Counsel and the attorneys from other law firms that worked under Lead Counsel's direction shows a fee award of 25% will allow Lead Counsel to recover its lodestar without any multiplier, thereby supporting a fee award of 25%.

7. The categories of expenses for which Lead Counsel seeks reimbursement are the type of expenses routinely charged to hourly paying clients, and therefore are appropriate for reimbursement.

8. There have been no objections made to the amount of attorneys' fees requested or reimbursement of expenses, and the deadline for submitting objections expired on April 9, 2009. The reaction of the Class therefore supports a fee award of 25% and reimbursement of $105,302.15 in expenses.

9. The Court hereby awards Lead Plaintiff's Counsel attorneys' fees in the amount

1  twenty-five percent (25%) of the Settlement Fund, together with interest earned thereon for the
2  same period and at the same rate as that earned on the Settlement Fund until paid, plus
3  reimbursement of litigation expenses incurred in the amount of $105,302.15 for reasonable costs
4  and expenses incurred in the representation of the Class.  The Court finds that the amount of fees
5  awarded is fair and reasonable under the "percentage-of-the-recovery" method and that the costs
6  and expenses were reasonably incurred in connection with the pursuit of this litigation and were
7  reasonable in amount.

8      10.    The awarded attorneys' fees and expenses and interest earned thereon may be paid
9  immediately after the date this Order is entered, subject to the terms, conditions and obligations of
10  the Stipulation of Settlement.

11      11.    There is no reason for delay in the entry of this Order Awarding Attorneys' Fees
12  and Expenses and immediate entry by the Clerk of the Court is expressly directed pursuant to
13  Rule 54(b) of the Federal Rules of Civil Procedure.

14      IT IS SO ORDERED.

16  Dated: __April 29_____, 2009



17  THE HONORABLE PHYLLIS J. HAMILTON
    UNITED STATES DISTRICT JUDGE